*The Bayview defendants' response shall be filed via ECF by 5:00 pm. on February 10, 2011. A telephone conference initiated by plaintiffs' counsel will be held on February 11, 2011, at 2:00 p.m.*

**SO ORDERED**
/s/
Roanne L. Mann
U.S. Magistrate Judge
Dated: 2/9/11

South Brooklyn Legal Services

Legal Services NYC

**VIA ECF**

February 7, 2011

Hon. Roanne L. Mann
United States Magistrate Judge
United States Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Sandra Barkley v. United Homes, LLC, et al.*, CV-04-0875 (KAM)(RLM)
      *Mary Lodge v. United Homes, LLC, et al.*, CV-05-0187 (KAM)(RLM)
      *R. & S. Gibbons v. United Homes, LLC, et al.*, CV-05-5302 (KAM)(RLM)
      *Dewitt Mathis v. United Homes, LLC, et al.*, CV-05-4386 (KAM)(RLM)
      *Miles and Lisa McDale v. United Homes, LLC, et al.*, CV-05-5362 (KAM)(RLM)
      *Charlene Washington v. United Homes, LLC, et al.*, CV-05-5679 (KAM)(RLM)

Dear Magistrate Judge Mann:

This office, along with AARP Foundation Litigation and Cowan Liebowitz & Latman, P.C., represents the plaintiffs in the above-referenced consolidated actions. On January 20, 2011, following a telephone conference concerning discovery issues, Your Honor ordered the Bayview defendants[1] to produce by January 28, 2011, "proof of current ownership of [plaintiff Mary] Lodge's first note and mortgage, as well as chain of title back to 2006; and notes, valuations and other documents created by Odyxa Bermudez in connection with Bayview's purchases of mortgages from Olympia." Pursuant to the January 20 Order, we submit this letter to report on the status of document production by counsel for the Bayview defendants.

We received a number of documents responsive to this Order on January 28, 2011, including several pages of "screen shots" of property valuations and notes apparently created by Ms. Bermudez (the "Bermudez documents"), and trust documents that reflect that Ms. Lodge's mortgage and note were serially securitized into three different trusts (the most recent having closed in September 2007) (the "securitization documents").

---

[1] Because it appears that Wachovia no longer has any interest in the Lodge note and mortgage, as explained herein, we refer collectively to the holder and servicer of the Lodge note and mortgage as the "Bayview defendants," rather than the "Wachovia defendants."

**South Brooklyn Legal Services**
105 Court Street, 3rd Floor   Brooklyn, NY 11201
Phone: 718-237-5500   Fax: 718-855-0733   www.sbls.org
**John C. Gray**, Project Director

**Towards justice and dignity for all – Por la Justicia y Dignidad de Todos**

LSC

Hon. Roanne L. Mann
February 7, 2011
Page 2

**Bermudez Documents**

We immediately realized that the Bermudez documents constituted a belated and incomplete response to document requests and subpoenas that were served on the Bayview defendants in 2006 in connection with the Lodge and Gibbons actions, respectively. The Bayview defendants never produced any documents resembling the Bermudez documents in form or content in response to our requests for "[a]ppraisals, appraisal reviews, and any automated valuation documentation and quality control reviews of the subject mortgage loans and of any collateral for loans originated Olympia Mortgage and purchased or serviced by Bayview Loan Servicing." The January 28 production evidently did not encompass all documents responsive to this request, because the documents address only 20 of the 32 mortgages Bayview purchased from Olympia; notably, no notes were produced for the Lodge or Gibbons loans. Because other discovery documents show that Bayview had BPOs on the Lodge and Gibbons properties that indicated they were overvalued by $60,000 and $34,000 respectively, and that Bayview had revalued the two properties before determining whether to purchase the mortgages and the price it would pay for them, it is inconceivable that no documents exist reflecting or discussing Bayview's revaluation of these plaintiffs' properties.

When we requested that the Bayview defendants produce additional notes and valuation records relating to loans originated by Olympia and purchased or serviced by Bayview, whether created by Ms. Bermudez or another Bayview employee, counsel for the Bayview defendants did not deny that such responsive documents exist. He nonetheless refused our request outright on the ground that Your Honor's Order had encompassed only documents created by Ms. Bermudez and that these valuation documents only recently had "come to light." Our overtures to meet and confer further following this refusal have been met with silence from counsel for the Bayview defendants.

That counsel for the Bayview defendants evidently seeks to rationalize its past and continued failure to produce responsive documents by saying that the existence of the documents had only lately "come to light" is breathtaking in its cynicism. The Bayview defendants have had possession, custody and control of these documents since before this litigation began, and can be presumed to have been aware of their existence. They were obliged under the Federal Rules to produce the documents in discovery. Nonetheless, their counsel has repeatedly represented to us, most recently January 14, that no such documents exist—going so far as to offer us a certification to that effect—until the production of the Bermudez documents showed that these representations were false. Their omission—whether deliberate or due to a less-than-thorough search—was both improper and highly prejudicial to Ms. Lodge. Had the documents been produced, Ms. Lodge's counsel could have used them in depositions, and the plaintiffs' experts could have used them in forming their opinions. Even if the Bayview defendants ultimately produce these documents, Ms. Lodge's ability to prosecute her case has been irreparably compromised. Their ongoing refusal to correct their omission is inexcusable.

**Securitization Documents**

Since receiving the production of securitization documents on January 28, we have followed up with counsel for the Bayview defendants seeking additional documentation regarding the securitization of Ms. Lodge's loan that we believe are encompassed by the January 20 Order. Some of these additional documents—servicing agreements for two of the trusts, and column headings for previously produced loan schedules—were subsequently produced. We

Hon. Roanne L. Mann
February 7, 2011
Page 3

have not yet had any response to our request for information or documentation explaining or correcting an apparent gap in the chain of title between Bayview Loan Servicing LLC and Bayview Financial LP arising during one transfer in the end of 2006. The securitization documents we have received to date reveal that the Lodge mortgage has passed through more than a dozen hands, and that since the commencement of the litigation, it has been held by various Bayview Financial entities, then by Wachovia, then by U.S. Bank, N.A., then again by various Bayview Financial entities, then once again by U.S. Bank, N.A., as trustee for the most recent Bayview trust that closed in 2007. (*See* Appendix A.)

The securitization documents show that the Bayview defendants failed to meet their discovery obligations when they neglected to disclose to Ms. Lodge during the course of the litigation the series of transfers of her mortgage and note from one trust to another and then another. The Bayview defendants had an ongoing duty under Rule 26(e) of the Federal Rules of Civil Procedure to supplement and correct their initial disclosures and discovery responses—specifically, their statement of people with knowledge of facts relevant to the action. Not only did the Bayview defendants fail to correct and update information on the ownership of Ms. Lodge's loan; they affirmatively provided misinformation about it both in depositions, in declarations submitted in support of their motion for summary judgment, and in response to our repeated requests for information as to current ownership. Most notably, the Bayview defendants have stated under oath that the loan is in a trust for which U.S. Bank is trustee as successor to Wachovia. (*See* Appendix B.) The securitization documents show that while U.S. Bank was successor to Wachovia in the 2003 securitization, U.S. Bank is the trustee in its own right—not as successor—of the 2007 trust in which Ms. Lodge's loan is now held. (*See* Appendix A.) This is no mere technicality. The Bayview defendants' misrepresentations affirmatively concealed the multiple transfers of the Lodge loan since 2003, thereby misleading the Court and Ms. Lodge as to who the proper parties to the action are, and hiding serious weaknesses in the Bayview defendants' holder in due course defense.

The relevance of the information that the Bayview defendants withheld from Ms. Lodge is undeniable. Ms. Lodge sued the Bayview defendants as Rule 19 parties, seeking to hold the assignees of her mortgage and note liable for the harms done to her by Olympia. If the parties she has sued are not the assignees of her mortgage and note, she may not be able to collect on a judgment even if she prevails on her claims. What is more, the transfers of the mortgage and note are material to the holder in due course defense that the Bayview defendants have maintained in this litigation. Whether the Bayview defendants' failure to produce these documents and to identify the true holder of the Lodge mortgage has been intentional or simply (if grossly) negligent, their holder in due course defense would have been far easier to establish had the securitizations ended with the original transfer to Wachovia, as trustee for the original Bayview trust, in 2003. The multiple transfers of the mortgage and note revealed by the newly produced securitization documents severely—and likely fatally—undermine the Bayview defendants' ability to establish this defense or to rely on the so-called "shelter rule" codified in N.Y. U.C.C. § 3-201. While this rule permits a transferee of a note to "take shelter" in the holder in due course status of the transferor, a party who has purchased a note with knowledge of claims or defenses to its enforcement may not benefit from such "shelter" by selling the note to one or more holders and then repurchasing it. *See* Comment 3 to N.Y. U.C.C. § 3-201. Ms. Lodge was entitled to receive this material information in a timely fashion, and was prejudiced by being deprived of it until the eve of trial.

Hon. Roanne L. Mann
February 7, 2011
Page 4

**Introduction of Proposed New Witness**
    In discussions concerning production of the securitization documents, counsel for the Bayview defendants notified us that he sought to amend the Joint Pretrial Order to add a new witness: Thomas Carr, Assistant General Counsel and Vice President of Bayview, who would testify regarding the resecuritization of Ms. Lodge's loan. Counsel requested our consent to this amendment, which we declined to give. Mr. Carr has never been identified as a person with knowledge regarding this case. The Bayview defendants have noticed their intent to call as a witness at trial Jack Silver, who was deposed as their designated Rule 30(b)(6) witness to testify about, *inter alia*, "the factual underpinnings of the Bayview defendants' defenses to the allegations of the Amended Complaints in *Lodge v. United Homes, et al.*" The Bayview defendants have offered no justification for seeking to introduce a new witness at this late date who has never been identified under Rule 26(a) or 26(e) of the Federal Rules of Civil Procedure. It is clear now that Mr. Silver seriously misstated the facts regarding the ownership of the Lodge mortgage in his deposition and summary judgment declaration. (*See* Appendix B.) The Bayview defendants should not now be permitted to escape the consequences of this testimony by putting forth a brand new, never-before-identified witness to "bat clean-up" for all the previous misinformation.

    Failure to supplement initial disclosures or discovery responses may justify the imposition of sanctions under Rule 37(c), *Gotlin v. Lederman*, 2009 WL 2843380, at *3 (E.D.N.Y. Sept. 1, 2009), or an order to compel, *see Thieriot v. Jaspan Schlesinger Hoffman, LLP*, 2010 WL 4038765, at *5 (E.D.N.Y. Sept. 30, 2010) (finding that "Defendants either neglected their discovery obligation or made a decision, for whatever reason, to withhold that information, in violation of their duty to supplement under Rule 26," granting plaintiff's motion to compel information). For all the foregoing reasons, we ask that Your Honor order the Bayview defendants to produce all notes or valuations made by any Bayview employee regarding the mortgages it purchased from Olympia Mortgage in 2003, and award sanctions including (1) preclusion of the Bayview defendants' holder in due course defense; (2) preclusion of Mr. Carr's testimony; and (3) requiring the Bayview defendants to pay plaintiff's attorney's fees incurred in connection with these discovery disputes.

    Because we understand that the scope of the relief sought herein may be more appropriately addressed by Judge Matsumoto as a pretrial matter, we will proceed as Your Honor directs. We are available for a conference to discuss these matters should Your Honor so require.

                                             Respectfully submitted,

                                             Sara Manaugh

(Attachments)