

590 Madison Avenue, New York, NY 10022-2524 ▪ p212 223-4000 ▪ f212 223-4134

February 10, 2011

**VIA ECF**
The Honorable Roanne L. Mann
United States Magistrate Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York  11201

Re:   *Lodge v. United Homes, LLC, et. al.*
      *Case No. CV-05-0187 (KAM)(RLM)*

Dear Judge Mann:

This firm represents the defendants Bayview Financial Services LLC ("Bayview") and Wachovia Bank, N.A. (the "Bayview Defendants").[1] We write in response and in opposition to the letter motion (the "Motion") submitted by counsel for Mary Lodge ("Lodge") seeking: (i) an award of sanctions and counsel fees; (ii) an order of preclusion; (iii) an order compelling the Bayview Defendants to provide copies of documents which may have been created by any Bayview employee regarding mortgages purchased by Bayview from Olympia Mortgage in 2003. For the following reasons, Lodge's Motion should be denied in its entirety and Lodge's counsel should be sanctioned for its violation of Fed. R. Civ. P. 11 since the Motion is based upon false and misleading assertions. As the facts will show, Lodge and her counsel have wasted this Court's resources and the Motion serves no purpose but to harass the Bayview Defendants. The Motion is an improper attempt by Lodge to re-open discovery and is based upon issues already presented by Lodge to the Court on January 13, 2011.

---

[1] It was stipulated by the parties that U.S. Bank and Trust Co. would replace Wachovia Bank, N.A. as a party defendant. Plaintiff Mary Lodge filed a Second Amended Complaint to reflect this change. The allegation contained in the Second Amended Complaint that states that U.S. Bank and Trust Co., N.A. was substituted as the trustee of the trust into which Mary Lodge's first mortgage was sold will be admitted within the defendant's answer. Ms. Lodge's counsel was advised of this admission on January 6, 2011.

The Honorable Roanne L. Mann
February 10, 2011
Page 2

On January 13, 2011, Lodge made a letter motion, the purpose of which was to bring to the Court's attention any outstanding "discovery issues." Lodge's counsel identified only two such issues and sought the Court's assistance in resolving those issues. Specifically, Lodge's counsel sought both valuations or other notes generated by Odyxa Bermudez, a former employee of Bayview, and documentation regarding the current ownership of the Lodge mortgage. Lodge and her counsel based their January 13, 2011 letter motion upon the same exact position they now rely on in support of this Motion: that the information is required for Lodge to properly try her case and collect on a potential judgment.

On January 20, 2011, during the conference relating to the January 13, 2011 motion, counsel for Lodge and the Bayview Defendants discussed the outstanding discovery issues raised by Lodge and her counsel, the discovery which the parties had already engaged in, the documents that had already been exchanged, the securitization of the Lodge loan, the deposition of Jack Silver of Bayview, and the necessity and relevance of the information now demanded by Lodge.

On January 20, 2011, after hearing both parties, Your Honor ordered that by January 28, 2011, the Bayview Defendants "produce proof of current ownership of Lodge's first note and mortgage, as well as proof of chain of title back to 2006; and notes, valuations and other documents created by Odyxa Bermudez in connection with Bayview's purchase of mortgages from Olympia."

By electronic mail dated January 28, 2011, notes generated by Ms. Bermudez were delivered to Jean Constantine-Davis, ("Ms. Davis"), Lodge's counsel.

By eight (8) separate electronic mails dated January 28, 2011, more than 500 pages of documents dating back to 2003, including mortgage loan purchase agreements, transfer agreements and trust agreements which proved the current ownership of the Lodge loan were delivered to Ms. Davis. The Bayview Defendants have consistently held and maintained that they are in possession of the original Lodge note, duly endorsed. The same holds true today.

Thereafter, by electronic mail dated February 2, 2011, Ms. Davis wrote to me, stating that Lodge contends the following documents remained due:

1. Notes, appraisal reviews, and valuations for any of the properties Bayview considered purchasing from Olympia in 2003, whether prepared by Ms. Bermudez or others at Bayview . . .:
2. [D]ocument that shows how the loan was transferred from Bayview Loan Servicing LLC to Bayview Financial LP in late 2006;
3. Servicing Agreement for the 2007-30 Trust;
4. [C]olumn headings for the redacted loan schedules in various documents . . .

The Honorable Roanne L. Mann
February 10, 2011
Page 3

By electronic mail dated February 2, 2011, and copied to Sara Manaugh, the author of the current Motion, I advised Ms. Davis that document 3 requested above was provided to her on February 2, 2011. Ms. Davis acknowledged that she had in fact received that document and that she had made an error in claiming she had not. Also on February 2, 2011, by electronic mail copied to Sara Manaugh, I advised Ms. Davis that aside from the notes and entries already provided to her, there were no other or additional notes or entries by Ms. Bermudez regarding the loans purchased from Olympia and that the Bayview Defendants were in compliance with Your Honor's Order.

Further, by four (4) separate electronic mails, on February 3, 2011, copies of the column headings referenced in demand 4 above were provided to Ms. Davis. No documents otherwise exist with respect to item number (2).

Therefore, as result of the electronic mail deliveries referenced above, the Wachovia Defendants have complied with Your Honor's January 20, 2011 Order as well as Lodge's follow-up requests for clarification and further information. Accordingly, Sara Manaugh's assertion within the current Motion that "overtures to meet and confer . . . have been met with silence" is outright false and shocking especially considering that Ms. Manaugh was copied on the emails which forwarded the documents to Ms. Davis.

**The Bermudez Documents**

Lodge and her counsel assert that Ms. Bermudez' notes which were provided to them constituted a belated and incomplete response to requests served in 2006. This position is patently false and belied by the proceedings which took place on January 20, 2011.

As discussed during the conference on the January 13, 2011 motion, the identity and existence of Ms. Bermudez has been known throughout this litigation. An internal email message from Ms. Bermudez referencing appraisals in Brooklyn was provided in discovery and was relied upon by the Court when it denied the Bayview Defendants' motion for summary judgment. Additionally, Ms. Bermudez was discussed during the deposition of Jack Silver in 2009 and a BPO obtained independently by Bayview before it purchased the Lodge loan was provided to Lodge's counsel. For reasons unknown, Plaintiff's counsel chose not to depose Ms. Bermudez.

As Your Honor opined on January 20, 2011, Lodge's counsel can be faulted for not diligently pursuing their discovery and any issues raised by the Silver deposition. Indeed, it was not until the Bayview Defendants placed Ms. Bermudez on its witness list for the joint pre-trial order that Lodge's counsel raised any issue. In fact, we did not hear from Lodge's counsel until

The Honorable Roanne L. Mann
February 10, 2011
Page 4

approximately Wednesday, January 5, 2011 when Ms. Davis advised me that she had spoken with Ms. Bermudez by telephone. Although fact discovery had been closed, we undertook to comply and satisfy Ms. Davis' inquiries. It is submitted that Lodge proceeded against the other defendants in this action, pursuing discovery and settling other claims, while failing to diligently pursue the Bayview Defendants. The only two (2) discovery issues raised by Lodge within the January 13, 2011 motion have been resolved by the Bayview Defendants' compliance with Your Honor's January 20, 2011 Order. Lodge should not now be permitted to be heard to the contrary. Lodge's neglect of her alleged case against the Bayview Defendants should not be excused by their belated attempts to re-open discovery.

**The Securitization Documents**

Notwithstanding the fact that Lodge requested that the Bayview Defendants provide copies of the re-securitization documents for the Lodge loan in its January 13, 2011 motion, and the fact that the Bayview Defendants complied with Your Honor's January 20, 2011 Order to provide those documents, Lodge raises the same issues in this Motion merely to harass the Bayview Defendants and to subterfuge the fact that Lodge's counsel failed to timely pursue discovery from the Bayview Defendants. Lodge's claims regarding the inadequacies of the Bayview Defendants' document productions are marred by false statements and exaggerations and should not be entertained.

Lodge falsely asserts that the Bayview Defendants neglected to disclose during the course of the litigation that the mortgage was transferred between trusts. This is wholly false. As admitted by Lodge's counsel, Jack Silver, during his 2009 deposition, testified that the Lodge mortgage was the subject of a re-securitization after the trust assets of Wachovia Bank were purchased by and transferred to U.S. Bank as trustee. Documents showing the succession of U.S. Bank from Wachovia were furnished to Lodge's counsel. Indeed, Mr. Silver clearly stated that the last re-securitization was in 2007. Lodge's counsel, however, failed to pursue any information whatsoever regarding the re-securitization until the last two (2) months. Contrary to Lodge's counsel's assertion, none of the Bayview Defendants have been misleading with respect to the proper parties to the action. Instead, Lodge and her counsel have belatedly raised the issue; an issue which is nothing more than a red herring. Wachovia was the holder of the Lodge mortgage, and U.S. Bank was the successor holder, and continues to be the holder of the mortgage as trustee. When Ms. Davis raised the issue two (2) months ago, we undertook to confirm same.

Further, Lodge's counsel's statement that Lodge seeks to hold the assignees of her mortgage and note liable for the harms done to her by Olympia is clearly inconsistent with the position they have maintained during the course of this litigation. There is no statement or demand for affirmative relief against any of the Bayview Defendants, nor has Lodge ever set forth an allegation of "successor wrongdoing" against the Bayview Defendants. Lodge's counsel

The Honorable Roanne L. Mann
February 10, 2011
Page 5

merely attempts to enflame the Court against the Bayview Defendants. From the outset of this litigation, it has been clearly and steadfastly maintained that the original note is in the possession of the Bayview Defendants. This fact is still true today. Lodge has known this fact throughout this litigation. Lodge cannot in good faith claim surprise at this juncture. Under the Uniform Commercial Code and applicable law, it is indisputable that the mortgage lien follows possession of the debt instrument. Thus, contrary to Lodge's position, although these facts need not be established here, the Bayview Defendants' are holders in due course and entitled to set forth that defense.

**The Proposed New Witness**

On December 6, 2010, the Bayview Defendants, counsel for Lodge, and counsel for the co-defendants met at the offices of Lodge's counsel to discuss evidentiary issues presented by the drafts of the joint pre-trial order. At that time, there was absolutely no mention or discussion of any documents relative to re-securitization of the Lodge mortgage. Indeed, no mention of re-securitization of the Lodge mortgage was mentioned until January 6, 2011, notwithstanding the fact that Jack Silver discussed it during his 2009 deposition.

On January 6, 2011, we advised Ms. Davis that we were admitting that part of Lodge's amended complaint that alleges U.S. Bank is the holder of the Lodge mortgage and that we were locating documents reflecting that change. January 2011 was the first time Lodge ever raised questions regarding the existence of re-securitization documents.[2]

Had Lodge's counsel properly and timely made the appropriate request for the re-securitization documents, the Bayview Defendants would have been able to identify another witness in addition to Jack Silver who would be able to explain the chain of the re-securitization. In fact, this person would have been identified before the joint pre-trial order was prepared. However, considering the fact that Lodge has only placed re-securitzation in issue after the joint pre-trial order has been submitted, the Bayview Defendants have been severely prejudiced in their ability to present their defense. The Bayview Defendants should not be prejudiced as a result of Lodge's counsel neglect of their case in chief. I have even offered this witness to Lodge's counsel for a deposition to explain the chain of events, but Lodge's counsel has summarily denied this offer and our request to include this witness. Lodge will not be prejudiced by the addition of this witness who would explain the documentary evidence in this case.

---

[2] At Jack Silver's deposition in 2009, I requested that Ms. Davis place any inquiry regarding re-securitization documents into writing. Neither Ms. Davis nor any other of Lodge's counsel ever submitted a written request for information.

The Honorable Roanne L. Mann
February 10, 2011
Page 6

Further, at this time, because of the last minute demands made by Lodge's counsel and the resulting production of documents, the joint pre-trial order should be further amended to include the documents produced as recently as last week. Lodge's counsel should not be permitted to obtain one-sided discovery and expect that the Bayview Defendants not be permitted to provide support for the documents it produces. Such a result would be a double edged sword and prejudice the rights of the Bayview Defendants.

The relief requested and the assertions made by Lodge's counsel are the same as requested by the January 13, 2011 motion. The Bayview Defendants, although already having voluntarily complied with Lodge's counsel's requests prior to the submission of the January 13, 2011 motion, have complied with Your Honor's resulting January 20, 2011 Order. The Bayview Defendants have always stated that they are in possession of the original Lodge note. Nothing has changed. However, Lodge's counsel now seeks further relief based upon false and misleading assertions. It is submitted that such conduct is sanctionable itself under Fed. R. Civ. P. 11. Although the Bayview Defendants have complied with the Court's directive, Lodge is now harassing the Bayview Defendants with the Motion and wasting the Court's resources for matters already determined. The Bayview Defendants have complied with their obligations under Fed. R. Civ. P. 26 considering the inescapable fact that Lodge's counsel never contacted the Bayview Defendants for additional information after the 2009 Jack Silver deposition until January 2011.

Based upon the foregoing, it is respectfully submitted that the relief requested by the Motion should be denied in its entirety, the Bayview Defendants should be awarded costs and attorneys' fees in this matter as a result of having to respond to the Motion which is based upon issues which are *res judicata,* and that the joint pre-trial order should be amended to accurately reflect the evidence recently provided in this action.

We look forward to speaking with Your Honor on February 11, 2011 at 2:00 p.m.

Respectfully submitted,

*/s/ Timothy J. Fierst*

Timothy J. Fierst

TJF:me
cc:   Counsel of Record (Via ECF)