

590 Madison Avenue, New York, NY 10022-2524 ▪ p212 223-4000 ▪ f212 223-4134

**Timothy Fierst**
**(212) 895-4263**
**tfierst@crowell.com**

March 10, 2011

**VIA ECF**
The Honorable Kiyo A. Matsumoto
United States District Judge
United States Courthouse
225 Cadman Plaza West
Brooklyn, New York  11201

Re:  *Lodge v. United Homes, LLC, et. al.*
     *Case No. 05-cv-187 (KAM)(RLM)*

Dear Judge Matsumoto:

This firm represents Bayview Financial ("Bayview") and U.S. Bank as trustee ("US Bank") (collectively, "Defendants"), two of the defendants in the above-referenced action. This letter is respectfully submitted in response to the letter motion submitted by Plaintiff Mary Lodge which seeks an Order rescinding the Court's August 29, 2008 Memorandum and Order requiring plaintiff Mary Lodge to pay to Defendants monthly escrow payments of $303.60.

Submitted herewith in accordance with the Court's March 3, 2011 Order is an accounting provided by Bayview's escrow department. Also submitted herewith is the Declaration of Karla Vichot (the "Vichot Decl."), Supervisor of Escrow Administration for Bayview. As shown within the accounting and the Vichot Declaration, Bayview has paid all outstanding real estate taxes due on the Lodge Premises. An inadvertent oversight on the part of Bayview's escrow service department resulted in the real estate taxes being paid after they had become due. Bayview acknowledges and takes responsibility for its error, and did not pass on to Ms. Lodge any of the interest or penalties associated with the late payment.

The Honorable Kiyo A. Matsumoto
March 10, 2011
Page 2

Defendants consent to Ms. Lodge's request to pay her insurance premiums directly to her carrier, conditioned, however, on her providing copies of paid receipts to Defendants' counsel. Defendants would receive any notice of cancellation of the policy and would be able to make payment to reinstate the policy if necessary.

Contrary to the position taken by Ms. Lodge's counsel, the August 29, 2008 Memorandum and Order should not be rescinded. The Defendants have an interest in ensuring that the real estate taxes are paid. Without collecting the monthly escrow payment, there is no way for the Defendants to ensure that Ms. Lodge continues to pay the taxes. Unlike the homeowner's insurance, Bayview would not receive notice of unpaid taxes until they actually were sold at a lien sale. The Court should also note that Bayview was forced to pay, on Ms. Lodge's behalf, oustanding New York City water and sewer charges which Ms. Lodge did not pay and which ultimately could have resulted in a tax lien against the property and the risk of foreclosure and additional costs accompanying such a lien. As shown within the annexed print out from the NYC DOF website, Ms. Lodge is still delinquent in paying her water and sewer charges. Defendants are not privy to the dollar amount of the water bills, or the period of time that such bills cover, and these charges are therefore not included in the $303.60 monthly escrow payment set by the Court. Water and sewer bills are usually computed based upon actual or estimated usage and it would be virtually impossible for Defendants to estimate a monthly sum to be deposited to escrow for these charges. Given the failure of Ms. Lodge to pay these other New York City charges, there is no guarantee or assurance that the real estate taxes would be paid. As a result, Defendants respectfully request that the Court render an Order directing Ms. Lodge to timely pay her water and sewer bills and provide Defendants' counsel with proof of such payments as they are made.

As a result of the foregoing, it is respectfully requested that the Court (i) deny Plaintiffs' request to rescind the August 29, 2008 Order, (ii) render an Order directing Ms. Lodge to timely pay her water and sewer bills and insurance premiums and provide Defendants' counsel with proof of such payment, and (iii) schedule a telephone conference so that the parties, with the assistance of the Court, can set an appropriate monthly payment to enable Defendants to timely pay the quarterly real estate taxes. Any new monthly payment should take into account the fact that Ms. Lodge has not made the Court ordered escrow payments since

approximately September of 2010.

Thank you for your attention to and consideration of this request.

Respectfully submitted,

/s/ *Timothy J. Fierst*

Timothy J. Fierst

**Fierst, Timothy**

| | |
|---|---|
| **From:** | Krapf, Jamie |
| **Sent:** | Thursday, March 10, 2011 2:08 PM |
| **To:** | Fierst, Timothy |
| **Subject:** | RE: Letter to court regarding motion to set aside escrow order.DOCX |

Back to NYCServ • • • • • • • • • • • • • • • • • • • • • • • • • •   *The Official New York City Web Site*

## Water & Sewer Charges | View Items

### Profile

| | | | |
|---|---|---|---|
| **Name:** | LODGE MARY | **Account Number:** | 4000296066001 |
| **Address:** | 249 HALSEY ST BROOKLYN, NY 11216-0000 | **Status:** | ACTIVE |
| **Borough:** | Brooklyn | | |

To display additional details for the item, click [ⓘ] in the Details Column.(A new window will open.)
Please select the items you wish to pay and then CONTINUE.

**Outstanding Water Charges as of Thursday, Mar 10, 2011 11:49 AM**

| Select | Account Number | Details | Amount Due | Amount to Pay |
|---|---|---|---|---|
| | 4000296066001 | ⓘ | 520.63 | $ |
| | | | **Total Due** | |
| | | | $520.63 | $ |

Charges and amounts displayed above might not reflect payments made in the past few days.

If the information provided here is not accurate, please Contact Us. (A new window will open.)

[CANCEL]  [CONTINUE]

---

Go to NYC.gov Home | Finance Home | Health | Consumer Affairs | Environmental Protection | Contact Us |
FAQs | Privacy Statement | Site Map | Search

Copyright © 2001 New York City D.O.F. All rights reserved. - Contact NYCServ (A new window will open).

1