# LAW OFFICES OF ERIC J. GRANNIS

Rockefeller Center • 620 Fifth Avenue • New York, New York 10020
Phone: (212) 903-1025 • Fax: (212) 208-4597 • www.grannislaw.com

**Eric J. Grannis**
Phone: (212) 903-1025
Fax: (212) 208-4597
egrannis@grannislaw.com

March 28, 2011

BY ECF AND OVERNIGHT DELIVERY

Honorable Kiyo A. Matsumoto
United States Magistrate Judge
United States District Court
225 Cadman Plaza East
Brooklyn New York 11201

    Re:    Barkley v. Olympia Mortgage Corp., et al., No. 04-CV-875 (RJD) (KAM)
              Lodge v. United Homes, LLC, et al., No. 05-CV-187 (RJD) (KAM)
              Gibbons v. United Homes, LLC, et al., No. 05-CV-5302 (RJD) (KAM)

Your Honor:

        I represent Defendant Olympia Mortgage Corporation ("Olympia"). I enclose a memorandum of law and declaration in opposition to Plaintiffs' motion to exclude the testimony of Patricia Trinidad, Roseann Silecchia, and Karen Kincaid Balmer.

        I respectfully request that Your Honor accept this submission although it is several weeks late. My failure to submit these papers in a timely fashion is a point of considerable embarrassment to me; I have never previously missed a filing deadline in nearly twenty years of practice.

        What happened is as follows. When we are notified of an ECF filing in this case, my legal assistant downloads the filing to our computer system and sends me a link to the document. I review the filing after it is on our system. In addition, my legal assistant emails a copy of all filings in the case to the Receiver, copying me on the email. Finally, if the matter refers to Olympia, she also calendars a response due date.

        In this instance, the Plaintiffs made two filings on January 26 a few minutes apart resulting in two ECF notices being sent out. One read "MOTION in Limine to Exclude Proposed Witnesses" and the other read "MOTION in Limine to Exclude Certain Documents." In addition to having similar text, these two emails were right next to each other in my legal assistant's in-box. As a result, she accidentally downloaded two copies of the motion concerning documents and failed to download the motion concerning testimony. (My legal assistant has never made an error like this before; she is exceptionally capable and responsible and has been accepted to Harvard Law School.)

        Due to this error, I never saw the "Motion in Limine to Exclude Proposed Witnesses." Moreover, while the ECF notice was emailed to me, the description of the motion did not refer to the either the witnesses in question nor to Olympia. Therefore, it did not tip me off to the fact that a motion had been made that was directed at Olympia's proposed witnesses.

   It is true that the Plaintiffs had indicated that they intended to file a motion to exclude the testimony of these witnesses. However, when I did not receive any such motion, I simply assumed that Plaintiffs had decided not to file one after all, perhaps because they intended to wait until trial to object to the testimony.

   My legal assistant happened to come across Plaintiffs' filing on Friday on ECF and immediately brought it to my attention. I then began drafting a response. I have not asked Plaintiffs' counsel whether they consent to the consideration of the enclosed papers because I did not want to risk any more delay before filing these papers. I will now consult with Plaintiffs' counsel and either they or I will advise Your Honor of their position on the instant request.

   I respectfully request that Your Honor accept the enclosed submission. I do not believe that there is any prejudice to Plaintiffs. In addition, I believe that my failure to submit these papers in a timely fashion is excusable even if it is not my office's finest moment.

   Please accept my apologies to the Court for this inconvenience.

              Respectfully submitted,

              Eric Grannis

Enclosures