UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARY LODGE,<br><br>     Plaintiff,<br><br>  v.<br><br>UNITED HOMES, LLC, UNITED PROPERTY GROUP, LLC, YARON HERSHCO, GALIT NETWORK, LLC, OLYMPIA MORTGAGE CORP., BAYVIEW LOAN SERVICING, LLC, BAYVIEW ASSET MANAGEMENT, LLC, US BANK AND TRUST, and WILSHIRE CREDIT CORP.,<br><br>     Defendants. | Civil Action No.: CV-05-0187 (KAM)(RLM) |

**PLAINTIFF MARY LODGE'S LOCAL RULE 56.1 STATEMENT OF FACTS IN SUPPORT OF THE MOTION TO STRIKE THE BAYVIEW DEFENDANTS' HOLDER-IN-DUE-COURSE DEFENSE**

Pursuant to Local Rule 56.1, plaintiff Mary Lodge submits in this document a concise statement of material facts of record, in support of the motion to strike the Bayview defendants' holder-in-due-course defense.

  1.  On January 16, 2003, plaintiff signed documents for a first and second mortgage for the benefit of Olympia Mortgage Corporation, the first mortgage and note for $335,200 and the second mortgage and note for $41,900.  Manaugh Decl. Ex. A.

  2.  On or about June 23, 2003, plaintiff's first mortgage loan was sold by Olympia Mortgage Corporation to Bayview Financial Trading Group, L.P.  Manaugh Decl. Ex. S.

  3.  Bayview Financial Trading Group, L.P., in turn, sold the Lodge mortgage loan to Bayview Financial Securities Company, LLC, on or about September 1, 2003.  Manaugh Decl. Ex. T.

4. On June 7, 2004, an assignment of the Lodge first mortgage, with Olympia Mortgage Corp. listed as assignor and "Wachovia Bank N.A. As Trustee (Bayview)" as assignee, was recorded in the New York City Register. The signature of Barry Goldstein, Vice-President of Olympia Mortgage Corp., was dated January 16, 2003, but notarized on June 25, 2003. The principal amount assigned was listed as both $335,200 and $41,900. Manaugh Decl. Ex. B.

5. On September 1, 2003, the Lodge mortgage loan was securitized into a trust entitled the Bayview Financial Mortgage Pass-Through Certificates, Series 2003-E (the "2003 Trust"), for which Wachovia Bank, N.A. ("Wachovia") served as trustee. Manaugh Decl. Ex. L.

6. On January 13, 2005, Ms. Lodge commenced the instant action, naming in her complaint Wachovia as well as M&T Mortgage Corporation, which was at that time the servicer of the plaintiff's mortgage, as necessary parties pursuant to Rule 19 of the Federal Rules of Civil Procedure. *Lodge v. United Homes et al.*, 05-cv-187, Document No. 1.

7. On June 16, 2005, the Court so-ordered the parties' stipulation to substitute Bayview Loan Servicing LLP ("BLS") for M&T Mortgage Corporation in the instant action. *Lodge v. United Homes et al.*, 05-cv-187, Document No. 32.

8. On July 19, 2005, BLS and Wachovia (together, the "Bayview defendants") filed and served an answer in which they admitted that Wachovia was the trustee of the trust that held Ms. Lodge's mortgage loan, and that it was a necessary party. *Lodge v. United Homes et al.*, 05-cv-187, Document No. 34 at ¶ 13 (*cf.* Document No. 1 at ¶ 13.).

9. On December 8, 2005, plaintiff filed an amended complaint in this action, naming the Bayview defendants as necessary parties pursuant to Rule 19 of the Federal Rules of Civil Procedure. *Lodge v. United Homes et al.*, 05-cv-187, Document No. 62 at ¶¶ 17–18.

10. Pursuant to a December 30, 2005 Assignment and Assumption Agreement, U.S.

2

Bank, N.A. acquired Wachovia's corporate trust and custody business, and became successor trustee to the 2003 Trust.  Manaugh Decl. Exs. I & M.

11. On February 8, 2006, plaintiff propounded a set of discovery requests, in which she requested the following documents:

   a. "14. Any agreement(s) that concerned, related to, encompassed, referred to or included the subject mortgages, including but not limited to warehouse lines of credit, bulk sales, repurchase agreements, investment agreements, securitization agreements, credit agreements, and/or loan sale agreements"; and

   b. "18. All secondary market purchase agreements to which Wachovia is a signatory as Trustee on behalf of any trust into which the subject mortgages were transferred."

12. In his February 28, 2006 declaration in support of Defendant Wachovia Bank N.A. and Bayview Loan Services' [sic] Motion to Dismiss and/or Summary Judgment, Timothy Fierst asserted that he was "counsel to the law firm of Buchanan Ingersoll PC, attorneys for the defendants Wachovia Bank, N.A. . . . and Bayview Loan Services . . . in the above-captioned action." *Lodge v. United Homes et al.*, 05-cv-187, Document No. 134-2 at ¶ 1.

13. In Defendant Wachovia Bank N.A. and Bayview Loan Services' [sic] Memorandum of Law in Support of Motion to Dismiss and/or Summary Judgment, submitted on February 28, 2006, the Bayview defendants asserted that Wachovia was a holder in due course of the plaintiff's mortgage, stating: "It is settled that by holding the note and mortgage at issue, Wachovia qualifies as a holder in due course of the Wachovia mortgage." *Lodge v. United Homes et al.*, 05-cv-187, Document No. 136 at 2, 4–5.

14. In Defendant Wachovia Bank N.A. and Bayview Loan Services' [sic] Reply

Memorandum of Law in Further Support of Motion to Dismiss and/or Summary Judgment, date as of May 19, 2006, the Bayview defendants asserted the following: "N.Y.U.C.C. §1-201(20) defines a holder as 'a person in possession of a document of title or an instrument . . . drawn, issued, or indorsed to him or to his order or to bearer in blank.' There can be no controversy that Wachovia is the holder of the note, and Plaintiff's counsel's attempts to create such controversy must fail." *Lodge v. United Homes et al.*, 05-cv-187, Document No. 140 at 6.

15.  When the Series 2003-E Trust terminated in October 2006, BLS purchased the assets of the trust (including the Lodge mortgage loan) from U.S. Bank, via a sale agreement in which U.S. Bank warranted that it had the right to sell each mortgage loan in the pool, and which required U.S. Bank to convey all the mortgages and notes in the 2003 trust to BLS. Manaugh Decl. Ex. M.

16.  On December 15, 2006, pursuant to a Transfer Supplement, Bayview Financial, L.P., transferred the Lodge mortgage, which was re-securitized into the Bayview Financial Revolving Asset Trust 2005-A, a trust operated by one or more Bayview entities ("the 2005 Trust"). Manaugh Decl. Ex. N.

17.  U.S. Bank, N.A. as successor in interest to Wachovia, served as "indenture trustee" for the 2005 Trust. Manaugh Decl. Ex. O.

18.  On July 30, 2007, "Bayview Loan Servicing, LLC, a Delaware Limited Liability Company, as Servicer for Wachovia Bank N.A., as Trustee, Successor by Merger to First Union National Bank, as Indenture Trustee" brought a foreclosure action in Kings County Supreme Court to satisfy the Lodge first mortgage. In its complaint, BLS asserted that it "is now the sole, true and lawful holder of the said bond(s)/note(s) and mortgage(s)." Manaugh Decl. Ex. C.

19.  On September 1, 2007, the Lodge mortgage loan was transferred out of the 2005

4

Trust, via a series of agreements involving, *inter alia*, the sale of the assets in the 2005 Trust to Bayview Financial Property Trust II, the sale of the same assets from Bayview Financial Property Trust II to Bayview Financial Property Trust, and the express relinquishment by U.S. Bank, N.A., as successor in interest to Wachovia, of its security interest in each mortgage loan in the 2005 Trust.  Manaugh Decl. Exs. O and P.

20.     The Lodge mortgage loan was re-securitized into the Bayview Asset-Backed Securities Trust Series 2007-30 (the "2007 Trust"), for which U.S. Bank serves as trustee and as such possesses the Lodge mortgage loan.  The Trust Agreement governing the 2007 Trust does not mention Wachovia or indicate that Wachovia has any interest or role in the 2007 Trust.  U.S. Bank is not therein identified as a successor to Wachovia.  Manaugh Decl. Ex. Q.

21.     In an amended answer filed by Buchanan Ingersoll on September 21, 2007, Wachovia and BLS denied that Wachovia was the trustee of the trust into which Ms. Lodge's mortgage had been sold and that it was a necessary party, but simultaneously asserted as an affirmative defense that Wachovia was a holder in due course of the mortgage.  *Lodge v. United Homes et al.*, 05-cv-187, Document No. 237 at ¶¶ 17, 217 (*cf.* Document No. 62 at ¶ 17).

22.     In Defendant Wachovia Bank N.A. and Bayview Loan Services' [sic] Memorandum of Law in Opposition to Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, dated as of January 4, 2008, the Bayview defendants asserted the following: "There is no dispute that Wachovia is the holder of the [Lodge] note."  *Lodge v. United Homes et al.*, 05-cv-187, Document No. 196 at 6.

23.     At a November 20, 2008 deposition pursuant to Federal Rule of Civil Procedure 30(b)(6), Jack Silver, an officer of BLS, swore to the following:

   a.  That U.S. Bank had succeeded to Wachovia's interest in the Lodge first mortgage

    b. "[The Lodge Note has physically been] with [Bayview's] custodian, Wachovia/US Bank, the notes that are sitting right here, I believe. . . . It went to US Bank/Wachovia. It's the same entity, just a different name now. . . . It's the same place. They just changed names. . . . The operation, the location is the same" (*id*. at 97:11–98:3);

    c. "Bayview itself is not the owner of this particular loan. I checked. The loan had been securitized more than once. It was in security and then moved to security so Wachovia as trustee is the owner of the loan so the loan is in a security" (*id*. at 106:3-8); and

    d. That the loan had been securitized twice, most recently in 2007 (*id*. at 106:16-24).

24. At the conclusion of the November 20, 2008 deposition, plaintiff's counsel requested on the record that documentation of the successive securitizations be provided. Mr. Silver acceded to the request. (*Id*. at 106:25–107:6.)

25. In the December 11, 2009 Declaration of Jack Silver in Support of Wachovia Bank, N.A. and Bayview Loan Servicing, LLC's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(b), Mr. Silver swore to the following:

    a. That "Bayview Financial purchased the First Note and First Mortgage from Olympia," and that the mortgage loan was securitized shortly after the purchase by Bayview Financial into a trust of which Wachovia was the trustee (*Lodge v. United Homes et al.*, 05-cv-187, Document No. 454-1 at ¶ 5); and,

    b. That "US Bank and Trust is the successor to Wachovia having purchased [its] custodian rights as well as the first note and first mortgage" (*id*.).

26. In the December 14, 2009 Rule 56.1 Statement of Bayview defendants, the Bayview defendants asserted the following: "On June 25, 2003, for value received, Olympia assigned its interest in the First Loan, including the first Note and First Mortgage[,] to Wachovia." *Lodge v. United Homes et al.*, 05-cv-187, Document No. 454 at ¶ 8.

27. On January 22, 2010, in its opposition to the Bayview defendants' motion for summary judgment, plaintiff submitted a document obtained from the investor website of Wells Fargo, the appointed custodian of the 2003 Trust, indicating that the 2003-E Trust had been terminated in October 2006. Manaugh Decl. Ex. E.

28. In the February 17, 2010 Reply Declaration of Robert E. Hodapp in Further Support of Wachovia Bank, N.A. and Bayview Loan Servicing, LLC's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(b), Mr. Hodapp, another Bayview Loan Servicing LLC officer, swore to the following:

   a. "Bayview [Loan Servicing LLC] . . . has continually been in possession, custody and control of the original documents, including the First Note and First Mortgage" (*Lodge v. United Homes et al.*, 05-cv-187, Document No. 455-1 at ¶ 8);

   b. "US Bank, as trustee, [is] the successor to Wachovia" (*id.* at ¶ 9); and

   c. "U.S. Bank is now the successor trustee of the securitization trust which owns the Lodge mortgage" (*id.* at ¶ 2).

29. On or about September 13, 2010, the Court denied the Bayview defendants' motion for summary judgment and ordered the parties to prepare for trial. The Court observed that Wachovia and BLS' submissions were "seemingly contradictory and inconsistent" as to the identity of the holder of the Lodge mortgage. *Lodge v. United Homes et al.*, 05-cv-187,

7

Document No. 472 at 63.

30. On January 5, 2011, in an e-mail responding to a request for information by counsel for plaintiff, counsel for the Bayview defendants wrote, "US Bank and Trust is the owner of the loan." Manaugh Decl. Ex. F.

31. In subsequent e-mails and in a letter dated January 7, 2011, plaintiff's counsel requested that counsel for the Bayview defendants provide documentation of the current ownership of the mortgage and confirm whether counsel represents "US Bank and Trust." Manaugh Decl. Ex. G.

32. On the basis of the Bayview defendants' counsel's representations, plaintiff filed and served a Second Amended Complaint that substituted "US Bank and Trust" for Wachovia as "trustee of the trust into which plaintiff's mortgage was sold and, as such[,] a necessary party" and added as a defendant Bayview Asset Management, LLC, the current name of the entity (Bayview Financial Trading Group, LP) that had originally acquired the mortgage from Olympia prior to securitization. *Lodge v. United Homes et al.*, 05-cv-187, Document No. 488.

33. By January 13, 2011, the Court-ordered deadline for the parties' submission of any request for judicial intervention on a discovery dispute, plaintiff had received neither documentation of the current ownership of the mortgage, nor confirmation whether counsel represents "US Bank and Trust." Plaintiff filed a letter that day requesting the Court's intervention. *Lodge v. United Homes et al.*, 05-cv-187, Document No. 492.

34. On January 13, 2011, counsel for the Bayview defendants stated in an e-mail to plaintiff's counsel that it represents "the interests of U.S. Bank, N.A. as trustee." Manaugh Decl. Ex. H.

35. In the same correspondence, counsel for the Bayview defendants sent counsel for

8

plaintiff an "Assignment and Assumption Agreement" between Wachovia Corporation and U.S. Bank, N.A. Manaugh Decl. Ex. I. This document does not establish current ownership of the Lodge mortgage, because it makes no reference to the mortgage or to the trust into which it was originally placed; nor does it identify a subsequent trust into which the mortgage may have been sold.

36. On January 20, 2011, Magistrate Roanne L. Mann held a telephone conference to address the dispute raised in the January 13 letter and ordered that counsel for the Bayview defendants produce proof of current ownership of the Lodge mortgage and proof of chain of title from 2006. *Lodge v. United Homes et al.*, 05-cv-187, Document No. 497.

37. On January 28, 2011, counsel for the Bayview defendants produced several documents that explained and clarified the chain of title and appeared to show the current ownership of the mortgage. Based on these newly produced documents, publicly available documents, documents available from the Wells Fargo investor website, and previously produced documents, plaintiff was able to construct a substantially complete chain of title of the Lodge mortgage. Manaugh Decl. Ex. J.

38. On February 15, 2011, the Bayview defendants submitted an affidavit from Thomas F. Carr, Senior Vice President for Bayview Financial Management Corporation, the general partner for Bayview Financial, L.P. In his affidavit, Mr. Carr swore to the following:

    a. "Since [Bayview Financial L.P.'s] original acquisition from Olympia Mortgage Corp., the document custodian has been Wachovia Bank, National Association, or its successor in interest, U.S. Bank, National Association" (Manaugh Decl. Ex. K at ¶ 10); and

    b. "BFLP acquired possession of the mortgage loan file for the Lodge Loan,

9

including the promissory note endorsed in blank through its document custodian"

(*id*. at ¶ 9).

Dated:  March 3, 2011
         Brooklyn, New York

                            Respectfully submitted,

                            _____
                            MEGHAN FAUX
                            SARA MANAUGH
                            JENNIFER LIGHT
                            RACHEL GEBALLE
                            South Brooklyn Legal Services
                            Foreclosure Prevention Project
                            105 Court Street, 3rd Floor
                            Brooklyn, New York 11201
                            (718) 237-5500
                            mfaux@sbls.org

                            JEAN CONSTANTINE-DAVIS
                            AARP Foundation Litigation
                            601 E Street NW
                            Washington, D.C. 20049
                             (202) 434-2058
                            JCDavis@aarp.org

                            J. CHRISTOPHER JENSEN
                            Cowan, Liebowitz & Latman, P.C.
                            1133 Avenue of the Americas
                            New York, New York 10036-6799
                            (212) 790-9204
                            jcj@cll.com

                            *Attorneys for Plaintiff*