UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------- X

MARY LODGE,                                         Case No. 05 Civ. 187 (KAM)

                    Plaintiff,

        - against -

UNITED HOMES, LLC, UNITED PROPERTY GROUP,
LLC, YARON HERSHCO, GALIT NETWORK, LLC,
OLYMPIA MORTGAGE CORP., BAYVIEW LOAN
SERVICING,     LLC,     BAYVIEW      ASSET
MANAGEMENT, LLC, US BANK AND TRUST, and
WILSHIRE CREDIT CORP.,



                    Defendants.
--------------------------------------------------------------------- X


# MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO STRIKE THE BAYVIEW DEFENDANTS' HOLDER IN DUE COURSE DEFENSE

**CROWELL & MORING LLP**
**590 Madison Avenue, 20th Floor**
**New York, New York 10022**
**(212) 895-4200**

**Timothy J. Fierst, Esq. (TF:3247)**
**Jamie C. Krapf, Esq. (JK:6287)**
                    *Of counsel*
**Attorneys for Bayview Loan**
**Servicing, LLC, Bayview Asset**
**Management, LLC and US Bank, N.A. as**
**Trustee**

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT                                             1

FACTUAL AND PROCEDURAL BACKGROUND                                1

ARGUMENT                                                         7

    Plaintiff's Request for a Broad Order of Preclusion is
    Not Warranted Under the Circumstances Since
    Bayview and Wachovia Complied with its Discovery
    Obligations by Producing Their Documents                    7

    A.  Plaintiff has not suffered any prejudice               13

    Under the Shelter Rule, Any Entity Which Took an Interest
    In the Note and Mortgage Through Wachovia, Succeeded
    To Wachovia's Rights, Including Those That it Possessed
    As a Holder in Due Course                                  15

    A.  Wachovia and U.S. Bank were both holders of the
        First Note                                              17

CONCLUSION                                                       19

## PRELIMINARY STATEMENT

Defendants US Bank, N.A., as trustee ("US Bank"), Bayview Loan Servicing, LLC

("Bayview") (collectively, the " Bayview Defendants") and Bayview Asset Management, LLC

("BAM"), by their attorneys, Crowell & Moring LLP, respectfully submit this memorandum of

law in opposition to the motion submitted by the plaintiff Mary Lodge ("Lodge" or "Plaintiff")

for an order pursuant to Fed. R. Civ. P. 37 (c)(1) and 56(a) striking the holder in due course

defense of the Bayview Defendants and BAM.

## FACTUAL AND PROCEDURAL BACKGROUND

The Court is respectfully referred to the Declaration of Timothy J. Fierst, Esq. dated

March 25, 2011 (the "Fierst Decl.") and the Declaration of Robert Hodapp (the "Hodapp Decl.")

submitted in opposition to Plaintiff's motion.

This action was commenced by Lodge (and plaintiffs in 5 other cases)[1] against defendant

United Homes and various appraisers, attorneys, and lenders who allegedly worked together with

United Homes to conduct a property-flipping scheme whereby prospective homeowners were

targeted based on race and deceived into buying a home in poor condition, whose value had been

vastly inflated.  Neither Lodge nor any of the other plaintiffs allege that the Bayview Defendants

or BAM had any involvement in this scheme and were made defendants in this action pursuant to

Fed. R. Civ. P. 19.

From the very beginning of this litigation, the Bayview Defendants have steadfastly held

that the original note was either in the possession of Wachovia as the custodian of the documents

---

[1] The additional five (5) actions are pending in this Court under case numbers 04-cv-0875, 05-cv-4386, 05-cv-5302, 05-cv-5362 and 05-cv-5679.  Neither Bayview nor Wachovia nor US Bank are a party to any of these other other five (5) actions.

1

or Bayview itself, which is secured by the first mortgage which is the subject of this action. *See* ¶¶ 8-10 to the Hodapp Dec. That note, along with the mortgage which was assigned to Wachovia Bank N.A. as trustee ("Wachovia"), provide a clear basis upon which Wachovia Bank N.A. as trustee was a holder in due course of the Lodge mortgage, and thus free and clear of any claims or defenses raised by Lodge. By virtue of the well established "shelter rule," the successors to Wachovia Bank, N.A. as trustee are likewise holders in due course of the Lodge note and mortgage, and thus free and clear of all of Lodge's claims and defenses. Possession of the original note itself provides this basis.

At the beginning of this action, after the parties exchanged their initial Rule 26(a) disclosures and in response to a Demand for Production of Documents (the "Demand") served by Lodge's counsel, Bayview and Wachovia (then a Rule 19 defendant to this action), served documents responsive to the Demand and indeed supplemented that response two (2) times. *See* the Fierst Decl. Additionally, Lodge's counsel, who also are counsel to Rodney Gibbons ("Gibbons") in one of the five (5) companion cases, served a Subpoena Duces Tecum (the "Subpoena") upon Bayview. The documents which were produced to Lodge pursuant to the Demand, in addition to the documents produced to Gibbons in response to the Subpoena, showed that the Lodge mortgage, which was assigned to Wachovia, was part of a securitization of a portfolio of various mortgage loans. The documents which were produced were the documents to which Bayview was aware and which Bayview reasonably believed satisfied Plaintiff's inquiry. *See* ¶¶ 18-23 to the Hodapp Decl.; ¶¶ 4-8 to the Fierst Decl.

Thereafter, on or about November 20, 2008, the deposition of Jack Silver of Bayview was taken by Plaintiff's counsel (the "Silver Deposition"). The deposition was attended by Jean Constantine-Davis, one of Lodge's attorneys, Robert Hodapp, First Vice President and Corporate

2

Counsel of Bayview and Timothy J. Fierst, attorney for the Bayview Defendants and Wachovia. At the deposition, the original note, in possession of Bayview, was shown to Ms. Davis by Messrs. Hodapp and Silver. *See* ¶ 10 to the Hodapp Decl.

During the Silver Deposition, Mr. Silver confirmed that the Lodge mortgage was part of a securitization trust and Mr. Hodapp indicated that the current securitization at the time was 2007. Lodge's attorney who conducted the deposition acknowledged that Wachovia/US Bank was the trustee and thus was aware of the identity of the securitized holder of the Lodge mortgage. *See* Ex. D to the Manaugh Decl., page 106 thererto. Indeed, Mr. Silver indicated that the same entity was the securitized holder of the Lodge mortgage, as US Bank was the successor to Wachovia. Lodge's counsel did not request the production of any further documents but vaguely asked "[c]an you get us information as to what loan it was put into?" There was no other loan;  the Lodge loan remained part of the trust of which US Bank was the trustee as indicated by Mr. Silver and acknowledged by Lodge's counsel. *See*  Ex. D to the Manaugh Decl., page 107 thereto.

Thereafter, after fact discovery was closed, Bayview and Wachovia submitted a motion for summary judgment upon the supporting declaration of Jack Silver, who explained the chain of title to the Lodge mortgage based upon information possessed by Bayview.  Once again, in his supporting Declaration, Mr. Silver confirmed that US Bank was the successor trustee to the trust that held the Lodge mortgage.  This confirms the information provided by Mr. Silver in his deposition. Further, Mr. Hodapp again confirmed in his Reply Declaration that Bayview continued in possession of the original note as exhibited to Lodge's counsel at the Silver Deposition. *See* Court Dkt. #s 454 and 455.

In opposition to the Bayview and Wachovia's motion, Lodge asserted as a defense to the motion that the holder in due course defense was unavailing.Lodge never submitted a cross-motion for summary judgment or submitted a motion to re-open discovery to seek any further documents. *See* Ct. Dkt. #456.

The Court denied Bayview and Wachovia's motion for summary judgment, holding that there was an issue of fact as to whether Bayview or Wachovia took the Lodge note and mortgage in good faith and without notice of claims or defenses, thus noting that an issue of fact existed as to whether Bayview or Wachovia could establish elements of the holder in due course defense.

Thereafter, after the parties began preparing their submissions for the joint pre-trial order, in January 2011 Lodge's counsel sought documents relating to Bayview's confirmation that US Bank was the holder of the Lodge mortgage as successor to Wachovia, the same information offered by Jack Silver two (2) years prior. *See* ¶ 26 to the Hodapp Decl.

On January 13, 2011, counsel for Bayview and Wachovia confirmed at Lodge's counsel's request that it was representing the interests of US Bank as the successor to Wachovia, and provided counsel for Lodge with an Assignment and Assumption Agreement between Wachovia and US Bank establishing that US Bank succeeded to the interests of Wachovia as trustee as the holder of the Lodge mortgage (among others).  However, that same day, Lodge's counsel submitted a letter motion to the Court for an order compelling the production of further documentation. *See* ¶¶ 28-29 to the Hodapp Decl.

During a telephone conference with Magistrate Judge Mann to address the request by Lodge's counsel, Her Honor opined that both parties could share the blame for not pursuing the requested documents earlier.  In doing so, Judge Mann ordered that Wachovia and Bayview provide documents establishing the chain of the securitization of the Lodge mortgage, although

4

US Bank was and continued to be the successor trustee. Bayview was able to obtain the documents ordered by the Court from Thomas Carr, the Senior Vice President at Bayview Financial Management Corp. and forwarded those documents to Lodge's counsel. *See* ¶30 to the Hodapp Decl.

Upon review of those documents, they reveal that US Bank succeeded to the position of trustee as a result of the purchase of Wachovia's trustee assets in 2005 after Wachovia was already serving as trustee under the 2003-E Trust. *See* ¶ 9 to the Hodapp Decl. When that 2003-E Trust by its terms terminated, in October 2006 Bayview, purchased the assets of the trust from US Bank. In December 2006, Bayview Financial transferred the Lodge loan and re-resecuritzed it into the Bayview Financial Revolving Asset Trust 2005-A for which US Bank served as trustee. In September 2007, the Lodge loan was re-securitized into the current Bayview Asset-Backed Securities Trust Series 2007-30 which by its terms lists US Bank as Trustee. *See* Ex. I, M, N, O and Q to the Manaugh Decl.. Mr. Carr explained the re-securitization of the Lodge loan. *See* Ex. K to the Manaugh Decl.

The documents forwarded to Lodge's counsel pursuant to Judge Mann's directive confirmed that that Lodge mortgage was part of a securitization and was transferred from Wachovia as trustee, which the holder of the original note. *See* ¶ 8-9 to the Hodapp Decl. When the Lodge mortgage was first sold to Wachovia, the original note was also transferred. *See* ¶¶ 7-9 to the Hodapp Decl. Each holder of the Lodge loan, therefore whether it be US Bank, Bayview and back to US Bank as trustee, those entities benefit from Wachovia's status as holder in due course under the "shelter rule" provided by the Uniform Commercial Code.

Thereafter, upon producing the documents directed by Judge Mann, Lodge's counsel demanded additional documents which counsel contended were outstanding. Lodge's counsel

5

submitted a further letter motion seeking an award of attorneys' fees, an order of preclusion and an order compelling the delivery of additional valuation documents, all based upon the assertion that Bayview and Wachovia engaged in dilatory discovery. *See* Ct. Dkt. # 504. Based upon the tenor of the opposition submitted to that motion, Judge Mann granted the application for counsel fees, the amount of which remains *sub judice*, ordered the delivery of the additional documents and granted leave to submit the current motion for an order of prelusion for the holder in due course defense.

All of the information upon which Lodge relies for the basis of her motion that she alleges has only come to light now, *i.e.,* the fact that the Lodge mortgage was the part of a securitization, that the loan was transferred various times between trust entities and that Plaintiff was unable to determine who the owner of the Lodge loan was was revealed during initial document production and the Silver Deposition. Additionally, possession of the note has always been maintained in Wachovia and Bayview, a point of fact which Lodge conveniently ignores. Documents were provided to Lodge to the extent that either Bayview or Wachovia were aware they existed. The holder in due course defense is sustainable, even with the production of the new securitization documents, through the application of the UCC's "shelter rule."

6

**ARGUMENT**

## PLAINTIFF'S REQUEST FOR A BROAD ORDER OF PRECLUSION IS NOT WARRANTED UNDER THE CIRCUMSTANCES SINCE BAYVIEW AND WACHOVIA COMPLIED WITH ITS DISCOVERY OBLIGATIONS BY <u>PRODUCING THEIR DOCUMENTS</u>

Rule 37(c)(1) provides, "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such a failure is harmless, permitted to use [it] as evidence at a trial in addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions." Fed.R.Civ.P. 37(c)(1). "Notwithstanding the seemingly mandatory language of the rule, even where the failure to disclose is neither "justifi[ed]" nor "harmless," the Second Circuit has viewed the imposition of sanctions as discretionary and district courts have generally not ordered preclusion." *Mahoney v. Keyspan Corp.*, 2007 WL 1651853 (E.D.N.Y 2007). Indeed, a preclusion order is a serious remedy that should not be imposed unless "there is some showing of willful disobedience or gross indifference to the rights of the adverse party, deliberate callousness or intended negligence." 4A Moore's Federal Practice §37.03(2) at 37-78-37-79.

Here, Bayview, the servicer for the holder of the mortgage, searched the records and documents in its custody and produced documents of which it was aware and which Bayview reasonably believed satisfied the Plaintiff's inquiry. Indeed, Bayview produced documents relative to the securitization of the Lodge

7

loan  *See* ¶ 20 to the Hodapp Decl., *see* the Fierst Decl.  After the Court granted the

Plaintiff's motion to compel production of documents relating to the re-

securitization of the Lodge loan, Mr. Hodapp contacted employees of other Bayview

entities and was able to obtain copies of the re-securitization documents showing

the chain of title to the First Note and First Mortgage.  *See* ¶¶ 25-28 to the Hodapp

Decl.   Bayview did not at any time willfully disobey any order of this court, act with

gross indifference to the rights of Plaintiff, or otherwise act with deliberate

callousness or intended negligence.  In fact, Bayview was voluntarily and in good

faith undertaking to satisfy the Plaintiff's inquiry into the re-securitization of the

loan the same day Plaintiff submitted its motion to compel.  *See* ¶¶ 27-29 to the

Hodapp Decl.  Thus, in addition to the fact that Bayview was voluntarily complying

with Plaintiff's belated inquiries into the re-securitization of the Lodge loan,

Bayview also readily complied with the Court's order.  *See* ¶¶ 29-30 to the Hodapp

Decl.

        Although Plaintiff's current motion contains a convoluted description of the

chain of title to the Lodge loan, the actual facts are not confusing.  Plainly stated, at

the time this action was commenced, Wachovia was the owner and holder of the

Lodge loan as trustee, and Bayview was the servicer for Wachovia.

Pursuant to its discovery obligations under Rule 26 and Rule 34, Bayview provided

whatever documents regarding the securitization, re-securitization, and servicing

rights it was aware existed.  Bayview did not engage in a wilfull disobedience of the

8

Plaintiff's inquiries, but was already voluntarily producing the documents requested prior to the Plaintiff submitting a motion to compel.

On January 4, 2011, more than two (2) years after the Silver Deposition, Plaintiff's attorneys represented that they wanted to make sure that they had properly named and any all entities that might have an interest in the Lodge loan. *See* Ex. D to the Manaugh Decl.

Although Bayview, US Bank and Wachovia never hid the fact that US Bank is now the holder of the Lodge loan, and in fact Jack Silver made such an affirmative representation during his deposition when he advised Plaintiff's counsel that the Lodge loan was part of a re-securitization, Plaintiff did not thereafter seek to amend its complaint or otherwise seek documents regarding US Bank's interest until two (2) years later when the parties were preparing the joint pre-trial order. Since Bayview was not aware that any other documents existed with respect to further securitization of the Lodge loan beyond the initial securitization to the 2003-E Trust, it could not have supplemented its responses to provide those documents. Jack Silver gave Plaintiff notice of U.S. Bank's interest in the Lodge loan at his deposition, and US Bank itself was never served with any subpoena  The Bayview Defendants did not have either an opportunity or the ability to provide Plaintiff with the documents.

Specifically, Fed. R. Civ. P. 26 and 34 require parties to turn over only those documents that are in their custody and control and Fed. R. Civ. P. 26(e) requires supplementation of previously produced discovery responses when an adverse party

9

is not otherwise made aware of the new facts.  Plaintiff was made aware of the new

facts by the Silver Deposition, yet never pursued those facts until two (2) years

later.

   "Rule 26(e)(2) imposes upon parties a duty to seasonably amend prior

responses to interrogatories, requests for production, or requests for admissions if

"the party learns that the response is in some material respect incomplete or

incorrect and if the additional or corrective information has not otherwise been

made known to the other parties during the discovery process or in writing." *Texas

Instruments, Inc. v. Powerchip Semiconductor Corp., 06 Civ. 2305, 2007 WL

1541010, at* *10 (S.D.N.Y. May 24, 2007) (quoting Fed. R. Civ. P. 26(e)(2)).  Here,

Bayview did not believe that its production was incomplete or needed to be

supplemented since it was unaware of the additional securitization documents

recently produced to Plaintiff's counsel and because Jack Silver made the additional

re-securitization information known to Plaintiff's counsel during his deposition.

Plaintiff never pursued or furthered the new information revealed by Mr. Silver

   "Preclusion of evidence is generally a disfavored action." *American Stock

Exchange, LLC v. Mopex, Inc.,* 215 F.R.D. 87, 93, (S.D.N.Y. 2002) (citing *Ward v.

National Geographic Soc'y,* No. 99 civ 12385, 2002 WL 27777, at *2 (S.D.N.Y. Jan.

11, 2001)) (acknowledging that preclusion is a "drastic remedy" to be imposed only

"in those rare cases where a party's conduct represents flagrant bad faith and

callous disregard of the Federal Rules of Civil Procedure").  Here, there was no bad

faith or callous disregard of the Federal Rules of Civil Procedure because Bayview

complied with the initial discovery demands by Plaintiff and supplemented those demands, voluntarily complied with Plaintiff's inquiries two (2) years after the Silver Deposition on the same day Plaintiff saw fit to file a letter motion to compel discovery, and immediately complied with the Court's order to produce documents. Neither Bayview nor Wachovia were shunning their discovery obligations. They in good faith responded to the Plaintiff's initial inquiries, inquiries made after preparation of the joint pre-trial order and the Court's order requiring production of the re-securitization documents notwithstanding the fact that Bayview was already undertaking to comply with the request.

"Despite the mandatory nature of Rule 37(c)(1), the 2d Circuit has held that preclusion is a discretionary remedy even if "the trial court finds that there is no substantial justification and the failure to disclose is not harmless." *Design Strategy, Inc. v. Davis,* 469 F.3d 284, 297 (2d Cir. 2006).

"To determine whether evidence should be precluded a court should consider: (1) the explanation for the failure to disclose, (2) the importance of the evidence to be precluded, (3) prejudice if the evidence were not precluded, and (4) the possibility of a continuance." *DeSantis v. Deutsche Bank Trust Co. Ams., Inc.,* 2009 WL 66351, at *4 (S.D.N.Y. Jan. 9, 2009) (citing *Patterson v. Balsamico,* 440 F.3d 104, 117 (2d Cir. 2006).

"The purpose of the rule is to prevent the practice of 'sandbagging' an opposing party with new evidence." *American Manufacturers Mutual Insurance Co.*

11

*v. Payton Lane Nursing Home, Inc.*, 2010 WL 670086, *3 (E.D.N.Y. Feb. 22, 2010)

(citing *Ebewo v. Martinez*, 309 F.Supp.2d 600, 607 (S.D.N.Y. 2004).

Plaintiff's counsel has had a full opportunity to review the re-securitization

documents which were provided on January 28, 2011.  The documents provide the

information which Jack Silver provided in his deposition, that the Lodge loan was

re-securitized in 2007.

Additionally, Bayview has offered the deposition of Thomas Carr of Bayview

Financial to explain the re-securitization documents, but Plaintiff's counsel has

rejected the offer and opportunity.

Bayview has complied with Plaintiff's Demand for Discovery and Inspection

and provided the trust documentation for the 2003-E Trust of which Bayview was

aware and further undertook to provide documents satisfying Plaintiff's inquiries in

January 2011.  Clearly, Bayview and Wachovia have not shunned their discovery

obligations and have not distorted or concealed facts.  There is no proof of such

charge.  Indeed, the statements attributable to Bayview within the chart on pages

20-23 to Plaintiff's Memorandum of Law were made based upon the documents and

information which Bayview was aware of at the time.  Further, any statements

made by Mr. Silver in his deposition to which Plaintiff takes exception may be

subject to cross-examination at trial.

Bayview consented to Plaintiff's request to amend the caption and provide for

the proper owner of the Lodge loan, US Bank.  Clearly, Plaintiff was aware of this

in November of 2008 but sought to do nothing about it for more than two (2) years.

It is submitted that the Plaintiff is distorting the issues presented in this case. The issue is whether Lodge was defrauded by the parties from whom she purchased the premises at issue and how that relates to the resulting remaining mortgage on the premises. Wachovia was a holder of the Lodge loan in 2003, and the number of securitizations thereafter is irrelevant under the "shelter rule" doctrine.

**A.      Plaintiff Has Not Suffered Any Prejudice**

Although Plaintiff contends that it has suffered prejudice, she clearly has not. As Plaintiff admits in its motion papers, "the documents reflect that the holder is now U.S. Bank as trustee of the 2007 trust." *See* page 16 to the Memorandum of Law in Support of Plaintiff Mary Lodge's Motion to Strike the Bayview Defendants' Holder-in-Due Course Defense.

On December 6, 2010, the parties met at the offices of Lodge's counsel to discuss evidentiary issues presented by the drafts of the joint pre-trial order. At that time, no mention or discussion of any documents relative to re-securitization of the Lodge loan was had. On January 6, 2011, Plaintiff's counsel was advised that the part of Lodge's amended complaint that alleged US Bank was the holder of the Lodge loan would be admitted and documents relative to that information was being searched for.

Bayview requested that the joint pre-trial order be amended to include Thomas Carr of Bayview Financial as a defense witness so he could further explain and testify to the re-securitization documents which were belatedly requested by

13

Plaintiff.  In fact, Bayview offered Thomas Carr's deposition to the Plaintiff which the Plaintiff summarily rejected and denied the request to add Mr. Carr as a witness.  Judge Mann denied Bayview's request to add Mr. Carr as a witness to the joint pre-trial order.

Since Wachovia, at the time it took its assignment of the Lodge loan from Olympia, was a holder in due course, all other entities that took an interest through the chain of title from Wachovia step into the shoes of Wachovia and retain the rights of a holder in due course pursuant to the Shelter Rule set forth in N.Y.U.C.C. §3-201(1).  This rule holds true regardless of whether the successor entities to Wachovia knew of the pending litigation and Plaintiff's claims against the validity of the First Note and First Mortgage.

As a result, the only inquiries to be made in this case are a) whether Wachovia was a holder in due course and b) whether U.S. Bank is now a holder. Since the holder in due course inquiry remains the same today as it was on the day this law suit was commenced, Plaintiff cannot claim to have been prejudiced in any manner.  In fact, Plaintiff litigated and opposed Bayview's assertion of holder in due course in Plaintiff's opposition to Bayview and Wachovia's motion for summary judgment, which was denied by the Court with the holding that there is an issue of fact as to the status of holder in due course.  *See* Ct. Dkt. # 456.

Likewise, as shown below, and in all of the prior pleadings, motions, and Jack Silver's deposition, the First Note was endorsed in blank by Olympia and delivered to Bayview.  To this day, Bayview maintains possession and control of the First

14

Note.  As a result, U.S. Bank, the entity for whose benefit Bayview possesses the First Note, is a holder under the U.C.C.

Contrary to the assertion made by Plaintiff, she was not prejudiced in prosecuting her case.  Indeed, Bayview, Wachovia and now US Trust are Rule 19 defendants.  There are no allegations or wrongdoing against those parties, and there is no demand for monetary damages made against them.  Merely, Plaintiff seeks to remove the mortgage upon the premises based upon the alleged bad conduct of the other defendants, to which Bayview and US Bank should not be subject based upon the shelter rule.  This fact the Plaintiff cannot avoid.

## UNDER THE SHELTER RULE, ANY ENTITY WHICH TOOK AN INTEREST IN THE NOTE AND MORTGAGE THROUGH WACHOVIA, SUCCEEDED TO WACHOVIA'S RIGHTS, INCLUDING THOSE THAT IT POSSESSED AS A HOLDER IN DUE COURSE

The Shelter Rule is embodied in U.C.C. 3-201(1) and provides:

"transfer of an instrument vests in the transferee such rights as the transferor has therein, except that a transferee who has himself been a party to any fraud or illegality affecting the instrument or who as a prior holder had notice of a defense or claim against it cannot improve his position by taking from a later holder in due course."

Plaintiff's argument that U.S. Bank cannot be a holder in due course under the Shelter Rule because it held the Note and Mortgage twice in the chain is incorrect.  U.S. Bank did not try to convert any non-holder in course status to holder in due course status by transferring it.  U.S. Bank did not try to "wash the paper clean" and thereby improve its status.  Not one entity in the chain of title from Wachovia was involved in the alleged fraud.

15

The Shelter Rule is designed to guarantee a holder in due course a ready market for its negotiable instrument. There is no hindrance to the applicability of the shelter rule and thus the holder in due course defense simply because a loan was transferred numerous times as the Plaintiff asserts. Regardless if subsequent holders took the instrument with knowledge of a claim or defense, that is just what the "shelter rule" applies to.

"Thus, when a transferee takes an instrument from a holder in due course the transferee takes free from all claims and defenses to the same extent as did the holder in due course even if the transferee is aware of those claims and defenses. If this was not the rule, a holder in due course could be deprived of a market for the instrument if the obligor widely disseminated notice of a claim or defense [which would] harm the holder in due course by destroying the market for the instrument." *Manufactureres Hanover Trust Company v. Robinson*, 157 Misc.2d 651, 655, 597 N.Y.S.2d 986, 988, *citing Finalco v. Roosevelt*, 235 Cal.App.3d 1301, 1305-1306, 3 Cal.Rptr.2d 865, 867, (Cal.Ct.App. 1991). The statute therefore permits a holder with notice of defenses to acquire the rights of a holder in due course. Id. at 656. Actual notice of claims, as the Plantiff relies upon, is irrelevant. The status of the party to be examined here is Wachovia when it acquired the Lodge loan in 2003 and not US Bank or Bayview, who would have acquired the Lodge loan afterwards, making the "shelter rule" applicable.

Under the Shelter Rule, if a holder purchases the instrument from a holder in due course, then the holder acquires the holder in due course status of the seller by

16

means of the Shelter Rule of 3-201.  Thus, if Wachovia was a holder in due course,

so also were the entities to which it transferred the First Note and First Mortgage.

U.S. Bank doesn't claim to be a holder in due course in its own right, but rather

claims to have assumed that status from Wachovia under the Shelter Rule.  Thus, if

Wachovia enjoys the status of holder in due course, so does U.S. Bank as its

transferee.  *DH Cattle Holdings Co. v. Kuntz*, 165 A.D.2d 568, 570, 568 N.Y.S.2d

229, 230 (3d Dep't 1991).

### A.   Wachovia and U.S. Bank Were Both Holders of the First Note.

Under U.C.C. 1-201(20) a "holder" includes "a person who is in possession

of...an instrument...indorsed...in blank."  At the time that the Lodge loan was sold

by Olympia, including the First Note and First Mortgage, Wachovia and ultimately

Bayview, took possession of the First Note, which was endorsed in blank.  *See* ¶¶ 7-

10 to the Hodapp Decl.  As Bayview has steadfastly maintained possession of the

original note throughout this litigation, which has been endorsed in blank, and

which Bayview now holds as servicer for the owner of the loan.  It is a general rule

that possession of a negotiable instrument is presumptive evidence of ownership

and that its possession and production at trial is sufficient prima facie proof of

ownership.  Thus, a holder makes out his or her case by mere production of the

instrument.  Official Comment 2 to McKinney's U.C.C. 3-207.  N.Y. Jur 2d. PROOF

OF STATUS AS HOLDER OR OWNER 271.

17

These facts have not changed, regardless of re-securitization of the Lodge loan.

Plaintiff's attempts to cast doubt upon Wachovia's holder status by pointing out irregularities on the face of the assignment of mortgage document are misplaced since under New York law, a valid assignment "merely requires a completed transfer of the entire interest of the assignor that divests the assignor of all control over the right assigned." *Caribe Carriers, Ltd.v. C.E. Health & Co.*, 784 F. Supp. 1119, 1126 (S.D.N.Y. 1992). Indeed, assignments can be effected solely by the transfer of the relevant note and mortgage. *See* N.Y. Real Property Law §244 ("A grant takes effect, so as to vest the estate or interest intended to be conveyed, only from its deliver; and all the rules of law, now in force, in respect to the delivery of deed, apply to grants hereafter executed."); *see also Deutsche Bank Nat'l Trust Co. McRae*, 27 Misc.3d 247, 894 N.Y.S.2d 720) (citing *Fryer v. Rockefeller*, 63 N.Y. 268 (1875); *Curtis v. Moore*, 152 N.Y. 159 (1897); N.Y. Jur.2d MORTGAGES AND DEED OF TRUST §272 (2009) ("A mortgage can be assigned in two ways—by delivery of the bond and mortgage by the assignor to the assignee with the intention that all ownership interests thereby transferred, or by a written instrument of assignment.").

Moreover, since a mortgage passes with the debt as an inseparable incident, a note holder only needs to prove transfer of the note. *In re Conde-Dedonato*, 391 B.R. 247, 251 (Bankr. E.D.N.Y. 2008); *see also Wells Fargo Bank, NA v. Perry*, 875 N.Y.S.2d 853, 856 (Sup. Ct. Suffolk Cty 2009) (holding, "[t]he plaintiff's reliance on

18

such allonge endorsement to establish its ownership of the subject mortgage is supported by case authorities which have held that an endorsement of a mortgage note that constitutes a negotiable instrument effectively transfers any mortgage given as security for said note as an incident thereof.").   Since assignment of a note is proper if the assignee can show (1) physical delivery or (2) written assignment, and under New York law a mortgage follows the note, the fact that the original note has always beein the possession of Wachovia and Bayview, as servicer, for the benefit of owner of the note and mortgage, necessitates a finding that Wachovia and its successors in interest, including US Bank, are holders.

Therefore, as possessors of the original note, the defense of holder in due course is fully availing to the Defendants.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that Plaintiff's motion for an order striking the defense of holder in due course should be denied in its entirety.

Dated:  New York, New York
          March 25, 2011

Respectfully submitted,
CROWELL & MORING LLP

By:_____
          Timothy J. Fierst, Esq.
Attorneys for Defendants
US Bank, N.A., as trustee, Bayview Loan Servicing, LLC and Bayview Asset Management, LLC
590 Madison Avenue, 20th Floor
New York, New York 10022
(212) 895-4200

19