UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SANDRA C. BARKLEY,
                              Plaintiff,

                -against-                              04 CV 875 (KAM) (RLM)


UNITED HOMES, LLC, et al.,
                              Defendants.
----------------------------------------------------------X
----------------------------------------------------------X
MARY LODGE,
                              Plaintiff,

                -against-                              05 CV 187 (KAM) (RLM)


UNITED HOMES, LLC, et al.,
                              Defendants.
----------------------------------------------------------X
----------------------------------------------------------X
DEWITT MATHIS,
                              Plaintiff,

                -against-                              05 CV 4386 (KAM) (RLM)


UNITED HOMES, LLC, et al.,
                              Defendants.
----------------------------------------------------------X
----------------------------------------------------------X
RODNEY GIBBONS & SYLVIA GIBBONS,
                              Plaintiffs,

                -against-                              05 CV 5302 (KAM) (RLM)


UNITED HOMES, LLC, et al.,
                              Defendants.
----------------------------------------------------------X
----------------------------------------------------------X
MILES MCDALE & LISA MCDALE,
                              Plaintiffs,

                -against-                              05 CV 5362 (KAM) (RLM)


UNITED HOMES, LLC, et al.,
                              Defendants.
----------------------------------------------------------X
----------------------------------------------------------X
CHARLENE WASHINGTON,
                              Plaintiff,

                -against-                              05 CV 5679 (KAM) (RLM)


UNITED HOMES, LLC, et al.,
                              Defendants.
----------------------------------------------------------X

Defendants United Homes, United Property Group, and Galit Network (collectively "UH

Defendants") and Yaron Hershco respectfully propose the following jury instructions:


## THE SHOWING PLAINTIFFS MUST MAKE IN ORDER TO ESTABLISH A PRIMA FACIE CASE OF HOUSING DISCRIMINATION

In order to establish an actionable violation of the Fair Housing Act, the plaintiff must make an affirmative showing that the challenged actions were either (i) motivated by intentional discrimination or (ii) resulted in a discriminatory effect.

Authority: *Doe v. City of Butler, Pennsylvania,* 892 F.2d 315, 323 (3d Cir. 1989); Resident *Advisory Bd. v. Rizzo*, 564 F.2d 126, 142 (3d Cir. 1977); *LeBanc-Sternberg v. Fletcher*, 67 F.3d 412, 425 (2d Cir. 1995).

The Plaintiffs' burden of proof includes showing either that the Defendant had a "direct discriminatory intent… through direct or circumstantial evidence."

Source: *Kormoczy v. Dep't of Housing & Urban Dev*., 53 F.3d 821, 823-24 (7th Cir. 1995).


## THE SHOWING PLAINTIFFS MUST MAKE IN ORDER TO DEMONSTRATE THAT THE CHALLENGED ACTIONS WERE MOTIVATED BY INTENTIONAL DISCRIMINATION

Determining "whether invidious discriminatory purpose was a motivating factor demand a sensitive inquiry into such circumstantial and direct evidence of intent as may be available."

Authority: *Village of Arlington Heights v. Metro House Dev. Corp*. 429 U.S. 252, 266 (1977).

In order to prevail on a claim under the Fair Housing Act, plaintiffs must show that race was a motivating factor in the alleged discriminatory action.

Authority: *United States v. Branella*, 972 F.Supp. 294, 297-98 (D. NJ 1997).


## THE SHOWING PLAINTIFFS MUST MAKE IN ORDER TO ESTABLISH THAT THEY WERE DISCRIMINATED AGAINST AS A RESULT OF "DISCRIMINATORY INTENT"

To find discriminatory intent, the following factors are considered: (i) discriminatory impact of the challenged practice of policy; (ii) the historical background of the challenged decision; (iii)

the "sequence of events leading up to the challenged decision"; (iv) departures from "normal procedural sequences"; (v) departures from normal substantive criteria; and (vi) legislative or administrative history of the challenged decision.

Authority: Rizzo, supra, 564 F.2d at 142, n. 2 (citing Village of Arlington Heights, supra 429 U.S. at 265.

## THE SHOWING THAT PLAINTIFF MUST MAKE TO ESTABLISH TO SUE UNDER FAIR HOUSING ACT

To satisfy the Article III standing requirement, a party must meet a three-prong test. First, a plaintiff must demonstrate that it has suffered a concrete, particularized, actual or imminent injury in fact. Source: *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The second prong is the traceability or causation requirement. A plaintiff must illustrate a causal connection between the alleged injury and defendants' challenged conduct. Source: *Fair Hous. Council of Suburban Phila. v. Montgomery Newspapers*, 141 F.3d 71,74 (3d Cir. 1998). Lastly, the third prong requires a plaintiff to show that the alleged injury will likely be redressed by a favorable decision. The redressability requirement ensures that legal questions presented to the court will be resolved in a concrete manner, and that they demonstrate a real need for a court to exercise its power.
Source: *Warth v. Seldin*, 422 U.S. 490, 508 (1975).

Plaintiffs in this case allege in conclusory terms that they were somehow injured, or damaged, as a result of Defendants selling them houses. As *Lujan, supra* pointed out, the demonstration of concrete, particularized, actual, or imminent injury in fact is an initial threshold hurdle which Plaintiffs must overcome before any other portion of their case may be heard.

In addition to *Lujan, supra* this proposition has more recently been affirmed in Louisiana ACORN Fair Housing v. LeBlanc, 211 F.3d 298 (5th Cir. 2000).

## DOCTRINE OF CAVEAT EMPTOR

The doctrine of caveat emptor imposes no duty on the seller or the seller's agent to disclose any information concerning the premises when the parties deal at arms length, unless there is some conduct on the part of the seller or the seller's agent which constitutes active concealment; if however, some conduct, more than mere silence, on the part of the seller rises to the level of active concealment, a seller may have a duty to disclose information concerning the property. To maintain a cause of action to recover damages for active concealment, the plaintiff must show, in effect, that the seller or the seller's agents thwarted the plaintiff's efforts to fulfill his responsibilities fixed by the doctrine of caveat emptor.

To recover damages for fraud, a plaintiff must prove: (1) a misrepresentation or an omission of material fact which was false and known to be false by the defendant; (2) the misrepresentation was made for the purpose of inducing the plaintiff to rely upon it; (3) justifiable reliance of the plaintiff on the misrepresentation or material omission; and (4) injury.

Source: *Jablonski v. Rapalje*. 14 A.D.3d 484, 788 N.Y.S.2d 158, 2005 N.Y. Slip Op. 00129 (2005).

## FALSUS IN UNO

If you find that any witness has willfully testified falsely as to any material fact, that is as to an important matter, the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything. You are not required, however, to consider such a witness as totally "unbelievable". You may accept so much of his or her testimony as you deem true and disregard what you feel is false. By the processes which I have just described to you, as the sole judges of the facts, decide which of the witnesses you will believe, what portion of their testimony you accept and what weight you will give to it.

Source: PJI 1:22.

## NO INFERENCE FROM RULINGS

In their arguments, the attorneys have asked you to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other fact. An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist. There are times when different inferences may be drawn from facts, whether proven by direct or circumstantial evidence. The plaintiff may ask you to draw one set of inferences while the defendant asks you to draw another. It is for you and you alone, to decide what inference, if any, you will draw. In drawing inferences, you should exercise your common sense, and draw, from the facts which you find to be proved, such reasonable inferences as would be justified in light of your experience.

Source: PJI 1:39.

## EXCLUDE SYMPATHY

In reaching your verdict you are not to be affected by sympathy for any of the parties, what the reaction of the parties or the public to your verdict may be, whether it will please or displease anyone, be popular or unpopular or, indeed, any consideration outside the case as it has been presented to you in this courtroom. You should consider only the evidence- both the testimony and the exhibits- find the facts from what you consider to be the believable evidence, and apply the law I now give to you. Your verdict will be determined by the conclusion you reach, no matter whom the verdict helps or hurts. More specifically, you should not take the plaintiffs alleged injuries into consideration when deciding the liability portion of this matter. In the first instance, you will be asked to determine whether or not the defendants were negligent in this matter; if so, whether the defendants could have reasonably foreseen injuries as a result of their

conduct; and whether the defendants conduct was a substantial factor in bringing about the plaintiffs alleged injuries. In making your determination as to whether the defendants were negligent, you should not use sympathy for either of the parties to guide your decision.

Source: PJI 1:27.

## CORPORATE PARTIES

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A privately owned corporations, such as UH Defendants, are entitled to the same fair trial at your hands as a private individual. All persons, including corporations, partnerships, unincorporated associations, and other organizations, stand equal before the law, and are to be dealt with as equals in a court of justice.

Source: Edward J. Bevitt, et al., Federal Jury Practice and Instructions § 71.04 (4th Ed. 1987 & 1996 Supp.).

## PRETEXT FOR DISCRIMINATION

In the event you determine that Plaintiffs have established the prima facie elements of Plaintiffs claims, a presumption of discrimination arises. The burden of production (but not persuasion) then shifts to UH Defendants to provide a legitimate, non-discriminatory reason for its actions. UH Defendants' burden is not a heavy one; indeed, UH Defendants need not prove that it was actually motivated by legitimate reasons. Instead, UH Defendants have made a showing of the reasons for its actions, and therefore the burden shifts back to Plaintiffs to prove that UH Defendants intentionally discriminated against her on a prohibited ground.
In other words, you must determine whether UH Defendants' articulated legitimate, non-discriminatory reasons for its actions were pretextual. You must determine whether a discriminatory reason more likely motivated the action, or whether UH Defendants' proffered explanation for its actions is unworthy of belief.

Source: *Pugliese v. Verizon New York Inc.*, Opinion and Order dated July 9, 2008 at p. 19 (S.D.N.Y. 2008).

## EACH ELEMENT OF CLAIM; INTENT TO DISCRIMINATE

I will now instruct you as to how to determine whether Plaintiffs have proven the elements of each of their claims by a preponderance of the credible evidence. Based on the following instructions and your evaluation of the facts, it will be your job to decide whether Defendants violated the law, as Plaintiffs allege. You must consider each of Plaintiffs' claims separately. In order to prevail on each of these claims, Plaintiffs at all times bear the burden of proving by a preponderance of the evidence that an intent to discriminate against them on the basis of race, motivated each of Defendant's actions. If you find, however, that the UH Defendants' actions were not motivated by an intent to discriminate against Plaintiffs, but rather that Defendant took these actions for other reasons, then you must return a verdict for Defendant.

Source: New York Pattern Jury Instructions, § 1:35 (3d ed. 2003).

## PLAINTIFFS' ULTIMATE BURDEN

Plaintiffs may prevail on their claims only if they satisfy their burden of proving that the Defendants intentionally discriminated against them. To do so, Plaintiffs must establish by a preponderance of the evidence that her race was a determinative factor in the actions about which they complain. Even if you find that the reasons given by Defendants were not the real reasons, you may not find in favor of the Plaintiffs simply because you disbelieve Defendants; you must also believe that the real reason for Defendants' decisions was intentional discrimination against Plaintiffs. In evaluating the reasons offered by Defendants, it is not your function to determine whether those reasons reflect wise or unwise judgment. Nor are you to determine whether Defendants' decisions were fair or unfair. Defendants do not have the burden of proving the absence of discriminatory motive. The burden always stays with the plaintiffs and it is up to the plaintiffs to prove that a determining factor for these decisions was intentional discrimination. If Plaintiff fails to meet this burden, you must find in favor of Defendants.

Source: *Pugliese v. Verizon New York Inc*., Order and Opinion dated July 9, 2008 (S.D.N.Y. 2009).

## TREATMENT OF SIMILARLY-SITUATED INDIVIDUALS

One of the ways for Plaintiffs to prove discrimination is to show that they were treated differently under Defendants' policies about which they complained from homebuyers who were similarly-situated to Plaintiffs in all material respects. For a homebuyer to be similarly-situated to Plaintiffs in all material respects, you must determine (1) whether Plaintiffs and those they maintain were similarly-situated were subject to the same standards; and (2) whether the actions of Plaintiffs for which Defendants imposed their policies were comparable to the actions of those with whom Plaintiffs seek to compare themselves. There should be an "objectively identifiable basis for comparability." Hence, the standard for comparing conduct requires a reasonably close resemblance of the facts and circumstances of Plaintiffs' and comparators' cases, rather than a showing that both cases are identical.
If you find that Plaintiffs have not proffered any credible evidence to show how other similarly-situated homebuyers were treated with respect to these policies or that they were treated better than Plaintiffs, you cannot find that Plaintiffs were treated differently under these policies because of race. Similarly, if you find that evidence has been proffered to show that other similarly-situated homebuyers were treated the same as Plaintiffs with respect to these policies, then you cannot find that Defendants took an adverse action against Plaintiffs because of race.

Source: Graham v. Long Island R.R., 230 F.3d 34, 40 (2d Cir. 2000); Norville v. Staten Island Univ. Hosp.,196 F.3d 89, 96 (2d Cir. 1999); Shumay v. United Parcel Serv. Inc., 188 F.3d 60, 63 (2d Cir. 1997);Stanojev v. Ebasco Servs. 643 F.2d 914, 923 (2d Cir. 1981); Molin v. Permafiber Corp., No. 01 Civ. 9279, 2002 U.S. Dist. LEXIS 23674, at *18-19 (S.D.N.Y. Dec. 9, 2002); Cooper v. Morgenthau, No. 99 Civ. 11946, 2001 U.S. Dist. LEXIS 10904, at *21 (S.D.N.Y. July 31, 2001); Winnie v. City of Buffalo Police Dep't, No. 00-CV-0128E, 2003 U.S. Dist. LEXIS 1497, at *18-19 (W.D.N.Y. Jan. 13, 2003).

## MEMBERSHIP IN PROTECTED CLASS ALONE
## IS INSUFFICIENT TO PROVE DISCRIMINATION

Plaintiffs cannot raise an inference of discrimination simply by showing that they are members of a protected class and that they were subject to an adverse action. Plaintiffs must show a connection between membership in a protected class and Defendants' actions; the mere fact of protected status and an adverse action is insufficient. You must remain focused on the fact that it is Plaintiffs burden to convince you, based upon a preponderance of the credible evidence, that Defendants took an adverse action against them because of an intention to discriminate against them.

Source: Berhanu v. N.Y. State Ins. Fund, No. 91 Civ. 4956, 1999 U.S. Dist. LEXIS 15548, at *34-35 (S.D.N.Y. Sept. 28, 1999), aff'd, No. 99- 94367, 2001 U.S. App. LEXIS 13755 (2d Cir. June 18, 2001); Johnson v. Rueben H. Donnelly Corp., No. 95 Civ. 10397, 1997 U.S. Dist. LEXIS 13972, at *3 (S.D.N.Y. Sept. 16, 1997); Richardson v. Newburgh Enlarged City Sch. Dist., 984 F. Supp. 735, 744 (S.D.N.Y. 1997).

## PLAINTIFFS'
## SUBJECTIVE BELIEFS AND CONCLUSORY
## ALLEGATIONS ARE INSUFFICIENT

Plaintiffs own subjective beliefs that they were discriminated against is not sufficient to meet their burden of proof of discrimination. Nor is sympathy for Plaintiff a proper consideration in analyzing Plaintiffs claims. The burden in this case is always on Plaintiffs affirmatively and ultimately to prove by a preponderance of the evidence that Defendants intentionally discriminated against them because of their race. If Plaintiffs fail to meet this burden, you must find in favor of Defendants. Therefore, if you find that Plaintiffs claims of discrimination are based solely on their own beliefs or feelings that they were discriminated against, then you must return a verdict in Defendants' favor on these claims.

Source: Alexander v. Turner Corp., No. 00 Civ. 4677, 2001 U.S. Dist. LEXIS 2210, at *13 (S.D.N.Y. Mar. 2, 2001); Eng v. Banco di Sicilia, No. 95 Civ. 3868, 2000 U.S. Dist. LEXIS 1457, at *26 (S.D.N.Y. Feb. 3, 2000).

## BURDEN OF PROOF

In order for you to find in favor of the Plaintiffs you must find that they have proven each and every element of their case by a preponderance of the evidence. A preponderance of the evidence means to prove that something is more likely to be true than not. This rule does not require absolute certainty but rather, refers to the quality and substance of the evidence presented and its persuasiveness in persuading you of its truth. For example, you must decide whether it is more likely than not that the Defendants' decision no to allow the Plaintiffs' to rent the apartment was motivated by race. If you find that the decision was made for reasons other than race, then you must find for the Defendants. Once the Plaintiff has established by the preponderance of the evidence that the housing decision was racially motivated, the burden then shifts to the

Defendants to establish a justification for their acts. The Defendants must articulate some legitimate nondiscriminatory reason for their decision. If you find that the Defendants have a nondiscriminatory reason for their decision, then you must find in favor of the Defendants.

Source: Federal Jury Practice and Instructions, §72.01. Robinson v. 12 Lofts Realty, Inc., 610 F.2d 1032, 1039 (2nd Cir. 1979); U.S. v. City of Black Jack, 508 F.2d 1179, 1187-89 (8th Cir. 1974), cert. denied.

## DAMAGES

If you decide that the Plaintiffs have proven their claim, then you must consider whether they are entitled to an award of damages. You may not consider damages unless you first find that the Defendants discriminated against the Plaintiffs, for if you do not find discrimination, then there are no damages, and the Plaintiffs may not receive any relief. Your decision to award damages, if any, must be based upon the evidence presented, not sympathy. If you find that there was a discriminatory motivation in the Defendants' decision, then you can award the damages that are justified by the preponderance of the evidence, no more.

Source: Modern Federal Jury Instructions, §77.03. Federal Jury Practice and Instructions, §74.02 (as modified); Modern Federal Jury Instructions, §77.01.

## DUPLICATIVE DAMAGES

Understand that you are not to award damages more than once for the same claim. For example, if the Plaintiffs assert two or more theories of the case and you feel that they have proven their case through each theory you cannot give them an award for each. The Plaintiffs are only entitled to be made whole again, not recover for more then they lost. Of course if different injuries are attributed to a claim then you may award damages accordingly.

Source: Modern Federal Jury Instructions §77.01 (as modified) Barbano v. Madison County, 922 F.2f 139 (2d Cir. 1990).

## PUNITIVE DAMAGES

If you find that the Defendants discriminated against the Plaintiffs because of their race, the law allows, but does not require you to award punitive damages. The purpose of such an award is to punish a wrongdoer for misconduct and to warn others against engaging in the same sort of misconduct. To be entitled to punitive damages, the Plaintiffs must prove that the Defendants acted with malice or reckless indifference to the Plaintiffs' rights. This means that the Plaintiff must demonstrate that the Defendants perceived a risk, that they knew their decision would deny the Plaintiffs' of their rights, and they chose to disregard the risk. If you decide that punitive damages are appropriate, then you may award an amount which all the jurors agree is proper. In fixing that amount, you should consider how offensive the conduct in question was, whether the amount of damages has a reasonable relationship to the actual damages, and what amount is needed, considering the Defendants' financial situation, so as to prevent repetition. If you award

punitive damages, you should fix the amount using sound discretion, and not be swayed by sympathy for or dislike of any party.

Source: 42 U.S.C. §1981(b)(1); Federal Jury Practice and Instructions §104.07 (4th ed. 1987 and Supp. 1997).

## EXISTENCE AND CAUSATION OF EMOTIONAL DISTRESS

If you find that any of the Plaintiffs were not discriminated against, then you will not award those witnesses any damages, and you need not consider the testimony of those particular witnesses any further. However, if you find that any of the Plaintiffs are aggrieved persons who were discriminated against, you must next consider whether the Plaintiffs have proved that those persons suffered emotional distress. In order to recover damages for emotional distress for an aggrieved person, the Plaintiffs must prove, FIRST, that the aggrieved person actually suffered from emotional distress, and, SECOND, that there is a causal connection between the distress and a defendant's discriminatory conduct. It is for you to decide, from the testimony you have heard by and regarding the alleged aggrieved persons, whether any of them have suffered from emotional distress, and, if so, whether that emotional distress was caused by discriminatory conduct of the defendants. In deciding whether an aggrieved person actually suffered emotional distress, and whether that distress was actually caused by discriminatory conduct, you may consider, among other things, the witness' emotional state from the witness' demeanor on the witness stand, and from his or her attempts to explain the nature of the injury in words. To prove emotional distress, it is not enough for the witness to resort to mere conclusory statements. The witness must sufficiently explain the circumstances of his or her injury, and you must decide whether or not that testimony is credible. The more inherently degrading or humiliating the defendants' actions are, the more reasonable it is to infer that a person would suffer humiliation or distress from that action. On the other hand, the less inherently degrading or humiliating the defendants' actions are, the less reasonable it is to infer that a person would suffer humiliation or distress from that action. You do not necessarily have to decide that all of the aggrieved persons suffered emotional distress. For example, you may find that certain aggrieved persons did actually suffer emotional distress caused by discriminatory acts, but you may find that other aggrieved persons did not persuade you that they actually suffered emotional distress caused by discriminatory acts. It is for you to decide which aggrieved persons, if any, have demonstrated entitlement to damages based on the principles I have explained to you.

Source: United States of Amer. v. Balistrieri, 981 F.2d 916, 931 (7th Cir. 1992). See also United States of Amer. v. Space Hunters, Inc., 00 Civ. 1781 (RCC), 2004 U.S. Dist. LEXIS 23699, at *19-20 (S.D.N.Y. Nov. 23, 2004) ("Civil rights plaintiffs are entitled to recover compensatory damages for emotional distress when they establish a causal connection between the distress and a defendant's discriminatory conduct."), citing Ragin v. Harry Macklowe Real Estate Co., 6 F.3d 898, 907 (2d Cir. 1993).

## EVIDENCE

In deciding what the facts are you have to decide what testimony to believe and or discredit. You may believe all of what a witness says or just a portion, or none of it. When deciding what to believe, consider the witnesses' intelligence, their opportunity to experience the facts they are testifying about, their memory, any motives they may have, their manner while testifying, whether they have testified differently in the past and the general reasonableness of their testimony. However, do not allow sympathy or prejudice to influence your decisions. Do not consider what the parties' reaction may be, or whether your decision will be popular or unpopular.

Source: Federal Jury Practice and Instructions §71.01; §71.08 (as modified) Modern Federal Jury Instructions, Inst. 76; NY Pattern Jury Instructions, §1:27.

## <u>MISSING WITNESS</u>

The law does not require either party to call as a witness each and every person who may have been involved in the case, or who may appear to have some knowledge on the issues before us. You should not draw any inferences against any party with respect to any issue based on the failure to produce or call a witness.

Source: Federal Jury Practice and Instructions §73.11.

## THE SHOWING PLAINTIFF MUST MAKE IN ORDER TO ESTABLISH THAT THEY WERE DISCRIMINATED AGAINST IN A MANNER SUCH THAT A "DISCRIMINATORY EFFECT" OCCURRED

To establish liability under the discriminatory effect theory, a plaintiff must establish a prima facie case that the challenged action has a discriminatory effect on a protected class. **AUTHORITY:** *Rizzo, supra,* 564 F.2d at 148; *Huntington Branch, NAACP v. Town of Huntington*, 844 F.2d 926, 937 (2d Cir. 1987), aff'd 488 U.S. 15 (1988).

Not every action that results in a discriminatory effect is illegal. *Metro. Hous. Dev. Corp. v. Village of Arlington Heights*, 558 F.2d 1283, 1290 (7th Cir. 1977).

## BURDENS OF PROOF

A) The plaintiff has the burden of proof and must prove each of the elements of his case by a preponderance of the evidence. Preponderance of the evidence means the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence means the amount of evidence that persuades you that a claim is more likely so than not so. In determing whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

 The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

B) The burden is on the plaintiffs in a civil action, such as this, to prove every essential element of their claim by a preponderance of the evidence. If the proof should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence, the jury should find for the defendants.

 Although the burden is on the party who asserts an issue to prove his claim by a preponderance of the evidence in the case, this rule does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

 To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more

A)      Statements and arguments of counsel are not evidence and are not instructions of law. They are intended only summarize the facts and to assist the jury in understanding the evidence and the parties' contentions. If any argument, statement or remark has no basis in the evidence, then you should disregard that argument, statement or remark. However, when the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

B)      The statements and arguments of counsel are not evidence in the case; they are merely to assist you in evaluating the evidence and in understanding the evidence.

When the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

The evidence in the case consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered strickened by the Court, must be entirely disregarded.

You are to consider only evidence in the case. But in your consideration of the evidence you are not limited solely to the statements of the witnesses. In other words, you are not limited solely to what you see and hear. You are permitted to draw, from the facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience in the affairs of life.

Source: *FJP&I* No. 71.03; *Zafiro v. United States*, 113 S.ct. 933, 122 L.Ed. 2d 317 (1993); *IPJI* No. 1.01; *Simms*.

## CREDIBILITY OF WITNESSES

A)      One important aspect of your job as jurors will be determining whether you believe what each witness called to the stand had to say, and how important that testimony was.  In making that decision, you may ask yourself (1) whether the witness impressed you as honest and truthful; (2) what if any motive the witness has to not tell the truth; (3) does the witness have an interest in the outcome of this case; (4) did the witness have any relationship with either of the parties; (5) did the witness seem to remember events, names and dates well; (6) did the witness fully understand the questions being asked; and (7) did the witness' testimony differ from the testimony of other witnesses.  The answers to these questions will help you determine the credibility and weight to give to the testimony provided by the witness.

You should keep in mind, that a simple mistake by a witness does not necessarily mean that the witness is not telling the truth as he or she remembers it.  People may forget some things or remember other things inaccurately.  If a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with an unimportant detail.

B)      You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive, and state of mind, demeanor, and manner while on the stand.  Consider the witness' ability to observe the matters as to which he has testified and whether he impresses you as having an accurate recollection of these matters.  Consider, also, any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony.  Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance, or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

Source: *FJP&I* No. 72.01; *Simms*.

.

## EXPERT TESTIMONY

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his opinion on those technical matters, and the basis for his opinion. This person is called an expert witness. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon the expert witness' testimony, and to what extent, if any.

Source: *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 334-39 (7th Cir.), cert. denied, 419 U.S. 1070 (1974), and 706 F.2d 204, 208-11 (7th Cir. 1983); *Old West End Ass'n. v. Buckeye Federal S & L*, 675 F.Supp. 1100, 1105-06 (N.D. Ohio 1987); *Simms*.

## TYPES OF EVIDENCE

A)     While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence - such as testimony of an eyewitness. The other is indirect or circumstantial evidence - the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires you find the facts from a preponderance of all the evidence, both direct and circumstantial.

B)     #6: There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence- such as testimony of an eyewitness. The other is indirect or circumstantial evidence--the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

**DISCRIMINATORY INTENT**

A)     The plaintiff contends that the discriminatory practices of defendant resulted in discriminatory treatment and had a discriminatory effect upon the property.

In considering the discriminatory treatment issue the jury must consider whether the defendant intended to discriminate against the plaintiff.

An intent to discriminate is most often determined from the manner in which the complained of actions were done and the means used. An intent to discriminate is rarely, openly expressed. You may infer discriminatory motivation or intent if questionable actions of the defendant are found to be arbitrary and unreasonable. In considering whether the actions of the defendant were arbitrary and unreasonable and amounted to a discriminatory practice, you may consider whether the defendant was required to perform and act, and failed to do so.

B)     In deciding whether race was a motivating factor behind defendants alleged actions, you may consider both direct and circumstantial evidence of such discriminatory intent.

Direct evidence of discriminatory intent is evidence that shows what the actual state of mind or the actor was at the time the conduct allegedly took place. Instructions to refuse to rent to prospective tenants because of their race or color, or the use of racial slurs, are examples of such direct evidence.

Circumstantial evidence of discriminatory intent is evidence that indirectly shows what a person was thinking at the time of the alleged actions. You may infer a person's intent from the facts and all of the surrounding circumstances. You may consider all of the facts and circumstances that indicate the state of mind of the defendant, and you may consider it reasonable to find that a person intends the natural and probable consequences of acts knowingly done. The statistical affect of a course of conduct or practice is an example of circumstantial evidence of discriminatory intent.

Source: *Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 267 (1977); *Dailey v. City of Lawton*, 425 F.2d 1037 (10th Cir. 1970); *Old West End Ass'n v. Buckeye Fed. S & L*, 675 F.Supp. 1100 (N.D. Ohio 1987), *Lee v. Lee County Bd. of Educ.*, 639 F.2d 1243, 1268 (5th Cir. 1981); *International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 97 S. Ct. 1843, 52 L. Ed. 2d 396 (1977); *Trans World Airlines v. Thurston*, 469 U.S. 111, 105 S. Ct. 613, 83 L. Ed. 2d 523 (1985).


It is unlawful for a person to          sell or lease property based on a person's race. In this case, plaintiff claims that defendant unlawfully discriminated in connection with a residential real estate transaction becuase of race, etc. The defendant denies the charge. It is your responsibility to decide whether the plaintiff has established a claim against the defendant by a preponderance of the evidence.

Source: *FJP&I No. 105.01*


Section 1981 of Title 42 o the United States Code provides that:

(a) Statement of equal rights

All persons within the jurisdiction of the United States shall have the same rights in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) Definition

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) Protection against impairment

The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law."

Section 1982 of Title 42 of the United States Code provides that:

"All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."

Section 3604 of Title 42 of the United States Code provides, in part, that it shall be unlawful:

"(a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin.

(b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dewelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.

(c) To make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, ,religion, sex, handicap, familial status, or national origin, or an intention to make any such preference, limitation, or discrimination.

(d) To represent to any person because of race, color, religion, sex, handicap, familial status, or national origin that any dwelling is not available for inspection, sale, or rental when such dwelling is infact so available.

(e) For profit, to induce or attempt to induce any person to sell or rent any dwelling by representations regarding the entry or prospective entry into the neighborhood of a person or persons of a particular race, color, religion, sex, handicap, familial status, or national origin."

Source:  *FJP&I No. 105.02*

In order to sustain a claim of discrimination, the plaintiff must prove the following three essential elements by a preponderance of the evidence.

1.      That plaintiff offered to buy or lease the property described in the evidence from defendant;
2.      Plaintiff was ready, willing, and able to pay the defendant's sale/rental price; the

3.      One reason for the defendant's action was the race of the plaintiff.

Source:  *FJP&I No. 105.03.*  This instruction was adapted from *Sandford v. R.L. Coleman Realty Co., Inc.,* 573 F.2d 173, 175 (4th Cir. 1978).

## CIRCUMSTANTIAL EVIDENCE OF INTENTIONAL DISCRIMINATION

A)      Plaintiff must prove by a preponderance of the evidence that one or more defendants intentionally discriminated against her on the basis of her race or color. Plaintiff does not need to prove, however, that race or color was the sole motivation or the primary motivation of defendant's actions.  Intentional discrimination, if it exists, is rarely admitted, but is a fact which you may infer from the existence of other facts.  Plaintiffs do not have to produce direct evidence proving that Defendant had an unlawful motive. Rather, plaintiff needs only to show (1) that she is an African-American; (2) that she was ready, willing and able to rent the apartment; (3) that defendants refused to rent the apartment to her despite the fact she was ready, willing and able; and (4) the apartment remained available after plaintiff was told that no apartments were available.

        If you find that plaintiff has proven these facts, and that defendants have not produced evidence of a legitimate, nondiscriminatory reason for their actions, then you must find in favor of the plaintiff.

        If, on the other hand, the defendant has produced evidence of a nondiscriminatory reason for defendant's conduct, then you must find for the defendant, unless the plaintiff produced evidence tending to prove that the reason given by the defendant is not legitimate.

Source:   *Cf.* Devitt, Blackmar & Wolff, 104.04; Ninth Circuit Manual, 14.04E.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981); *Phiffer v. Proud Parrot Motor Hotel, Inc.*, 648 F.2d 548 (9th Cir. 1980); *Phillips v. Hunter Trails Community Ass'n.*, 685 F.2d 184 (7th Cir. 1982); *Smith v. Anchor Bldg. Corp.*, 536 F.2d 231, 233 (8th Cir. 1982); *Davis v. Mansards*, 597 F. Supp. 334 (N.D. Ind. 1984).

B)      In order for you to find for plaintiffs under 3604(a), plaintiff must prove by a preponderance of the evidence that the defendant intentionally discriminated against him because of his race or color.

        Plaintiff does not have to prove, however, that his race or color was the sole motivation or the primary motivation for defendant's conduct.  Plaintiff also does not have to produce direct evidence of an unlawful motive.  Intentional discrimination is rarely admitted, but is a fact you may infer from the existence of other facts and taking into consideration the circumstances surrounding those facts.

        In deciding whether or not defendant intentionally discriminated against the plaintiff because of his race or color, you should first consider whether plaintiffs have proven: (1) that he is an African-American; (2) that he was ready, willing and able to rent the apartment; (3) that defendants refused to rent the apartment to him despite the fact he was ready, willing and able; and (4) the apartment remained available after plaintiff was told that no apartments were available.

If the plaintiff has proven these facts, you may, but you need not, render a verdict in plaintiffs' favor. If plaintiff has failed to prove one or more of these facts, you must find for the defendant on the claim of intentional discrimination.

Source: *Cf.* Devitt, Blackmar & Wolff, 104.04; Ninth Circuit Manual, 14.04E. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981); *Phiffer v. Proud Parrot Motor Hotel, Inc.*, 648 F.2d 548 (9th Cir. 1980); *Phillips v. Hunter Trails Community Ass'n.*, 685 F.2d 184 (7th Cir. 1982); *Smith v. Anchor Bldg. Corp.*, 536 F.2d 231, 233 (8th Cir. 1982); *Davis v. Mansards*, 597 F. Supp. 334 (N.D. Ind. 1984).

C) Plaintiff claims that defendants violated the Fair Housing Act by engaging in a pattern or practice of intentional discrimination against African-Americans as a group. Statistical or other evidence of such a pattern or practice may provide sufficient evidence to establish a violation. There is no need for plaintiff to provide direct evidence of intentional discrimination. The statistical effects of actions taken by defendants, the historical background of those actions, failure or refusal to maintain normal procedures, and departure from normal selection criteria or standards, which have adversely affect classes of individuals base on race or color, are types of circumstantial evidence which provide support for a claim against defendants for discriminatory pattern or practice of intentional discrimination.

If you decide that the plaintiffs have established by a preponderance of the evidence a pattern or practice of intentional discrimination, then you shall find in favor of the plaintiffs on this claim.

If the defendants have demonstrated that they did not engage in such a pattern or practice of discrimination, then you shall find in favor of the defendants on this claim.

Source: *See International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 97 S. Ct. 1843, 52 L. Ed. 2d 396 (1977); *Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 97 S. Ct. 555, 50 L. Ed. 2d 450 (1977).

In determining whether a prohibited factor was a motivating factor behind the actions of the defendants, you may consider both direct and circumstantial evidence of a discriminatory purpose. Direct evidence is evidence that shows what the actual standard line of the actor was at the time the conduct that allegedly took place. Instructions to refuse to rent or sell, or other conduct of such nature are examples of direct evidence.

**STANDARD OF LIABILITY FOR PUNITIVE DAMAGES**

In addition to compensatory damages, the fair housing laws involved in this case allow a jury to award punitive damages against a defendant. Punitive damages may be awarded by the jury for two reasons: (1) to punish the defendants for its misconduct; or (2) to deter the defendants, and other persons, from acting in the same way in the future.

In a case such as this one, punitive damages may be awarded against defendants if the plaintiff has proven either that the defendants' conduct involved reckless disregard or callous indifference to the legal rights of the plaintiffs that are protected by the laws involved in this case. It is not necessary for the plaintiffs to show that the defendant acted with actual malice or evil towards the Plaintiffs.

"Reckless disregard or callous indifference" means that the defendants deliberately disregarded the plaintiffs' rights. For example, a defendant has acted with "reckless disregard or callous indifference" when the defendant knew, or should have known, that the plaintiff was in danger of being harmed, and that the defendant could have taken steps either to insure that the plaintiff was not harmed or that the harm to the plaintiffs was corrected, but the defendant failed to take those steps. If, for example, you find that Defendants had knowledge of the Fair Housing Act, but took insufficient steps to avert harm to Plaintiffs then you may award punitive damages to the plaintiffs.

In deciding whether to award punitive damages against United Homes, you must consider the conduct of the company's officer and agents, Yaron Hershco, etc.

You may award punitive damages against United Homes based on the action of the company's officer and agents, Yaron Hershco, etc. if you find that United Homes either deliberately or through "knowledgeable inaction" authorized, fostered, or encouraged the acts complained of by the plaintiffs or condoned or ratified those acts. Punitive damages may be awarded against a company on the basis of the acts of its owner and agents who had direct dealing with the plaintiffs.

Ratification means approval of an act after it is done. Ratification need not be formal, but may be inferred from the conduct of the parties.

City of Chicago v. Matchmaker, 1991 U.S. Dist. LEXIS 4432 (April 5, 1991); Mitchell v. Keith, 752 F.2d 385, 389 (9th Cir. 1985); Miller v. Apartments & Homes of New Jersey, Inc., 646 F.2d 101, 111 (3rd Cir. 1981); American Society of Mechanical Engineers, Inc.

v. Hydrolevel Corp., 456 U.S. 556, 575 N. 14 (1982); Rainbolt v. Johnson, 669 F.2d 767, 769 (D.C. Cir. 1981); Phiffer v. Proud Parrot Motor Hotel, Inc., 648 F.2d 548, 553 (9th Cir. 1980); Marrv. Rife, 503 F.2d 735, 745 (6th Cir. 1974); Todd v. Waggaman-Brawner Realty Corp., Civ. Action No. 87-1059, slip op. at 3 (D.D.C. Filed April 22, 1988); Hunter v. Waggaman – Brawner Realty Corp., Civ. Action No. 8402688, slip op. at 2 (D.D.C. filed Mar. 26, 1985 ); Restatement (Second) of Torts, Section 909(a), (b) and (d).

## FACTORS IN ASSESSING PUNITIVE DAMAGES

In assessing punitive damages, you should bear in mind that the purpose of punitive damages in not to compensate the injured party. Rather, punitive damages are awarded to punish the defendant and to serve as an example and a warning to others not to engage in such conduct.

If you determine that it is appropriate to award punitive damages, you should consider several factors in determining what amount of such damages will serve as an appropriate penalty against the defendants and as a deterrent tot others. These factors include the defendants' financial status, the defendants' motivations and the degree of purposefulness or willfulness of the defendant's actions.

If you award punitive damages against the defendants, they should be large enough to act effectively as a deterrent. An award of punitive damages may cause the defendants some hardship, but that is an essential part of the function of punitive damages.

If you decide to award punitive damages, you should determine the amount (if any) of punitive damages, based on the degree of wrongdoing and the financial status of the defendants.

Dated: April 4, 2011
      Forest Hills, NY

                                    Respectfully submitted,

                                      /Peter S. Thomas/

                                      Peter S. Thomas, Esq.
                                      *Attorney for UH Defendants*
                                      Peter S. Thomas, PC
                                      108-18 Queens Blvd. 6th Fl
                                      Forest Hills, NY 11375
                                      P: 718-896-7200
                                      F: 718-275-5793

                                      /Peter S. Gordon/

                                      Peter S. Gordon, Esq.
                                      *Attorney for Yaron Hershco*
                                      Gordon & Gordon, PC
                                      108-18 Queens Blvd. 6th Fl
                                      Forest Hills, NY 11375
                                      P: 718-544-7070
                                      F: 718-544-0994