UNITED STATESS DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MARY LODGE,
                           Plaintiff,

            -against-                       Civil Action No. CV-05-0187

UNITED HOMES, LLC, et al.,
                           Defendants.
-----------------------------------------------------------X

# DEFENDANT YARON HERSHCO'S ANSWER TO PLAINTIFF MARY LODGE'S THIRD AMENDED COMPLAINT AND CROSS-CLAIMS

Defendant Yaron Hershco ("Defendant Hershco"), by his attorneys, Gordon & Gordon, PC, responds to Plaintiff Mary Lodge's Third Amended Complaint as follows:

1. Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Third Amended Complaint, except Defendant Hershco denies the allegations contained in the first sentence of paragraph 1 of Third Amended Complaint.

2. Defendant Hershco denies the allegations contained in the paragraph 2 of the Third Amended Complaint, except that Defendant Hershco admits that Mr. Hershco owns a majority interest of United Homes, United Property Group, and Galit Network, Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained in footnote 1 of the Third Amended Complaint.

3. Defendant Hershco states that paragraphs 3-4 of the Third Amended Complaint assert legal conclusions, and therefore no response is required.

4. Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Third Amended Complaint.

5. Defendant Hershco denies the allegations contained in paragraph 6 of the Third Amended Complaint, except Defendant Hershco admits that United Property Group is a corporation organized under the laws of New York.

6. Defendant Hershco denies the allegations contained in paragraph 7 of the Third Amended Complaint, except Defendant Hershco admits that United Homes is a corporation organized under the laws of New York.

7. Defendant Hershco denies the allegations contained in paragraph 8 of the Third Amended Complaint, except Defendant Hershco admits that Galit Network is a corporation organized under the laws of New York.

8. Defendant Hershco denies the allegations contained in paragraph 9 of the Third Amended Complaint, except Defendant Hershco admits that Mr. Hershco owns a majority interest of United Homes, United Property Group, and Galit Network.

9. Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10-13 of the Third Amended Complaint.

10. Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the Third Amended Complaint.

11. Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 of the Third Amended Complaint.

**12.** Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16 of the Third Amended Complaint.

13. Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17-22 of the Third Amended Complaint.

14. Defendant Hershco states the paragraphs 23-29 of the Third Amended Complaint were intentionally left blank by Plaintiffs, and therefore no response is required.

15. Defendant Hershco denies the allegations contained in paragraph 30-36 of the Third Amended Complaint.

16. Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 37 of the Third Amended Complaint.

17. Defendant Hershco denies the allegations contained in paragraph 38 of the Third Amended Complaint, except Defendant Hershco admits that i) Plaintiff purchased the property at 557 Hancock Street for $359,000, ii) Rodney and Sylvia Gibbons purchased the property at 1148 Halsey Street for $359,000, iii) Mary Lodge purchased the property at 249 Halsey Street for $419,000, iv) Dewitt Mathis purchased the property at 21 Marconi Place for $325,000, v) Miles and Lisa McDale purchased the property at 2126 Union Street $365,000, vi) Charlene Washington purchased the property at 2422 Dean Street for $315,000, vii) United Property Group purchased the property at 249 Halsey Street for $225,000. Defendant Hershco states that footnote 3 of the Third Amended Complaint is argumentative and contains neither factual allegations nor claims against Defendant Hershco, and therefore no response is required.

18. Defendant Hershco denies the allegations contained in paragraph 39 of the Third Amended Complaint, except Defendant Hershco admits that the property described in paragraph 38 were sold by Defendant Hershco for a total of $2,142,000.

19. Defendant Hershco denies knowledge the allegations contained in paragraph 40 of the Third Amended Complaint.

20. Defendant Hershco denies the allegations contained in paragraph 41 of the Third Amended Complaint, except Defendant Hershco admits that i) Defendant Hershco possessed a majority interest in United Homes, United Property Group, and Galit Network, and ii) the three entities have the same principal place of business.

21. Defendant Hershco denies the allegations contained in paragraph 42 of the Third Amended Complaint, except Defendant Hershco admits that United Property Group owned the property sold to Plaintiff and deny knowledge or information sufficient to form a belief as to Plaintiff's awareness of United Property Group.

22. To the extent that paragraph 43 alleges the contents of certain documents, the documents speak for themselves, and Defendant Hershco denies the allegations of paragraph 43 to the extent they are inconsistent with those documents.

23. Defendant Hershco denies the allegations contained in paragraph 44 of the Third Amended Complaint, except Defendant Hershco admits that i) Mr. Hershco possesses a majority intesrest in AP Development, LLC, Galit Development Corp. and Galit Properties, Inc., ii) Mr. Hershco owns the property at 139-27 Queens Boulevard, and iii) Galit Network obtained a mortgage of $100,000 on said property and, to the extent that paragraph 44 alleges the contents of certain documents, the documents speak for themselves, and Defendant Hershco denies the allegations of paragraph 44 to the extent they are inconsistent with those documents.

24. Defendant Hershco denies the allegations contained in the first sentence of paragraph 45. To the extent the second sentence of paragraph 45 alleges the contents of certain documents, the documents speak for themselves, and Defendant Hershco denies the allegations of paragraph 45 to the extent they are inconsistent with those documents.

25. Defendant Hershco denies the allegations contained in paragraph 46 of the Third Amended Complaint.

26. Defendant Hershco denies the allegations contained in paragraph 47, and Defendant Hershco further states that any allegation of inflated prices was caused by the appraisers, and any violation of tainted legal advice to the Plaintiff was not provided by Defendant Hershco.

27. Defendant Hershco states the paragraphs 48-49 of the Third Amended Complaint were intentionally left blank by Plaintiff, and therefore no response is required.

28. Defendant Hershco denies the allegation contained in paragraph 50-51 of the Third Amended Complaint.

29. Defendant Hershco denies the allegations contained in paragraph 52 of the Third Amended Complaint, except Defendant Hershco denies knowledge and information sufficient to form a belief as to the allegation contained in the last sentence of paragraph 52 of the Third Amended Complaint.

30. Defendant Hershco states that paragraph 53 of the Third Amended Complaint is argumentative and contains neither factual allegations nor claims against Defendant Hershco, and therefore no response is required.

31. Defendant Hershco denies the allegations contained in paragraph 54 of the Third Amended Complaint.

32. Defendant Hershco denies the allegations contained in paragraph 55 of the Third Amended Complaint, except Defendant Hershco admits that Plaintiff obtained two mortgages on the property at 557 Hancock Street and deny knowledge or information

sufficient to form a belief as to the allegations contained in the second sentence of paragraph 55.

33. Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 56-57 of the Third Amended Complaint.

34. Defendant Hershco denies the allegations contained in paragraph 58 of the Third Amended Complaint.

35. Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 59-60 of the Third Amended Complaint.

36. Defendant Hershco states the paragraphs 61-69 of the Third Amended Complaint were intentionally left blank by Plaintiff, and therefore no response is required.

37. Defendant Hershco denies the allegations contained in paragraphs 70-72 of the Third Amended Complaint.

38. Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 73 of the Third Amended Complaint.

39. Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 74 of the Third Amended Complaint.

40. Defendant Hershco states the paragraphs 75-79 of the Third Amended Complaint were intentionally left blank by Plaintiff, and therefore no response is required.

41. Defendant Hershco denies the allegations contained in paragraph 80-81 of the Third Amended Complaint.

42. Defendant Hershco denies the allegations contained in paragraph 82 of the Third Amended Complaint.

43. Defendant Hershco denies the allegations contained in paragraph 83 of the Third Amended Complaint.

44. Defendant Hershco states the paragraphs 84-89 of the Third Amended Complaint were intentionally left blank by Plaintiff, and therefore no response is required.

45. Defendant Hershco denies the allegations contained in paragraph 90 of the Third Amended Complaint.

46. Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 91-95 of the Third Amended Complaint.

47. Defendant Hershco denies the allegations contained in paragraphs 96 of the Third Amended Complaint, except Defendant Hershco denies knowledge or information sufficient to form as belief as to the decision of DLJ Mortgage Capital, Inc., Credit Suisse First Boston LLC ("CSFB") and Credit Suisse First Boston Mortgage Securities Corp. to purchase loans from Olympia Mortgage Co.

48. Defendant Hershco denies the allegations contained in paragraph 97 of the Third Amended Complaint.

49. Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 98-102 of the Third Amended Complaint.

50. Defendant Hershco denies the allegations contained in paragraph 103 of the Third Amended Complaint.

51. Defendant Hershco denies the allegations contained in paragraph 104 of the Third Amended Complaint, except Defendant Hershco denies knowledge or information sufficient to form a belief as to Plaintiff's experience remitting amounts due under her mortgage.

52. Defendant Hershco states that paragraphs 105-109 of the Third Amended Complaint were intentionally left blank by Plaintiff, and therefore no response is required.

53. Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 110-111 of the Third Amended Complaint.

54. Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 112 of the Third Amended Complaint.

55. Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 113 of the Third Amended Complaint.

56. Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 114 of the Third Amended Complaint.

57. Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 115 of the Third Amended Complaint.

58. Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 116-117 of the Third Amended Complaint.

59. Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 118 of the Third Amended Complaint.

60. Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 119 of the Third Amended Complaint.

61. Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 120 of the Third Amended Complaint.

62. Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 121 of the Third Amended Complaint.

63. Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 122 of the Third Amended Complaint.

64. Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained a paragraph 123-124 of the Third Amended Complaint.

65. Defendant Hershco denies knowledge or information sufficient to form a belief as to all other allegations set forth in paragraph 125 of the Third Amended Complaint.

66. Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegation set forth in paragraph 126 of the Third Amended Complaint.

67. Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 127 of the Third Amended Complaint.

68. Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 128-130 of the Third Amended Complaint.

69. Defendant Hershco states the paragraph 131 of the Third Amended Complaint is argumentative and contains neither factual allegations nor claims against Defendant Hershco, and therefore no response is required.

70. Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 132 of the Third Amended Complaint.

71. Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 133-135 of the Third Amended Complaint.

72. Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 136 of the Third Amended Complaint.

73. Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 137 of the Third Amended Complaint.

74. Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 138 of the Third Amended Complaint.

75. Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 139-141 of the Third Amended Complaint.

76. Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 142 of the Third Amended Complaint.

77. Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 143 of the Third Amended Complaint.

78. Defendant Hershco denies knowledge or information to form a belief as to the allegations contained in paragraph 144 of the Third Amended Complaint.

79. Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 145 of the Third Amended Complaint.

80. Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 146 of the Third Amended Complaint.

81. Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 147 of the Third Amended Complaint.

82. Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 148-151 of the Third Amended Complaint.

83. Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 152-154 of the Third Amended Complaint.

84. Defendant Hershco states that paragraph 155-159 of the Third Amended Complaint was intentionally left blank by Plaintiff, and therefore no response is required.

85. With respect to the allegations contained in paragraph 160 of the Third Amended Complaint, Defendant Hershco incorporates by reference their responses to paragraphs 1-158 of the Third Amended Complaint.

86. Defendant Hershco states that paragraph 161 of the Third Amended Complaint contains a legal conclusion to which no response is required.

87. Defendant Hershco denies the allegations contained in paragraph 162-168 of the Third Amended Complaint.

88. Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 169 of the Third Amended Complaint.

89. Defendant Hershco denies the allegations contained in paragraphs 170-171 of the Third Amended Complaint.

90. Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 172 of the Third Amended Complaint.

91. Defendant Hershco denies the allegations contained in paragraph 173 of the Third Amended Complaint.

92. Defendant Hershco denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 174-177 of the Third Amended Complaint.

93. Defendant Hershco denies the allegations contained in paragraphs 178-184 of the Third Amended Complaint.

94. Defendant Hershco states that paragraphs 185-189 of the Third Amended Complaint were intentionally left blank by Plaintiff, and therefore no response is required.

95. With respect to the allegations contained in paragraph 190 of the Third Amended Complaint, Defendant Hershco incorporates by reference their responses to paragraphs 1-184 of the Third Amended Complaint.

96. Defendant Hershco denies the allegations contained in paragraphs 191-202 of the Third Amended Complaint.

97. Defendant Hershco states that paragraphs 203-209 of the Third Amended Complaint were intentionally left blank by Plaintiff, and therefore no response is required.

98. With respect to the allegations contained in paragraph 210 of the Third Amended Complaint, Defendant Hershco incorporates by reference their responses to paragraphs 1-202 of the Third Amended Complaint.

99. Defendant Hershco denies the allegations contained in paragraphs 211-213 of the Third Amended Complaint.

100. Defendant Hershco states that paragraphs 214-219 of the Third Amended Complaint were intentionally left blank by Plaintiffs, and therefore no response is required.

101. With respect to the allegations contained in paragraph 220 of the Third Amended Complaint, Defendant Hershco incorporates by reference their response to paragraphs 1-213 of the Third Amended Complaint.

102. Defendant Hershco denies the allegations contained in paragraphs 221-225 of the Third Amended Complaint.

103. Defendant Hershco states that paragraphs 226-229 of the Third Amended Complaint were intentionally left blank by Plaintiff, and therefore no response is required.

104. With respect to the allegations contained in paragraph 230 of the Third Amended Complaint, Defendant Hershco incorporates by reference their response to paragraphs 1-225 of the Third Amended Complaint.

105. Defendant Hershco denies the allegations contained in paragraphs 231-236 of the Third Amended Complaint.

106. Defendant Hershco states that paragraphs 237-239 of the Third Amended Complaint were intentionally left blank by Plaintiff, and therefore no response is required.

107. With respect to the allegations contained in paragraph 240 of the Third Amended Complaint, Defendant Hershco incorporates by reference their response to paragraphs 1-236 of the Third Amended Complaint.

108. Defendant Hershco denies the allegations contained in paragraphs 241-244 of the Third Amended Complaint.

109. Defendant Hershco states that paragraphs 245-249 of the Third Amended Complaint were intentionally left blank by Plaintiff, and therefore no response is required.

110. With respect to the allegations contained in paragraph 250 of the Third Amended Complaint, Defendant Hershco incorporates by reference their response to paragraphs 1-244 of the Third Amended Complaint.

111. Defendant Hershco denies the allegations contained in paragraphs 251-254 of the Third Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Third Amended Complaint fails to states a claim against Defendant Hershco upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant Hershco are barred in whole or in part because Plaintiff's claims fail to establish Plaintiff's reasonable reliance.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant Hershco are barred in whole or in part by the doctrine of *caveat emptor*.

## FOURTH AFFIRMATIVE DEFENSE

The claims against Defendant Hershco are barred in whole or in part by the doctrines of release, waiver, estoppel, and/or ratification.

## FIFTH AFFIRMATIVE DEFENSE

The claims against Defendant Hershco are barred in whole or in part by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

The claims against Defendant Hershco are barred in whole or in part by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

The claims against Defendant Hershco are barred in whole or in part by the statute of frauds.

## EIGHTH AFFIRMATIVE DEFENSE

The claims against Defendant Hershco are barred in whole or in part by the parol evidence rule.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate damages which allegedly suffered, and this failure bars or reduces any recovery by Plaintiffs.

### TENTH AFFIRMATIVE DEFENSE

A defense may be founded upon the documentary evidence in these actions.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery of punitive damages because they have not alleged and cannot prove any acts or omissions by Defendant Hershco that would support an award of punitive damages as a matter of law.

### TWELFTH AFFIRMATIVE DEFENSE

In the event that any person or entity liable or claimed to be liable for injuries or damages in this action has been given or may hereafter be given a release or covenant not to sue, the answering defendant shall be entitled to protection under General Obligations Law § 15-108 and the corresponding reduction of any damages, if any, which may be determined to have been caused by another answering party.

### THIRTEENTH AFFIRMATIVE DEFENSE

Should the answering defendant be held liable in this action, which liability is expressly denied, to the extent authorized by law, the answering defendant/third-party defendant shall be entitled to the benefits of CPLR Article 16.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not sustained any injury. An award of damages would unjustly enrich the Plaintiffs

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant Hershco adopt and incorporate by reference any affirmative defense asserted by any other defendant to the Third Amended Complaint in this action, to the extent such affirmative defense applies to Defendant Hershco, and reserve the right to assert any other defense that may become available or appear during the discovery proceedings or otherwise.

## CROSS-CLAIM

Defendant Hershco denies that he is liable to Plaintiff or any other party in any amount. If, however, Defendant Hershco shall become obligated in any amount to Plaintiff, or any other party, by judgment plus costs and expenses, including reasonable attorney's fees incurred in defense of Plaintiff's claims, from defendants OLYMPIA MORTGAGE CORP., BAYVIEW LOAN SERVICING, LLC, BAYVIEW ASSET MANAGEMENT, LLC, US BANK AND TRUST, and WILSHIRE CREDIT CORP.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant Hershco hereby asserts his right under the Seventh Amendment of the United States Constitution and demand a trial by jury of all issues so triable.

## RELIEF REQUESTED

WHEREFORE, Defendant Hershco respectfully request this Court enter Judgment in their favor, and against Plaintiffs, as follows:

(a) Dismissing Plaintiff's Third Amended Complaint

(b) Denying Plaintiff's request for relief against Defendant Hershco

(c) Ordering Plaintiff to pay all costs, charges, and disbursements, including reasonable attorney's fees, incurred by Defendant Hershco in the defense of this action; and

(d) Awarding such other and further relief to Defendant Hershco as it may deem appropriate.

Dated: April 13, 2011
      Forest Hills, NY

      Sincerely yours,

      /Peter S. Gordon/

      Peter S. Gordon, Esq.
      Gordon & Gordon, PC
      108-18 Queens Blvd. 6th Fl
      Forest Hills, NY 11375
      P: 718-544-7070
      F: 718-544-0994