UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SANDRA C. BARKLEY,
                        Plaintiff,
        -against-                        04 CV 875 (KAM) (RLM)

UNITED HOMES, LLC, et al.,
                        Defendants.
------------------------------------------------------------X
------------------------------------------------------------X
MARY LODGE,
                        Plaintiff,
        -against-                        05 CV 187 (KAM) (RLM)

UNITED HOMES, LLC, et al.,
                        Defendants.
------------------------------------------------------------X
------------------------------------------------------------X
DEWITT MATHIS,
                        Plaintiff,
        -against-                        05 CV 4386 (KAM) (RLM)

UNITED HOMES, LLC, et al.,
                        Defendants.
------------------------------------------------------------X
------------------------------------------------------------X
RODNEY GIBBONS & SYLVIA GIBBONS,
                        Plaintiffs,
        -against-                        05 CV 5302 (KAM) (RLM)

UNITED HOMES, LLC, et al.,
                        Defendants.
------------------------------------------------------------X
------------------------------------------------------------X
MILES MCDALE & LISA MCDALE,
                        Plaintiffs,
        -against-                        05 CV 5362 (KAM) (RLM)

UNITED HOMES, LLC, et al.,
                        Defendants.
------------------------------------------------------------X
------------------------------------------------------------X
CHARLENE WASHINGTON,
                        Plaintiff,
        -against-                        05 CV 5679 (KAM) (RLM)

UNITED HOMES, LLC, et al.,
                        Defendants.
------------------------------------------------------------X

Defendants United Homes, United Property Group, and Galit Network (collectively "UH Defendants") and Yaron Hershco respectfully propose the following amended jury instructions:

## THE SHOWING PLAINTIFFS MUST MAKE IN ORDER TO ESTABLISH A PRIMA FACIE CASE OF HOUSING DISCRIMINATION

In order to establish an actionable violation of the Fair Housing Act, the plaintiff must make an affirmative showing that the challenged actions were either (i) motivated by intentional discrimination or (ii) resulted in a discriminatory effect.

Authority: *Doe v. City of Butler, Pennsylvania,* 892 F.2d 315, 323 (3d Cir. 1989); *Resident Advisory Bd. v. Rizzo*, 564 F.2d 126, 142 (3d Cir. 1977); *LeBanc-Sternberg v. Fletcher*, 67 F.3d 412, 425 (2d Cir. 1995).

## DOCTRINE OF CAVEAT EMPTOR

The doctrine of caveat emptor imposes no duty on the seller or the seller's agent to disclose any information concerning the premises when the parties deal at arms length, unless there is some conduct on the part of the seller or the seller's agent which constitutes active concealment; if however, some conduct, more than mere silence, on the part of the seller rises to the level of active concealment, a seller may have a duty to disclose information concerning the property. To maintain a cause of action to recover damages for active concealment, the plaintiff must show, in effect, that the seller or the seller's agents thwarted the plaintiff's efforts to fulfill his responsibilities fixed by the doctrine of caveat emptor.

To recover damages for fraud, a plaintiff must prove: (1) a misrepresentation or an omission of material fact which was false and known to be false by the defendant; (2) the misrepresentation was made for the purpose of inducing the plaintiff to rely upon it; (3) justifiable reliance of the plaintiff on the misrepresentation or material omission; and (4) injury.

Source: *Jablonski v. Rapalje*. 14 A.D.3d 484, 788 N.Y.S.2d 158, 2005 N.Y. Slip Op. 00129 (2005).

## FALSUS IN UNO

If you find that any witness has willfully testified falsely as to any material fact, that is as to an important matter, the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything. You are not required, however, to consider such a witness as totally "unbelievable". You may accept so much of his or her testimony as you deem true and

disregard what you feel is false. By the processes which I have just described to you, as the sole judges of the facts, decide which of the witnesses you will believe, what portion of their testimony you accept and what weight you will give to it.

Source: PJI 1:22.

## NO INFERENCE FROM RULINGS

In their arguments, the attorneys have asked you to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other fact. An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist. There are times when different inferences may be drawn from facts, whether proven by direct or circumstantial evidence. The plaintiff may ask you to draw one set of inferences while the defendant asks you to draw another. It is for you and you alone, to decide what inference, if any, you will draw. In drawing inferences, you should exercise your common sense, and draw, from the facts which you find to be proved, such reasonable inferences as would be justified in light of your experience.

Source: PJI 1:39.

## EXCLUDE SYMPATHY

In reaching your verdict you are not to be affected by sympathy for any of the parties, what the reaction of the parties or the public to your verdict may be, whether it will please or displease anyone, be popular or unpopular or, indeed, any consideration outside the case as it has been presented to you in this courtroom. You should consider only the evidence- both the testimony and the exhibits- find the facts from what you consider to be the believable evidence, and apply the law I now give to you. Your verdict will be determined by the conclusion you reach, no matter whom the verdict helps or hurts. More specifically, you should not take the plaintiffs alleged injuries into consideration when deciding the liability portion of this matter. In the first instance, you will be asked to determine whether or not the defendants were negligent in this matter; if so, whether the defendants could have reasonably foreseen injuries as a result of their conduct; and whether the defendants conduct was a substantial factor in bringing about the plaintiffs alleged injuries. In making your determination as to whether the defendants were negligent, you should not use sympathy for either of the parties to guide your decision.

Source: PJI 1:27.

## CORPORATE PARTIES

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A privately owned corporations, such as UH Defendants, are entitled to the same fair trial at your hands as a private individual. All persons, including corporations, partnerships, unincorporated

associations, and other organizations, stand equal before the law, and are to be dealt with as equals in a court of justice.

Source: Edward J. Bevitt, et al., Federal Jury Practice and Instructions § 71.04 (4th Ed. 1987 & 1996 Supp.).

## **PRETEXT FOR DISCRIMINATION**

In the event you determine that Plaintiffs have established the prima facie elements of Plaintiffs claims, a presumption of discrimination arises. The burden of production (but not persuasion) then shifts to UH Defendants to provide a legitimate, non-discriminatory reason for its actions. UH Defendants' burden is not a heavy one; indeed, UH Defendants need not prove that it was actually motivated by legitimate reasons. Instead, UH Defendants have made a showing of the reasons for its actions, and therefore the burden shifts back to Plaintiffs to prove that UH Defendants intentionally discriminated against her on a prohibited ground.
In other words, you must determine whether UH Defendants' articulated legitimate, non-discriminatory reasons for its actions were pretextual. You must determine whether a discriminatory reason more likely motivated the action, or whether UH Defendants' proffered explanation for its actions is unworthy of belief.

Source: *Pugliese v. Verizon New York Inc.*, Opinion and Order dated July 9, 2008 at p. 19 (S.D.N.Y. 2008).

## **PLAINTIFFS' ULTIMATE BURDEN**

Plaintiffs may prevail on their discrimination claims only if they satisfy their burden of proving that the Defendants intentionally discriminated against them. To do so, Plaintiffs must establish by a preponderance of the evidence that her race was a determinative factor in the actions about which they complain. Even if you find that the reasons given by Defendants were not the real reasons, you may not find in favor of the Plaintiffs on these claims simply because you disbelieve Defendants; you must also believe that the real reason for Defendants' decisions was intentional discrimination against Plaintiffs. In evaluating the reasons offered by Defendants, it is not your function to determine whether those reasons reflect wise or unwise judgment. Nor are you to determine whether Defendants' decisions were fair or unfair. Defendants do not have the burden of proving the absence of discriminatory motive. The burden always stays with the plaintiffs and it is up to the plaintiffs to prove that a determining factor for these decisions was intentional discrimination. If Plaintiff fails to meet this burden, you must find in favor of Defendants on Plaintiffs' discrimination claims.

Source: *Pugliese v. Verizon New York Inc.*, Order and Opinion dated July 9, 2008 (S.D.N.Y. 2009).

## MEMBERSHIP IN PROTECTED CLASS ALONE IS INSUFFICIENT TO PROVE DISCRIMINATION

Plaintiffs cannot raise an inference of discrimination simply by showing that they are members of a protected class and that they were subject to an adverse action. Plaintiffs must show a connection between membership in a protected class and Defendants' actions; the mere fact of protected status and an adverse action is insufficient. You must remain focused on the fact that it is Plaintiffs burden to convince you, based upon a preponderance of the credible evidence, that Defendants took an adverse action against them because of an intention to discriminate against them.

Source: Berhanu v. N.Y. State Ins. Fund, No. 91 Civ. 4956, 1999 U.S. Dist. LEXIS 15548, at *34-35 (S.D.N.Y. Sept. 28, 1999), aff'd, No. 99- 94367, 2001 U.S. App. LEXIS 13755 (2d Cir. June 18, 2001); Johnson v. Rueben H. Donnelly Corp., No. 95 Civ. 10397, 1997 U.S. Dist. LEXIS 13972, at *3 (S.D.N.Y. Sept. 16, 1997); Richardson v. Newburgh Enlarged City Sch. Dist., 984 F. Supp. 735, 744 (S.D.N.Y. 1997).

## PLAINTIFFS' SUBJECTIVE BELIEFS AND CONCLUSORY ALLEGATIONS ARE INSUFFICIENT

Plaintiffs own subjective beliefs that they were discriminated against is not sufficient to meet their burden of proof of discrimination. Nor is sympathy for Plaintiff a proper consideration in analyzing Plaintiffs claims. The burden in this case is always on Plaintiffs affirmatively and ultimately to prove by a preponderance of the evidence that Defendants intentionally discriminated against them where race was a factor. If Plaintiffs fail to meet this burden, you must find in favor of Defendants. Therefore, if you find that Plaintiffs claims of discrimination are based solely on their own beliefs or feelings that they were discriminated against, then you must return a verdict in Defendants' favor on these claims.

Source: Alexander v. Turner Corp., No. 00 Civ. 4677, 2001 U.S. Dist. LEXIS 2210, at *13 (S.D.N.Y. Mar. 2, 2001); Eng v. Banco di Sicilia, No. 95 Civ. 3868, 2000 U.S. Dist. LEXIS 1457, at *26 (S.D.N.Y. Feb. 3, 2000).

## DAMAGES

If you decide that the Plaintiffs have proven their claim, then you must consider whether they are entitled to an award of damages. You may not consider damages for discrimination claims unless you first find that the Defendants discriminated against the Plaintiffs, for if you do not find discrimination, then there are no damages, and the Plaintiffs may not receive any relief for these claims. Your decision to award damages, if any, must be based upon the evidence presented, not sympathy. If you find that there was a discriminatory motivation in the Defendants' decision, then you can award the damages that are justified by the preponderance of the evidence, no more.

Source: Modern Federal Jury Instructions, §77.03. Federal Jury Practice and Instructions, §74.02 (as modified); Modern Federal Jury Instructions, §77.01.

### EXISTENCE AND CAUSATION OF EMOTIONAL DISTRESS

If you find that any of the Plaintiffs were not discriminated against, then you will not award those witnesses any damages for these claims, and you need not consider the testimony of those particular witnesses any further. However, if you find that any of the Plaintiffs are aggrieved persons who were discriminated against, you must next consider whether the Plaintiffs have proved that those persons suffered emotional distress. In order to recover damages for emotional distress for an aggrieved person, the Plaintiffs must prove, FIRST, that the aggrieved person actually suffered from emotional distress, and, SECOND, that there is a causal connection between the distress and a defendant's discriminatory conduct. It is for you to decide, from the testimony you have heard by and regarding the alleged aggrieved persons, whether any of them have suffered from emotional distress, and, if so, whether that emotional distress was caused by discriminatory conduct of the defendants. In deciding whether an aggrieved person actually suffered emotional distress, and whether that distress was actually caused by discriminatory conduct, you may consider, among other things, the witness' emotional state from the witness' demeanor on the witness stand, and from his or her attempts to explain the nature of the injury in words. The witness must sufficiently explain the circumstances of his or her injury, and you must decide whether or not that testimony is credible. The more inherently degrading or humiliating the defendants' actions are, the more reasonable it is to infer that a person would suffer humiliation or distress from that action. On the other hand, the less inherently degrading or humiliating the defendants' actions are, the less reasonable it is to infer that a person would suffer humiliation or distress from that action. You do not necessarily have to decide that all of the aggrieved persons suffered emotional distress. For example, you may find that certain aggrieved persons did actually suffer emotional distress caused by discriminatory acts, but you may find that other aggrieved persons did not persuade you that they actually suffered emotional distress caused by discriminatory acts. It is for you to decide which aggrieved persons, if any, have demonstrated entitlement to damages based on the principles I have explained to you.

Source: United States of Amer. v. Balistrieri, 981 F.2d 916, 931 (7th Cir. 1992). See also United States of Amer. v. Space Hunters, Inc., 00 Civ. 1781 (RCC), 2004 U.S. Dist. LEXIS 23699, at *19-20 (S.D.N.Y. Nov. 23, 2004) ("Civil rights plaintiffs are entitled to recover compensatory damages for emotional distress when they establish a causal connection between the distress and a defendant's discriminatory conduct."), citing Ragin v. Harry Macklowe Real Estate Co., 6 F.3d 898, 907 (2d Cir. 1993).

### EVIDENCE

In deciding what the facts are you have to decide what testimony to believe and or discredit. You may believe all of what a witness says or just a portion, or none of it. When deciding what to believe, consider the witnesses' intelligence, their opportunity to experience the facts they are

testifying about, their memory, any motives they may have, their manner while testifying, whether they have testified differently in the past and the general reasonableness of their testimony. However, do not allow sympathy or prejudice to influence your decisions. Do not consider what the parties' reaction may be, or whether your decision will be popular or unpopular.

Source: Federal Jury Practice and Instructions §71.01; §71.08 (as modified) Modern Federal Jury Instructions, Inst. 76; NY Pattern Jury Instructions, §1:27.

## MISSING WITNESS

The law does not require either party to call as a witness each and every person who may have been involved in the case, or who may appear to have some knowledge on the issues before us. You should not draw any inferences against any party with respect to any issue based on the failure to produce or call a witness.

Source: Federal Jury Practice and Instructions §73.11.

## STATEMENTS OF ATTORNEYS

A) Statements and arguments of counsel are not evidence and are not instructions of law. They are intended only summarize the facts and to assist the jury in understanding the evidence and the parties' contentions. If any argument, statement or remarks has no basis in the evidence, then you should disregard that argument, statement or remark. However, when the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard the fact as proved.

B) The statements and arguments of counsel are not evidence in the case; they are merely to assist you in evaluating the evidence and in understanding the evidence.

When the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

The evidence in the case consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.

You are to consider only evidence in the case. But in your consideration of the evidence you are not limited solely to the statements of the witnesses. In other words, you are not limited solely to what you see and hear. You are permitted to draw, from the facts which you

find have been proved, such reasonable inferences as seem justified in the light of your experience in the affairs of life.

Source: FJP&I No. 71.03; *Zafiro v. United States*, 113 S.ct. 933, 122 L.Ed. 2D 317 (1993); *IPJI* No. 1.01; *Simms*.

### **CREDIBILITY OF WITNESSES**

A) One important aspect of your job ax jurors will be determining whether you believe what each witness called to the stand had to say, and how important that testimony was. In making that decision, you may ask yourself (1) whether the witness impressed you as honest and truthful; (2) what if any motive the witness has to not tell the truth; (3) does the witness have an interest in the outcome of this case; (4) did the witness have any relationship with either of the parties; (5) did the witness seem to remember events, names and dates well; (6) did the witness fully understand the questions being asked; and (7) did the witness' testimony differ from the testimony of other witnesses. The answers to these questions will help you determine the credibility and weight to give to the testimony provided by the witness.

You should keep in mind, that a simple mistake does not necessarily mean that the witness is not telling the truth as he or she remembers its. People may forget some things or remember other things inaccurately. If a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with an unimportant detail.

B) You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive, and state of mind demeanor, and manner while on the stand. Consider the witness' ability to observe the matters as to which he has testified and whether he impresses you as having an accurate recollection of these matters. Consider, also, any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see and hear it differently; and innocent misrecollection, like failure of recollection, is not uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance, or an

unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgments, you will give the testimony of each witness such weight, if any, as you may think it deserves.

## EXPERT TESTIMONY

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his opinion on those technical matters, and the basis for his opinion. This person is called an expert witness. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon the expert witness' testimony, and to what extent, if any.

Source: *Clark v. Universal Builders, Inc.* 501 F.2d 324, 334-39 (7th Cir.) cert. denied, 419 U.S. 1070 (1974), and 706 F.2d 204, 208-11 (7th Cir. 1983), *Old West End Ass'n. v. Buckeye Federal S & L, 675 F.Supp. 1100, 1105-06 (N.D. Ohio 1987)l Simms.*

## TYPES OF EVIDENCE

A) While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

There are two types of evidence that you may consider in properly finding the truth as to the facts of the case. One is direct evidence – such as testimony of an eyewitness. The other is indirect or circumstantial evidence – the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires you find facts from a preponderance of all the evidence, both direct and circumstantial.

B) There are generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence – such as testimony of an eyewitness. The other is indirect or circumstantial evidence – the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

Dated: April 15, 2011
      Forest Hills, NY

                                      Respectfully submitted,

                                      /Peter S. Thomas/

                                      Peter S. Thomas, Esq.
                                      *Attorney for UH Defendants*
                                      Peter S. Thomas, PC
                                      108-18 Queens Blvd. 6th Fl
                                      Forest Hills, NY 11375
                                      P: 718-896-7200
                                      F: 718-275-5793

                                      /Peter S. Gordon/

                                      Peter S. Gordon, Esq.
                                      *Attorney for Yaron Hershco*
                                      Gordon & Gordon, PC
                                      108-18 Queens Blvd. 6th Fl
                                      Forest Hills, NY 11375
                                      P: 718-544-7070
                                      F: 718-544-0994