

**ROSENBERG & ESTIS, P.C.**
ATTORNEYS AT LAW

733 Third Avenue
New York, New York 10017
212.867.6000
Fax 212.551.8484
www.rosenbergestis.com

Timothy J. Fierst
212.551.1203
tfierst@rosenbergestis.com

April 18, 2011

**VIA ECF**
The Honorable Kiyo A. Matsumoto
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Lodge v. United Homes, LLC, et. al.*
     *Case No. 05 Civ. 187 (KAM)(RLM)*

Dear Judge Matsumoto:

    This firm represents the defendants Bayview Loan Servicing, LLC, Bayview Asset Management, LLC, U.S. Bank, N.A. as trustee for Bayview Asset-Backed Securities Trust Series 2007-30, Bayview Financial, L.P. and Bayview Financial Management Corp. (collectively, the "Bayview Defendants") in connection with the referenced action. We write to Your Honor in connection with the status report filed by counsel for the plaintiff, Mary Lodge, in order to address the issue relating to the Bayview Defendants' designation of certain portions of Mary Lodge's deposition transcript and the proposed jury instructions filed by the Bayview Defendants.

    After conferring with plaintiff's counsel regarding the Bayview Defendants' deposition designations, Mary Lodge's counsel and I agreed to various modifications. Ms. Lodge's counsel, however, maintains their objections to the parts of the transcript which refer to Ms. Lodge's interest in a property located at 102 Decatur Street, Brooklyn, New York, which was prior to the purchase of the property in issue, alleging that those parts of the transcript are not probative of any defense or claim, and may confuse the jury and be potentially prejudicial. We respectfully disagree with counsel's position.

    The gravamen of plaintiff's claims is that she was a member of a targeted group of unsuspecting, first-time inexperienced homebuyers. Indeed, paragraph 110 to the plaintiff's Third Amended Complaint specifically alleges that "[a]lthough Ms. Lodge previously owned a home that

**ROSENBERG & ESTIS, P.C.**
ATTORNEYS AT LAW

April 18, 2011
Page 2

was bequeathed to her, she had no experience with the process of buying and financing a home until she purchased the subject property."

    The parts of the Lodge deposition transcript to which plaintiff's counsel objects specifically contradict the assertion that Ms. Lodge was not familiar with the home purchasing or financing process. Indeed, Ms. Lodge states in those transcript designations that she was a one-half owner of the Decatur Street property before it was fully bequeathed to her, and that she, along with her co-owner, financed the property through Mid-Island Mortgage Company and Household Finance. Additionally, Ms. Lodge testified that in connection with that prior transaction, she (i) retained her own attorney, (ii) had an amount in mind that she would be targeting as a monthly mortgage payment in purchasing a new home and (iii) as a result of her sale of the Decatur property, she was under time constraints and it was in her interests to purchase another home quickly. Ms. Lodge also indicates she did not consult with any other sellers of property when she purchased the property at issue.

    Accordingly, the transcript designations that plaintiff objects to contradict plaintiff's assertions in her Third Amended Complaint and support an estoppel defense. To that end, the designated parts of the deposition transcripts are relevant pursuant to Fed. R. Evid. 401 and should be allowed.

    With respect to the proposed jury charged submitted by the Bayview Defendants, the Bayview Defendants are prepared to submit supporting case law and statutory citations for the proposed charges should the Court so require.

    The Bayview Defendants are available to discuss these matters should Your Honor so require.

    Respectfully submitted,

    /s/ Timothy J. Fierst

    Timothy J. Fierst

TJF:me
cc:     All Counsel (Via ECF)

RE\08857\0001\444457v1