

**VIA ECF**

May 15, 2011

Hon. Kiyo A. Matsumoto
United States District Judge
United States Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Mary Lodge v. United Homes, LLC, et al.*, CV-05-0187 (KAM)(RLM)

Dear Judge Matsumoto:

This office, along with AARP Foundation Litigation and Cowan Liebowitz & Latman, P.C., represents the plaintiff in the above-referenced action. We write in response to the May 14, 2011 letter of Timothy Fierst, counsel for the Bayview defendants. In Mr. Fierst's letter, he asserts that his clients are entitled to present evidence at trial that non-party Bayview Financial LP (formerly known as Bayview Financial Trading Group) was a holder in due course and that the current alleged holder, U.S. Bank, can take shelter in Bayview Financial's purported status. The Bayview defendants must be precluded from so proceeding. The letter, replete with misrepresentations, is merely the latest and boldest of the Bayview defendants' cynical and impermissible attempts to rewrite and misrepresent the history of this case.

In the six years they have been defending this case, the Bayview defendants *never* asserted that any entity other than Wachovia Bank, N.A. was the holder in due course of the Lodge Note. And it was not until a few months ago, when it was revealed to the plaintiffs that Wachovia had not owned the Lodge Note since 2005, that the Bayview defendants changed their defense to allege that U.S. Bank, N.A. can benefit from Wachovia's holder-in-due-course status as a putative transferee of the Note from Wachovia. The alteration of their defense, as the Court is aware, is not a product of considered litigation strategy. It is rather an effort to salvage a defense that, in light of belatedly-produced information, is plainly untenable.

**South Brooklyn Legal Services**
105 Court Street, 3rd Floor   Brooklyn, NY 11201
Phone: 718-237-5500   Fax: 718-855-0733   www.sbls.org
**John C. Gray**, Project Director

**Towards justice and dignity for all – Por la Justicia y Dignidad de Todos**



Hon. Kiyo A. Matsumoto
May 15, 2011
Page 2

Undeterred by the Court's sanction or the case record, the Bayview defendants now seek literally to rewrite history. Mr. Fierst's letter falsely claims that the Bayview defendants have relied on the shelter rule throughout the course of this litigation; that plaintiff has been aware of their assertion that Bayview Financial was the original holder in due course all along; and that Wachovia's claim to be a holder in due course was derived from Bayview Financial's own status. These assertions—made for the first time only after one week of trial—are not merely stunning; they are patently untrue.

**Defendants' Holder in Due Course Claim Was Never Predicated on the Shelter Rule.**
As the Court is well aware, the "shelter rule" was never invoked in this action until weeks before this trial. The record shows that the Bayview defendants have steadfastly maintained throughout this litigation that Wachovia Bank was the original holder in due course of the Lodge Note, and that this was the sole basis for f their holder-in-due-course defense. Plaintiff recounted this history to the Court very recently. Rather than repeat it here, we refer the Court to the detailed history of this claim as laid out in Plaintiff's Motion to Strike the Holder in Due Course Defense and in the Court's May 5, 2011 Memorandum and Order. That account plainly demonstrates—and the Court found—that the Bayview defendants misrepresented to the Court and to plaintiff the ownership of the Lodge Note repeatedly and for many years.

A few months before the scheduled trial date, plaintiff moved to strike the holder in due course defense. In response to that Motion, the Bayview defendants altered their defense and for the first time pleaded the applicability of the "shelter rule." Specifically, they asserted that, while Wachovia is not currently the holder of the Lodge Note, U.S. Bank is entitled to holder in due course protections derived from Wachovia Bank's original holder-in-due-course status. They stated:

> [The Lodge] note, along with the mortgage which was assigned to Wachovia as trustee, provide a clear basis on which Wachovia Bank, N.A. as trustee was a holder in due course of the Lodge mortgage, and was thus free and clear of any claims or defenses raised by Lodge. By virtue of the well established 'shelter rule,' the successors to Wachovia Bank, N.A. as trustee are likewise holder in due course of the Lodge Note and Mortgage, and thus free and clear of all Lodge's claims and defenses.

Memorandum of Law in Opposition to Plaintiff's Motion to Strike the Bayview defendants' Holder in Due Course Defense, at 2.

Consistent with the Bayview defendants' new framing of their holder-in-due-course defense, the Court issued a Memorandum and Order on May 5, 2011, denying plaintiff's motion and holding that, "if Wachovia can establish that is a holder in due course, U.S. Bank and BLS can invoke the defense under the shelter rule." Mem. and Order at 23. The Court also precluded the Bayview defendants from using at trial any document produced on or after January 13, 2011 and any testimony about such documents. These include, of course, the documentation of the two trusts into which the Lodge Note and Mortgage were placed after the original Wachovia trust terminated.

**The Bayview defendants' Novel Assertion that Bayview Financial Was a Holder in Due Course Is Unsupported by the Record.**

In light of the May 5 Memorandum and Order, plaintiff's counsel approached Mr. Fierst twice during the first week of trial in an attempt to understand how the Bayview defendants planned to proceed in light of the obstacles that the Court's sanctions present. Originally, Mr. Fierst asserted that Mr. Silver was competent to testify on behalf of Wachovia in support of the holder-in-due course defense. Mr. Fierst later advised us that we did not understand the nature of the relationship between Bayview and Wachovia; that Bayview had purchased the Lodge Note "for" Wachovia; and that Bayview holds a power of attorney for Wachovia. We advised Mr. Fierst of our view that the elements of holder in due course are Wachovia's defense to establish; that Mr. Silver is not competent to testify for Wachovia; and that any power of attorney (which was, in any event, executed years after the transfer of the Note to Wachovia and could not support the defense) could certainly not confer on Mr. Silver personal knowledge that is not in his possession.

During the hearing following trial proceedings on Friday, May 13, 2011, Mr. Fierst first argued that Mr. Silver was fully competent to testify that Wachovia was the original holder in due course. When it became clear that Mr. Silver had no personal knowledge from which to so testify, Mr. Fierst stated that he could certainly find a competent witness from Wachovia and potentially produce that person for a deposition within days.[1] After plaintiff objected that, in the midst of trial, such a deposition would be prejudicial and sidetrack their trial preparations, Mr. Fierst changed his position on the spot. He asserted that Bayview Financial was the original holder in due course of the Lodge note from whom all subsequent holders (including Wachovia) take shelter.

So, evidently realizing the futility of their position, the Bayview defendants now seek to change their defense yet again, and to assert—for the first time—that the original holder in due course is Bayview Financial; that the alleged current holder, U.S. Bank, is entitled to holder-in-due-course protection by virtue of the shelter provided to it by Bayview Financial's purported status; and that plaintiff has known and understood this for years and that we somehow misrepresented our knowledge to the Court.

These assertions are not only false and offensive: they are belied by the record. Having discovered that Mr. Silver is not a competent witness on Wachovia's holder in due course status,

---

[1] In January 2011, the Bayview defendants tried to designate a new witness, Thomas Carr, to explain the two securitizations that occurred after the Wachovia trust was terminated in 2005. In light of the defendants' conduct, Judge Mann on February 11, 2011, appropriately precluded the testimony of this witness. (Document No. 519, Case No. 05 Civ. 187.) The Bayview Defendants' current conduct is surely no less offensive and, coming as it does in the midst of the trial of this case, far more burdensome and prejudicial to plaintiff. Moreover, there is simply no documentary foundation for the testimony of a Wachovia witness. The Bayview Defendants have never produced any documents evidencing the second element of the holder-in-due-course defense: that the alleged holder paid value for the instrument. Plaintiff has never been provided any documentary evidence of the value paid by Wachovia for the trust assets generally or the Lodge Note in particular.

Hon. Kiyo A. Matsumoto
May 15, 2011
Page 4

the Bayview defendants seek to salvage their defense by whatever means necessary, including making false statements to the Court and accusing us of misconduct. Plaintiff has never denied knowing of the existence of Bayview Financial and its role in the securitization of the Lodge Note. But Bayview Financial has never been alleged to be a holder in due course. The litany of documents recited in yesterday's letter has no bearing on the issue. They do not and cannot provide the proof the Court requested—*i.e.*, record evidence demonstrating that they have ever before claimed that Bayview Financial was the original holder in due course.[2]

In this case, Bayview defendants have had many years and repeated opportunities to properly assert their defenses; to disclose changed circumstances and appropriately amend their Answer; to designate competent witnesses and to give plaintiff a fair opportunity to examine the supporting documentation and depose those witnesses. Indeed, in their Answer to Ms. Lodge's Third Amended Complaint, to which Bayview Financial was added as a defendant, the Bayview defendants asserted that Bayview Financial is not a holder of the mortgage. If Bayview Financial were the original holder in due course of the Lodge Note, as they now assert, presumably they would have said so in their pleading. Allowing these defendants, whose well-documented lack of diligence has already prejudiced plaintiff, to radically alter the nature and subject of their holder-in-due-course defense mid-trial is grossly unfair and prejudicial to Ms. Lodge. The Court should not permit these defendants to benefit further from their own appalling misconduct.

**The Bayview Defendants Cannot Establish that U.S. Bank Is a Holder in Due Course.**

Finally, the presentation of the holder in due course defense is futile and a waste of valuable trial time. Even if Bayview's current conduct were not reprehensible and prejudicial, the Court's Memorandum and Order of May 5, 2011 makes it impossible for U.S. Bank, the alleged current holder of the Note, to establish that it is entitled to holder-in-due-course protection either in its own right or by virtue of the shelter rule. The Memorandum precludes "the Bayview defendants from introducing evidence produced on or after January 13, 2011 and any testimony relating to the documents produced on or after January 13, 2011." Mem. and Order at 2. In the absence of such evidence, U.S. Bank simply cannot establish any of the elements of holder in due course or its entitlement, if any, to the protection of the shelter rule. Any expenditure of valuable trial time on this futile exercise is unjustified.

                                              Respectfully submitted,

                                              Sara Manaugh

(Attachment)

---

[2] Mr. Fierst represented to the Court on May 13 that he possessed a letter proving that Bayvew Financial was a holder in due course and that plaintiff was aware of this. In yesterday's letter, Mr. Fierst cites to this document by Bates number. This document, attached hereto, is not a letter. It is an exhibit to the Mortgage Loan Purchase Agreement for the 2003 Trust, and is denominated a "Form of Initial Certification." It is not signed, and is in no way probative of Bayview Financial's ostensible holder-in-due-course status.

EXHIBIT B

## FORM OF INITIAL CERTIFICATION

[Date]

Bayview Financial Securities Company, LLC
4425 Ponce de Leon Boulevard, 4th Floor
Coral Gables, Florida 33146

Wells Fargo Bank Minnesota, National
 Association
9062 Old Annapolis Road
Columbia, Maryland 21045

Re: Pooling and Servicing Agreement dated as of October 1, 2003, among Bayview Financial Securities Company, LLC, as depositor, Wells Fargo Bank Minnesota, National Association, as master servicer, and Wachovia Bank, National Association, as trustee (the "Pooling and Servicing Agreement")

Ladies and Gentlemen:

In accordance with the provisions of the Pooling and Servicing Agreement, the undersigned, as Trustee, hereby certifies that as to any Mortgage Loan listed in the Mortgage Loan Schedule (other than any Mortgage Loan paid in full or any Mortgage Loan listed on the exceptions report attachment hereto), it has reviewed the documents delivered to it pursuant to the Pooling and Servicing Agreement and has determined that (i) all Mortgages Notes and Assignments, installment sale contracts or contracts for purchase required to be delivered to it pursuant to the Pooling and Servicing Agreement are in its possession and (ii) each such Mortgage Note and Assignment, installment sale contract or contract for purchase has been reviewed by it and appears regular on its face, appears to bear original signatures, and has not been mutilated, damaged, torn or otherwise physically altered and relates to such Mortgage Loan. The undersigned has made no independent examination of such documents beyond the review specifically required in the Pooling and Servicing Agreement. The undersigned makes no representations or warranties as to: (i) the validity, legality, enforceability or genuineness of any such documents contained in each or any of the Mortgage Loans identified in the Mortgage Loan Schedule, or (ii) the collectibility, insurability, effectiveness or suitability of any such Mortgage Loan.

This Certification is subject in all respects to the Pooling and Servicing Agreement including, but not limited to, Section 2.02.

89006 Bayview 2003-E
Pooling and Servicing Agrmt.

B-1

B\W MISC. 000178

  Capitalized words and phrases used herein shall have the respective meanings assigned to them in the Pooling and Servicing Agreement.

           WACHOVIA BANK, NATIONAL ASSOCIATION,
            as Trustee

           By:_____
           Name:
           Title:

89006 Bayview 2003-E
Pooling and Servicing Agmt.

B\W MISC. 000179