UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARY LODGE,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED HOMES, LLC, UNITED PROPERTY GROUP, LLC, YARON HERSHCO, GALIT NETWORK, LLC, OLYMPIA MORTGAGE CORP., BAYVIEW LOAN SERVICING, LLC, BAYVIEW ASSET MANAGEMENT, LLC, U.S. BANK, N.A., AS TRUSTEE FOR BAYVIEW ASSET-BACKED SECURITIES TRUST SERIES 2007-30, and BAYVIEW FINANCIAL MANAGEMENT CORP.<br><br>    Defendants. | Civil Action No.: CV-05-0187 (KAM)(RLM) |

## PLAINTIFF MARY LODGE'S OBJECTIONS TO THE PROPOSED JURY INSTRUCTIONS SUBMITTED BY THE BAYVIEW DEFENDANTS

SOUTH BROOKLYN LEGAL SERVICES
105 Court Street, 3rd Floor
Brooklyn, New York 11201

AARP FOUNDATION LITIGATION
601 E Street, NW
Washington, D.C. 20049

COWAN LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, New York 10036-6799

*Attorneys for Plaintiff*

The Court rightly observed, in its decision to consolidate this action with five related cases[1] for trial purposes, that jury instructions would be necessary to avoid the risk of confusion or prejudice to the Bayview defendants because of their status as Rule 19 parties whose "liability is limited to the instrument [i.e., Ms. Lodge's first mortgage note]."  *Barkley v. Olympia Mortgage Co.,* 2010 WL 3709278, at *30 (E.D.N.Y. Sept. 13, 2010).  The instructions proposed by the Bayview defendants, however, go far beyond merely instructing the jury that Ms. Lodge is not alleging wrongdoing by the Bayview defendants.  Plaintiffs object to the instructions for the reasons set forth below.

**The Instructions Contain Impermissible Statements**

The proposed instructions offered by the Bayview defendants are wholly improper on a number of grounds.  First, they ask the judge to state what is alleged in Ms. Lodge's complaint, a document that is not in evidence.  More disturbingly, they would have the Court articulate a distorted and prejudicial version of the relief sought by Ms. Lodge in this action: ". . . Ms. Lodge alleges that she has the right to not pay the mortgage to the Bayview Parties . . . ."

Further, the proposed instructions would have the Court invade the province of the jury, in that they contain assertions not only of fact, but of disputed fact; for instance:

- "The Bayview Parties only are either the mortgage loan servicer for the mortgage upon her residence located at 249 Halsey Street, Brooklyn, New York (and who is in charge of collecting monthly payments and paying real estate taxes and home owner's insurance premiums from the monthly mortgage payments and monitoring the mortgage for a default), or is the 'bank' which is the owner or

---

[1] *Sandra Barkley v. Olympia Mortgage Corp., et al.*, CV-04-0875 (KAM)(RLM); *Rodney Gibbons & Sylvia Gibbons v. United Homes, LLC, et al.*, CV-05-5302 (KAM)(RLM); *Dewitt Mathis v. United Homes, LLC, et al.*, CV-05-4386 (KAM)(RLM); *Miles McDale & Lisa McDale v. United Homes, LLC, et al.*, CV-05-5362 (KAM)(RLM); and *Charlene Washington v. United Homes, LLC, et al.*, CV-05-5679 (KAM)(RLM).

holder of the mortgage on Ms. Lodge's property either now or at one point in time in the past."
- "Ms. Lodge's mortgage loan was assigned in 2003 by Olympia to Wachovia Bank, N.A. as trustee and was thereafter transferred as part of various pools of mortgage loans to different trusts."
- "The original note has been in the possession of Wachovia since the assignment to it and thereafter Bayview on behalf of the assignees of the mortgage loan."

Counsel for the Bayview defendants may make such statements in his closing argument, if the evidence presented to the jury so warrants. Likewise, he will have the opportunity to tell the jury that there are no causes of action asserted against the Bayview defendants. The Court may not be recruited to advocate on behalf of any party, as these instructions seek to do.

**The Instructions Misstate the Law**

Furthermore, the proposed instructions offer an incomplete and incorrect statement of the applicable law. First, the instructions nowhere state that the Bayview defendants bear the burden of proving that Wachovia was a holder in due course, and that the burden is on them to prove that any other party is entitled to holder-in-due-course protection via the so-called "shelter rule."

Second, the Bayview defendants have misstated the shelter rule in two ways. They state incorrectly that "Anyone, no matter how far removed from a holder in due course, who can trace his ownership and title to the instrument ultimately back to a holder in due course comes within the shelter rule and is a holder in due course himself and receives holder in due course rights." The law is clear that the shelter rule does not confer holder-in-due-course status on a transferee; it merely affords a subsequent holder holder-in-due-course protection.

2

Moreover, the Bayview defendants have omitted the exception to the application of the shelter rule contained in the language of the rule itself. The shelter rule, codified at section 3-201(1) of the New York Uniform Commercial Code, provides that:

> Transfer of an instrument vests in the transferee such rights as the transferor has therein, except that a transferee who has himself been a party to any fraud or illegality affecting the instrument or who as a prior holder had notice of a defense or claim against it cannot improve his position by taking from a later holder in due course.

N.Y. U.C.C. § 3-201(1) (emphasis added). This exception to the shelter rule is clearly relevant in light of the Bayview defendants' newly asserted defense that Bayview Financial LP, formerly known as Bayview Financial Trading Group, who originally purchased the Lodge Note from Olympia, is a holder in due course.

If the Court wishes to instruct the jury as to the role of the Bayview defendants in the Lodge action, and the burden that these defendants bear if they seek to assert the holder-in-due course defense or the shelter rule, plaintiff proposes that the Court instruct the jury on (1) the elements of holder-in-due-course status as set forth in section 3-302 of the New York Uniform Commercial Code, (2) the application of the shelter rule as set forth in section 3-201(1), (3) the entities as to whom holder-in-due-course status may be asserted, and (4) the burden of proof.

**The Bayview Defendants' Equitable Defenses Are Not for the Jury**

The Bayview defendants assert two equitable defenses: estoppel and ratification. It is well established that equitable defenses are for the Court, not the jury, to decide. *See* N.Y. C.P.L.R. § 4101; *Patsy's Italian Rest., Inc. v. Banas*, 575 F. Supp. 2d 427, 456 (E.D.N.Y. 2008) ("Equitable defenses are for the Court to decide within its sound discretion . . . based on the entirety of the record, especially the evidence presented at

3

trial and the jury's findings of fact."). The Court need not instruct the jury on these defenses.

Dated: May 15, 2011
Brooklyn, New York

By:    /s/ Sara Manaugh

| | | |
|---|---|---|
| JEAN CONSTANTINE-DAVIS<br>AARP Foundation Litigation<br>601 E Street NW<br>Washington, D.C. 20049<br>(202) 434-2058<br>JCDavis@aarp.org | J. CHRISTOPHER JENSEN<br>Cowan, Liebowitz & Latman, P.C.<br>1133 Avenue of the Americas<br>New York, New York 10036-6799<br>(212) 790-9204<br>jcj@cll.com | MEGHAN FAUX<br>SARA MANAUGH<br>JENNIFER LIGHT<br>PAVITA KRISHNASWAMY<br>RACHEL GEBALLE<br>South Brooklyn Legal Services<br>Foreclosure Prevention Project<br>105 Court Street, 3rd Floor<br>Brooklyn, New York 11201<br>(718) 237-5500<br>mfaux@sbls.org |

*Attorneys for Plaintiff*

4