

**ROSENBERG & ESTIS, P.C.**
ATTORNEYS AT LAW

733 Third Avenue
New York, New York 10017
212.867.6000
Fax 212.551.8484
www.rosenbergestis.com

Timothy J. Fierst
212.551.1203
tfierst@rosenbergestis.com

May 15, 2011

**VIA ECF**
The Honorable Kiyo A. Matsumoto
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York  11201

Re:   *Lodge v. United Homes, LLC, et. al.*
      *Case No. 05 Civ. 187 (KAM)(RLM)*

Dear Judge Matsumoto:

This firm represents the defendants Bayview Loan Servicing, LLC, Bayview Asset Management, LLC, U.S. Bank, N.A. as trustee for Bayview Asset-Backed Securities Trust Series 2007-30, Bayview Financial, L.P. and Bayview Financial Management Corp. (collectively, the "Bayview Defendants") in connection with the referenced action.  We write to Your Honor in reply to the letter submitted by Plaintiff's counsel, Sara Manaugh, in opposition to the letter submitted by the Bayview Defendants dated May 13, 2011 in support of the their holder in due course defense.

First and foremost, contrary to the assertion made by Ms. Manaugh, after re-reading the Bayview Defendants' May 13, 2001 letter, nowhere in that letter has Plaintiff's counsel been accused of misconduct.  It is unclear why Ms. Manaugh would make such an assertion.

At the commencement of this action, the only parties named as Rule 19 Defendants were Bayview Loan Servicing and Wachovia Bank, N.A.  Bayview Loan Servicing was not a holder in due course, but was the mortgage loan servicer.  Wachovia Bank, N.A. *as trustee,* was a holder in due course and was entitled as such to plead the affirmative defense to this action.  Whether or not Wachovia Bank, N.A. *as trustee* became a holder in due course as a result of the shelter rule is of no consequence to their being labeled a "holder in due course." The documents provided to Plaintiff's counsel beginning as early as 2006 clearly show that the holder in due course defense is raised through Bayview Financial, LP.

ROSENBERG & ESTIS, P.C.
ATTORNEYS AT LAW

May 15, 2011
Page 2

      The deposition of Jack Silver, taken by Plaintiff's counsel Jean Constantine-Davis in November 2008, specifically addressed the role played by Bayview Financial LP in the purchase of the Lodge loan. Indeed, Ms. Constantine-Davis used some of the documents provided to Plaintiff's counsel in that deposition. The basis for the holder in due course defense, thus, has never been "altered" as asserted by Plaintiff's counsel, but has always been based upon the role played by Bayview Financial, LP, of which Plaintiff's counsel has been on notice since 2006. The documents provided to Plaintiff's counsel provided them with the pieces to the Bayview Defendants' holder in due course defense. It appears however, that after receiving those documents and after taking the deposition of Mr. Silver, Plaintiff's counsel did not put those pieces together and now wants to fault the Bayview Defendants for not "explaining" the basis for the defense. It is respectfully submitted that such position is unavailing. Mr. Silver as well as Robert E. Hodapp, Vice President and Corporate Counsel of Bayview Loan Servicing, were always available for further depositions, yet Plaintiff did not avail themselves of that opportunity.

**The Holder in Due Course Defense Was Always Predicated Upon the Shelter Doctrine**

      The Shelter Doctrine was specifically addressed in opposition to the Plaintiff's motion to preclude the Bayview Defendants' use of the holder in due course defense. However, the defense itself was always predicated upon the Shelter Doctrine, and Plaintiff's counsel was provided the documentary and testimonial framework for the holder in due course defense through application of the Shelter Doctrine.

      Plaintiff's counsel never sought an elaboration or explanation as to the basis for raising the holder in due course defense. Whether or not Wachovia Bank, N.A. became a holder in due course as a result of the Shelter Doctrine is of no consequence to their being labeled "holder in due course." The documents and deposition provided to Plaintiff's counsel provided the basis for the defense. At the time Plaintiff's counsel took the deposition of Jack Silver in November 2008, they knew about Bayview Financial and its role in the transaction. It is respectfully submitted that Plaintiff's counsel's trial preparation would not have been any different. Mr. Silver testified that he was employed by Bayview Financial, LP and provided Plaintiff's counsel with an ample basis through which to see the application of the Shelter Doctrine to give effect to the holder in due course defense.

      Contrary to the position stated by Ms. Manaugh, the holder in due course defense was not "altered," but its applicability was explained in light of the Plaintiff's motion to preclude the Bayview Defendants' use of the defense. The role of Bayview Financial, LP has always been obvious and evident. Consistent with this Court's Memorandum and Order dated May 5, 2011, the holder in due course defense of Wachovia can thus be established by virtue of the application of the Shelter Doctrine from and through Bayview Financial, LP. Nothing has changed.



May 15, 2011
Page 3

### The Record and Documentary Evidence Clearly Establish Bayview Financial was a Holder in Due Course

Ms. Manaugh's portrayal of the "meet and confer" which took place between me and Plaintiff's counsel is inaccurate. The first time I was approached by Plaintiff's counsel, Ms. Constantine-Davis approached me in the hallway and simply stated "we should talk." I thought, incorrectly as it turns out, that counsel was seeking to discuss settlement. The second and last time that I was approached by counsel, both Ms. Manaugh and Ms. Constantine-Davis inquired by whose testimony the Bayview Defendants would prove the holder in due course defense. When I informed counsel that the Bayview Defendants would rely upon Mr. Silver's testimony, they opined that the Bayview Defendants could not rely upon Mr. Silver's testimony as Mr. Silver was not an employee or officer of Wachovia, N.A. However, I once again informed counsel that in addition the fact that Bayview Financial LP held a power of attorney for Wachovia and that Bayview Loan Servicing was Wachovia's servicer and thus agent, the holder in due course defense would be established through the role of Bayview Financial LP and the Shelter Doctrine. Plaintiff's counsel did not accept that explanation and rather stated that we would discuss the matter with the Court.

During the conference with the Court on May 13, 2011, the Bayview Defendants' position was that the holder in due course defense as pleaded by Wachovia could be established through the role that Bayview Financial LP played in the transaction. It is the Bayview Defendants' position that a witness from Wachovia is unnecessary, as the defense can be proven by the role of Bayview Financial LP and the Shelter Doctrine. Plaintiff's counsel has been on notice of this fact since 2006 If, however, the Court requires a witness from Wachovia, I indicated that we would undertake to provide one with all due haste, however, cautioned that because US Bank *as trustee* succeeded to the trust rights of Wachovia, we would have to endeavor to identify who would have knowledge of the transaction at issue. However, such a witness is unnecessary due to the application of the Shelter Doctrine.[1]

It appears, therefore, that although Plaintiff's counsel acknowledges the role of Bayview Financial LP in the securitization of the Lodge loan, it denies being aware that the Shelter Doctrine is applicable on all holders derived from Bayview Financial LP. However, the documents provided to Plaintiff's counsel prove otherwise, *i.e.*, Bayview Financial, LP was a holder in due course and Wachovia Bank, N.A., *as trustee,* can claim that status and protection through the Shelter Doctrine. These facts are undeniable. Clearly, after providing the documents to Plaintiff's counsel in 2006,

---

[1] Contrary to the position taken by Plaintiff's counsel, the holder in due course defense does not have to be established independently for Wachovia Bank, N.A. *as trustee*. Wachovia Bank, N.A. *as trustee,* can rely upon its holder in due course protection through the Shelter Doctrine. Wachovia Bank, N.A. *as trustee,* took ownership of the Lodge loan through the securitization process, of which Plaintiff's counsel has the initial securitization trust documents since 2006.



**ROSENBERG & ESTIS**, P.C.
ATTORNEYS AT LAW

May 15, 2011
Page 4

Plaintiff's counsel could have amended their complaint, yet they chose not to. Therefore, it was proper to plead Wachovia Bank, N.A. as a holder in due course. These facts have not changed throughout this litigation.

Clearly, by operation of the Shelter Doctrine, pursuant to this Court's May 5, 2011 Memorandum and Order, U.S. Bank, *as trustee,* the current holder of the Lodge loan, can rightfully claim the benefits of the holder in due course defense. Testimony independent of and without reference to documents produced on or after January 13, 2011 or their existence can establish the current securitization of the Lodge loan.[2]

Therefore, based upon the documentary evidence provided to Plaintiff's counsel in this action as early as 2006, Plaintiff's counsel was fully aware of the existence and role Bayview Financial, LP played in the transaction in issue. The documents provided the pieces to the holder in due course defense and the role of Bayview Financial, LP was obvious. That basis for the defense was never altered and has never changed. The defense was rightfully raised on behalf of Wachovia Bank, N.A. *as trustee* who was the party named at the time, which took the Lodge loan through the operation of Bayview Financial LP. These facts are obvious to the Plaintiff.

Respectfully submitted,

/s/ Timothy J. Fierst

Timothy J. Fierst

TJF:me
Encl.
cc:   All Counsel (Via ECF)

---

[2] During the conference held on May 13, 2011, I mentioned a letter which I recalled seeing during my trial preparations. However, I indicated that the letter stated that there was no representation regarding the enforcement or validity of the loan at issue. Thus, that letter, which was drafted by Wachovia Bank, N.A *as trustee,* has nothing to do with Bayview Financial LP's status as holder in due course. Additionally, considering the fact that that letter was produced after January 13, 2011, the Bayview Defendants had no intent of submitting that letter into evidence and Plaintiff's counsel mischaracterizes the reference made to the letter.