UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X
SANDRA C. BARKLEY,

            Plaintiff,

  -against-                                 04 CV 875 (RJD)(KAM)

UNITED HOMES, LLC, et al.,

            Defendants.
---------------------------------------------------------X
MARY LODGE,

            Plaintiff,

  -against-                                 05 CV 187 (RJD)(KAM)

UNITED HOMES, LLC, et al.,

            Defendants.
---------------------------------------------------------X
DEWITT MATHIS,

            Plaintiff,

  -against-                                 05 CV 4386 (RJD)(KAM)

UNITED HOMES, LLC, et al.,

            Defendants.
---------------------------------------------------------X
RODNEY GIBBONS & SYLVIA GIBBONS,

            Plaintiffs,

  -against-                                 05 CV 5302 (RJD)(KAM)

UNITED HOMES, LLC, et al.,

            Defendants.
---------------------------------------------------------X

```
-------------------------------------------------------X
MILES MCDALE & LISA MCDALE,

                    Plaintiffs,

        -against-                                          05 CV 5362 (RJD)(KAM)

UNITED HOMES, LLC, et al.,

                    Defendants.
-------------------------------------------------------X
CHARLENE WASHINGTON,

                    Plaintiff,

        -against-                                          05 CV 5679 (RJD)(KAM)

UNITED HOMES, LLC, et al.,

                    Defendants.
-------------------------------------------------------X
```

**NOTICE OF RULE 30(b)(6) DEPOSITION OF BAYVIEW LOAN SERVICING, LLC AND WACHOVIA BANK, N.A.**

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, counsel for plaintiffs will take the deposition of Bayview Loan Servicing LLC and Wachovia Bank, N.A. (collectively, "the Wachovia defendants") by their designee(s), before a person authorized by law to administer an oath, at 9:30 a.m. on Thursday, November 20, 2008 at the offices of Bayview Financial Loan Servicing LLC, 4425 Ponce de Leon Blvd., Coral Gables, Florida 33146. The deposition will be recorded by stenographic means. Pursuant to Rule 30(b)(6), the deponents shall designate one or more officers, directors, managing agents or other persons who will testify on their behalf concerning the following matters:

1. All loan purchase and sale agreements or other agreements between Olympia Mortgage Corp. ("Olympia") and the Wachovia defendants that provided for the Wachovia defendants or their affiliates' purchase of no income, no asset ("NINA") and low- or no documentation mortgages from Olympia during 2001, 2002, 2003, and

2004; the number of such mortgages actually purchased from Olympia during those years and the characteristics of these mortgages.

2. Any sales of NINA or no documentation mortgages prior to June 2003 by Olympia to the Wachovia defendants or to Bayview Financial Trading Group ("Bayview Financial") during 2001, 2002, 2003, and 2004, including the underwriting criteria, guidelines, and method through which the Wachovia defendants and/or Bayview Financial underwrote and priced these loan sales.

3. The origin and source of the information contained on "Olympia Mortgage Corp. (3) Loan Information Report" referenced on SUB 1217-1231 and any accompanying reports or analysis.

4. The sale of mortgages from Olympia to Bayview Financial in June-July, 2003, including but not limited to:

   a. characteristics of these mortgages;
   b. standards or guidelines Bayview Financial established for the purchase of these mortgages;
   c. due diligence performed by Bayview Financial incident to the purchase of these mortgages;
   d. identity of the entity that performed broker price opinions ("BPO's") and due diligence for Bayview Financial in support of the purchase of these mortgages;
   e. results of the BPO's Bayview Financial ordered in support of its purchase of these mortgages;
   f. source and basis for the collateral values listed on the Wachovia defendants' document Bates stamped # 145;
   g. pools into which the mortgages were sold.
   h. enforcement or attempted enforcement of the repurchase provisions outlined in the respective loan sale agreements and the reason(s) for such repurchase request.

5. The assignments of the Lodge and Gibbons mortgages to Wachovia Bank N.A. As Trustee (Bayview) including:

   a. Dates the assignments were executed by Barry Goldstein;
   b. Dates the assignments were notarized;
   c. Completion of the information on the Assignments of the first and second Lodge mortgages and the first and second Gibbons mortgages.

6. The differences between the Certified True Copies of the Notes and Mortgages for the Lodge and Gibbons transactions and the recorded and other copies of the documents.

7. The identity of the current document custodian in possession of the physical mortgage loan files for Lodge and Gibbons, the location of said mortgage loan files, and any summary listing of all original loan documents that are contained therein.

8. The Wachovia defendants' and Bayview Financial's policies on purchasing and pricing "investor fallout" mortgages, "scratch-and-dent" mortgages, or other mortgages for which there was deficient documentation in any of the applicable contract documents in 2001, 2002, 2003, and 2004.

9. The factual underpinnings of the Wachovia defendants' defenses to the allegations of the Amended Complaints in *Lodge v. United Homes, et al.*

Dated:  November 13, 2008

By:

\_\_\_\_ /s/_____
Jean Constantine-Davis, Esq.(*pro hac vice*)
Nina Simon, Esq. (*pro hac vice*)
AARP Foundation Litigation
601 E Street, NW
Washington, DC 20049
202-434-2058

Meghan Faux, Esq.
Navid Vazire, Esq
Anne Fleming, Esq.
Sara Manaugh, Esq.
Foreclosure Prevention Project
105 Court Street, 3rd Floor
Brooklyn, New York 11201
718-237-5500

Richard J. Scarola, Esq. (RJJS 3405)
Scarola Ellis, LLP
888 Seventh Avenue, 45th Floor
New York, NY   10106
212-757-0007

*Attorneys for Plaintiffs*