UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

SANDRA C. BARKLEY,

                Plaintiff,

   -against-                             04 CV 875 (KAM) (RLM)

UNITED HOMES, LLC, et al.,

                Defendants.

--------------------------------------------------------X
--------------------------------------------------------X

                                       05 CV 187 (KAM) (RLM)
                                       05 CV 4386 (KAM) (RLM)
AND CONSOLIDATED ACTIONS         05 CV 5302 (KAM) (RLM)
                                       05 CV 5362 (KAM) (RLM)
                                       05 CV 5679 (KAM) (RLM)

--------------------------------------------------------X

## PLAINTIFFS' OBJECTIONS TO PROPOSED JURY INSTRUCTIONS SUBMITTED BY THE UNITED HOMES DEFENDANTS

SOUTH BROOKLYN LEGAL SERVICES
105 Court Street, 3rd Floor
Brooklyn, New York 11201

AARP FOUNDATION LITIGATION
601 E Street, NW
Washington, D.C. 20049

COWAN LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, New York 10036-6799

Attorneys for Plaintiffs

Plaintiffs Sandra Barkley, Sylvia Gibbons, Mary Lodge, Dewitt Mathis, Lisa and Miles McDale, and Charlene Washington (collectively "Plaintiffs") object to the jury instructions submitted by defendants United Homes LLC, United Property Group LLC, Galit Network LLC, and Yaron Hershco (collectively "the United Homes Defendants") as set forth below.

**Instruction 1: Prima Facie Case of Housing Discrimination**

Plaintiffs object to this instruction of the United Homes Defendants on the ground that, according to the law of the case, the formulation of the test to be applied in this case under the Fair Housing Act is determined by the Court's prior orders deciding the United Homes Defendants' Motion to Dismiss and their Motion for Summary Judgment.  04-cv-875, Docket No. 238, pp. 26-28; 04-cv-875, Docket No. 485, pp. 47-50.

**Instruction 2: Doctrine of Caveat Emptor**

Plaintiffs object to this instruction of the United Homes Defendants on the ground that, according to the law of the case, the doctrine of *caveat emptor* does not apply in the instant case, as determined by the Court's prior orders deciding the United Homes Defendants' Motion to Dismiss and their Motion for Summary Judgment.  04-cv-875, Docket No. 238, p. 37-38; 04-cv-875, Docket No. 485, pp. 55-56.

**Instruction 3: Falsus in Uno**

According to the individual motion practices of Judge Matsumoto, general jury instructions will be prepared by the Court.  Therefore, we do not recite our objections to this general instruction of the United Homes Defendants.

**Instruction 4: No Inference From Rulings**

According to the individual motion practices of Judge Matsumoto, general jury instructions will be prepared by the Court.  Therefore, we do not recite our objections to this general instruction of the United Homes Defendants.

**Instruction 5: Exclude Sympathy**

According to the individual motion practices of Judge Matsumoto, general jury instructions will be prepared by the Court. Therefore, we do not recite our objections to this general instruction of the United Homes Defendants.

**Instruction 6: Corporate Parties**

According to the individual motion practices of Judge Matsumoto, general jury instructions will be prepared by the Court. Therefore, we do not recite our objections to this general instruction of the United Homes Defendants.

**Instruction 7: Pretext for Discrimination**

Plaintiffs object to this instruction on a number of grounds. First, the Second Circuit has held that, in laying out the *McDonnell Douglas* framework for a jury, terms such as "prima facie case" and "burden of production" are to be avoided as confusing and misleading. *Cabrera v. Jakavovitz*, 24 F.3d 372 (2d Cir. 1994). Second, the statement in the United Homes instruction that "UH Defendants' burden is not a heavy one" is improper and unsupported in the case law. Third, a clear and accurate pretext instruction would clarify that, if the jury finds a defendant's explanation for the allegedly discriminatory behavior to be false or unworthy of credit, the jury may infer that the defendant's actions were motivated, at least in part, by discrimination based on the race or the perceived race of the plaintiff. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143-47 (2000). Finally, the instruction improperly includes an assertion of disputed fact, the finding of which is in the province of the jury, where it states that "UH Defendants have made a showing of the reasons for its actions…."

**Instruction 8: Plaintiffs' Ultimate Burden**

Plaintiffs object to this instruction of the United Homes Defendants on the ground that, according to the law of the case, the formulation of the test to be applied in this case under the Fair Housing Act is determined by the Court's prior orders deciding the United Homes

3

Defendants' Motion to Dismiss and their Motion for Summary Judgment.  04-cv-875, Docket No. 238, pp. 26-28; 04-cv-875, Docket No. 485, pp. 47-50.

**Instruction 9: Membership in Protected Class**

Plaintiffs object to this instruction of the United Homes Defendants on the ground that, according to the law of the case, the formulation of the test to be applied in this case under the Fair Housing Act is determined by the Court's prior orders deciding the United Homes Defendants' Motion to Dismiss and their Motion for Summary Judgment.  04-cv-875, Docket No. 238, pp. 26-28; 04-cv-875, Docket No. 485, pp. 47-50.

**Instruction 10: Plaintiffs' Subjective Beliefs and Conclusory Allegations Insufficient**

Plaintiffs object to this instruction of the United Homes Defendants on the ground that, according to the law of the case, the formulation of the test to be applied under the Fair Housing Act is determined by the Court's prior orders deciding the United Homes Defendants' Motion to Dismiss and their Motion for Summary Judgment.  04-cv-875, Docket No. 238, pp. 26-28; 04-cv-875, Docket No. 485, pp. 47-50.

**Instruction 11: Damages**

According to the individual motion practices of Judge Matsumoto, general jury instructions will be prepared by the Court.  Because the content of this instruction contains largely general instructions regarding damages, we do not recite our objections to this instruction of the United Homes Defendants.

**Instruction 12: Existence and Causation of Emotional Distress**

Plaintiffs object to this instruction of the United Homes Defendants on the ground that it confuses and misstates the law as evidenced in the cited case supports.  The United Homes instruction states that, "[t]he witness must sufficiently explain the circumstances of his or her injury, and you must decide whether or not that injury is credible."  Quite to the contrary, *Balistrieri* notes that, "[i]n housing discrimination cases, we have generally upheld awards for

4

emotional distress despite the lack of detailed description of that distress." *United States v. Balistrieri*, 981 F.2d 916, 932 (7th Cir. 1992).  In addition, there is no support in the cases for the assertion that, "the less inherently degrading or humiliating the defendants' actions are, the less reasonable it is to infer that a person would suffer humiliation or distress from that action."

**Instruction 13: Evidence**

According to the individual motion practices of Judge Matsumoto, general jury instructions will be prepared by the Court.  Therefore, we do not recite our objections to this general instruction of the United Homes Defendants.

**Instruction 14: Missing Witness**

According to the individual motion practices of Judge Matsumoto, general jury instructions will be prepared by the Court.  Therefore, we do not recite our objections to this general instruction of the United Homes Defendants.

**Instructions 15: Statements of Attorneys**

According to the individual motion practices of Judge Matsumoto, general jury instructions will be prepared by the Court.  Therefore, we do not recite our objections to this general instruction of the United Homes Defendants.

**Instruction 16: Credibility of Witnesses**

According to the individual motion practices of Judge Matsumoto, general jury instructions will be prepared by the Court.  Therefore, we do not recite our objections to this general instruction of the United Homes Defendants.

**Instruction 17: Expert Testimony**

According to the individual motion practices of Judge Matsumoto, general jury instructions will be prepared by the Court.  Therefore, we do not recite our objections to this general instruction of the United Homes Defendants.

**Instruction 18: Types of Evidence**

According to the individual motion practices of Judge Matsumoto, general jury instructions will be prepared by the Court. Therefore, we do not recite our objections to this general instruction of the United Homes Defendants.

Dated:     May 16, 2011
           Brooklyn, New York

By:   /s/ Rachel Geballe

| | | |
|---|---|---|
| JEAN CONSTANTINE-DAVIS<br>AARP Foundation Litigation<br>601 E Street NW<br>Washington, D.C. 20049<br>(202) 434-2058<br>JCDavis@aarp.org | J. CHRISTOPHER JENSEN<br>Cowan, Liebowitz & Latman, P.C.<br>1133 Avenue of the Americas<br>New York, New York 10036-6799<br>(212) 790-9204<br>jcj@cll.com | MEGHAN FAUX<br>RACHEL GEBALLE<br>PAVITA KRISHNASWAMY<br>JENNIFER LIGHT<br>SARA MANAUGH<br>South Brooklyn Legal Services<br>Foreclosure Prevention Project<br>105 Court Street, 3rd Floor<br>Brooklyn, New York 11201<br>(718) 237-5500<br>mfaux@sbls.org |

*Attorneys for Plaintiffs*