```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SANDRA C. BARKLEY,
                        Plaintiff,
          -against-                              04 CV 875 (KAM) (RLM)

UNITED HOMES, LLC, et al.,
                        Defendants.
------------------------------------------------------------X
------------------------------------------------------------X
MARY LODGE,
                        Plaintiff,
          -against-                              05 CV 187 (KAM) (RLM)

UNITED HOMES, LLC, et al.,
                        Defendants.
------------------------------------------------------------X
------------------------------------------------------------X
DEWITT MATHIS,
                        Plaintiff,
          -against-                              05 CV 4386 (KAM) (RLM)

UNITED HOMES, LLC, et al.,
                        Defendants.
------------------------------------------------------------X
------------------------------------------------------------X
RODNEY GIBBONS & SYLVIA GIBBONS,
                        Plaintiffs,
          -against-                              05 CV 5302 (KAM) (RLM)

UNITED HOMES, LLC, et al.,
                        Defendants.
------------------------------------------------------------X
------------------------------------------------------------X
MILES MCDALE & LISA MCDALE,
                        Plaintiffs,
          -against-                              05 CV 5362 (KAM) (RLM)

UNITED HOMES, LLC, et al.,
                        Defendants.
------------------------------------------------------------X
------------------------------------------------------------X
CHARLENE WASHINGTON,
                        Plaintiff,
          -against-                              05 CV 5679 (KAM) (RLM)

UNITED HOMES, LLC, et al.,
                        Defendants.
------------------------------------------------------------X
```

## YARON HERSHCO'S MEMORANDUM TO THE PROPOSED JURY INSTRUCTIONS

Defendant Yaron Hershco submits this Trial Memorandum of Law against Plaintiffs Sandra Barkley (hereinafter "Barkley"), Mary Lodge (hereinafter "Lodge"), Dewitt Mathis (hereinafter "Mathis"), Rodney and Sylvia Gibbons (hereinafter "Gibbonses"), Lisa and Miles McDale (hereinafter "McDales"), and Charlene Washington (hereinafter "Washington"), and states as follows:

Plaintiffs allege that they are victims of a "scheme" concocted by the UH Defendants who worked in concert with the purpose of defrauding the Plaintiffs. Plaintiffs allege that Defendants acted to concert and "engaged in a pattern and practice of property flipping which targeted first-time minority homebuyers, such as plaintiff[s], for predatory home purchase and financing transactions in which they were sold grossly overpriced and damaged properties supported by intentionally inflated financing" (Complaints[1] ¶1).

## PLAINTIFFS ARE NOT ENTITLED TO INSTRUCT THE JURY ON MR. HERSHCO'S INDIVIDUAL LIABILITY, THUS PLAINTIFFS' JURY CHARGES ON PUNITIVE DAMAGES ARE PRECLUDED

"McKinney's Business Corporation Law § 1505(a), which provides that each shareholder, employee or agent of a professional service corporation can be personally liable for any negligent or wrongful act or misconduct committed by him or any person under his direct supervision and control while rendering professional services on behalf of such corporation, precludes imposition of personal shareholder liability in instances not involving the direct rendition of professional services." *We're Associates Co. v. Cohen, Stracher & Bloom, P.C.*, 65 N.Y.2d 148, 480 N.E.2d 357 (N.Y.,1985). At bar, Defendant Yaron Hershco is a shareholding in three limited liability companies: United Homes, LLC, United Property Group, LLC and Galit

---

[1] Plaintiffs' Second Amended Complaint & Charlene Washington's Amended Complaint

Network, LLC. None of these companies provide services, rather they are companies that sell house, which are physical, tangible products.

In Stambovsky v. Ackley, 169 A.D.2d 254, 572 N.Y.S.2d 672 (N.Y.A.D. 1 Dept.,1991), the Court held that "[w]ith respect to transactions in real estate, New York law adheres to the doctrine of caveat emptor and imposes no duty on the vendor to disclose any information concerning the premises unless there is a confidential or fiduciary relationship between the parties or some conduct on the part of the seller which constitutes active concealment." Plaintiffs' complaints and testimony at trial contain a resounding shortage of factual evidence illustrating Mr. Hershco's intentional discrimination. Nor, for that matter, have Plaintiffs exhibited any evidence of any form of discrimination against Plaintiffs. If anything, Plaintiffs' acknowledge that Mr. Hershco have never exchanged any words with Plaintiffs prior to the commencement of this suit. Ms. McDale stated numerous times over the course of her deposition that her suit against Mr. Herscho was "nothing personal." A Principal of a corporation may only be held liable if plaintiffs' demonstrate that piercing the corporate veil is warranted, thereby limiting the accepted principle that the corporation exists independently of its owners. See *Morris v. New York State Dept. of Taxation and Finance*, 82 N.Y.2d 135, 603 N.Y.S.2d 807, 623 N.E.2d 1157 (1993). The decision whether to pierce the corporate veil in a given instance depends on the particular facts and circumstances. *Goldman v. Chapman*, 44 A.D.3d 938, 844 N.Y.S.2d 126 (2d Dep't 2007). At bar, Plaintiffs alleged that Mr. Hershco used his companies interchangeably with the intention to defraud the Plaintiffs via a civil conspiracy orchestrated amongst the various co-defendants.

In some instances, the Courts have held that "[I]ndividuals may be held liable under § 1981… [however] in order to make out a claim for individual liability under § 1981, a plaintiff

must demonstrate 'some affirmative link to causally connect the actor with the discriminatory action.' *Allen v. Denver Pub. Sch. Bd.,* 928 F.2d 978, 983 [10th Cir.1991] ). "A claim seeking personal liability under section 1981 must be predicated on the actor's personal involvement." *Id.* "Personal involvement, within the meaning of this concept, includes not only direct participation in the alleged violation but also gross negligence in the supervision of subordinates who committed the wrongful acts and failure to take action upon receiving information that constitutional violations are occurring." *Patterson v. Cnty. of Oneida,* 375 F.3d 206, 229 (2d Cir.2004). However, Plaintiffs have repeatedly failed to proffer the Court with tangible evidence that Mr. Hershco, individually, participated in the allegedly intentional acts of discriminations nor have they managed to piece together a motive for Mr. Hershco to engage in such alleged discrimination.

The Second Circuit held that the aiding and abetting provision imposes individual liability 'on a defendant who *actually participates* in the conduct giving rise to a discrimination claim.' *Fair Hous. Justice Ctr., Inc.*, 2011 WL 856095 (quoting Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2d Cir.1995). In *Ragin v. Newburgh Enlarged City School Dist*., Slip Copy, 2009 WL 4906111 (S.D.N.Y., 2009), the Court held that "[p]unitive damages are limited to cases in which the defendant has engaged in intentional discrimination and has done so " 'with malice or with reckless indifference to the federally protected rights of an aggrieved individual.'" *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 529-30, 119 S.Ct. 2118, 144 L.Ed.2d 494 (1999) (quoting 42 U.S.C. § 1981a(b) (1)). "Malice and reckless indifference refer to 'the [defendant's] knowledge that it may be acting in violation of federal law, not its awareness that it is engaging in discrimination .' " *Farias v. Instructional Systs., Inc.*, 259 F.3d 91, 101 (2001) (quoting Kolstad, 527 U.S. at 535). An award of punitive damages also requires a "positive element of conscious

wrongdoing." *Kolstad*, 527 U.S. at 538 (quoting C. McCormick, Law of Damages 280 (1935)). "As an alternative to proving that the defendant was acting in violation of federal law, 'egregious or outrageous acts may serve as evidence supporting an inference of the requisite 'evil motive.' ' '*Farias*, 259 F.3d at 101 (quoting *Kolstad*, 527 U.S. at 538).'"

Plaintiffs allege that Mr. Hershco masterminded a conspiracy amongst co-Defendants. However, again, Plaintiffs and Plaintiffs' experts in their respective testimonies fail to demonstrate the Mr. Hershco influences the activities and statements made by employees of the UH Defendants, nor for that matter can Plaintiffs' demonstrate that Mr. Hershco possesses knowledge of the activities and statements made by the employees of UH Defendants. Even Plaintiffs' expert marketing witness Charlton McIlwain acknowledged during the trial that what was previously presented to the Court as a specific, racially-based decision – the decision to use "Dream Homes" in UH Defendants' advertising to reach out to and garner brand awareness amongst the African American market – could otherwise be attributed to coincidence that commonly occurs with common colloquial phrases such as "Dreams Homes".

In sum absence evidence of Mr. Hershco's actions or gross inactions regarding the various United Homes entities and further absence of evidence depicting Mr. Hershco, any charges relating to discrimination and/or punitive damages should be included against Mr. Hershco, as an individual.

Dated: May 16, 2011
      Forest Hills, NY

Respectfully submitted,

/Peter S. Gordon/

Peter S. Gordon, Esq.
*Attorney for Yaron Hershco*
Gordon & Gordon, PC
108-18 Queens Blvd. 6th Fl
Forest Hills, NY 11375
P: 718-544-7070
F: 718-544-0994