```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SANDRA C. BARKLEY,
                        Plaintiff,
            -against-                          04 CV 875 (KAM) (RLM)

UNITED HOMES, LLC, et al.,
                        Defendants.
-----------------------------------------------------------X
-----------------------------------------------------------X
MARY LODGE,
                        Plaintiff,
            -against-                          05 CV 187 (KAM) (RLM)

UNITED HOMES, LLC, et al.,
                        Defendants.
-----------------------------------------------------------X
-----------------------------------------------------------X
DEWITT MATHIS,
                        Plaintiff,
            -against-                          05 CV 4386 (KAM) (RLM)

UNITED HOMES, LLC, et al.,
                        Defendants.
-----------------------------------------------------------X
-----------------------------------------------------------X
RODNEY GIBBONS & SYLVIA GIBBONS,
                        Plaintiffs,
            -against-                          05 CV 5302 (KAM) (RLM)

UNITED HOMES, LLC, et al.,
                        Defendants.
-----------------------------------------------------------X
-----------------------------------------------------------X
MILES MCDALE & LISA MCDALE,
                        Plaintiffs,
            -against-                          05 CV 5362 (KAM) (RLM)

UNITED HOMES, LLC, et al.,
                        Defendants.
-----------------------------------------------------------X
-----------------------------------------------------------X
CHARLENE WASHINGTON,
                        Plaintiff,
            -against-                          05 CV 5679 (KAM) (RLM)

UNITED HOMES, LLC, et al.,
                        Defendants.
-----------------------------------------------------------X
```

## UH DEFENDANTS' MEMORANDUM TO THE PROPOSED JURY INSTRUCTIONS

United Homes LLC, United Property Group LLC, and Galit Network LLC (collectively "UH Defendants") submit this Trial Memorandum of Law against Plaintiffs Sandra Barkley (hereinafter "Barkley"), Mary Lodge (hereinafter "Lodge"), Dewitt Mathis (hereinafter "Mathis"), Rodney and Sylvia Gibbons (hereinafter "Gibbonses"), Lisa and Miles McDale (hereinafter "McDales"), and Charlene Washington (hereinafter "Washington"), and states as follows:

## PLAINTIFFS' UNFOUNDED ALLEGATIONS
## OF FRAUD AND DISCRIMINATION

According to the Plaintiffs, the alleged scheme perpetrated by UH Defendants and Defendants at bar occurred as follows: The UH Defendants "purchase[d] damaged properties, conduct[ed] cosmetic repair work, and conspiring with various mortgage lenders, appraisers and attorneys, cause[d] the properties to be fraudulently and significantly over-appraised" (Complaints[1] ¶ 2). Then, "the [UH Defendants] lured in plaintiff[s] and other prospective homeowners with attractive advertising featuring minority homebuyers and by presenting itself as a "one-stop shop" which can assist uninformed first-time homebuyers with all aspects of the complicated home-buying process.  Through the "one-stop shop," [UH Defendants]  provided lenders and attorneys for the purchasers to ensure that the property flipping scheme would succeed and that prospective homeowners would not get independent, sound legal advice" (Complaints ¶ 34). "[UH Defendants] ensured that the process moved at lightning speed, wrapping up the transactions—including that of plaintiff[s]—in a matter of weeks, so that plaintiff and other victims did not have time to further consider the sale or seek outside help

---

[1] A myriad of allegations in Plaintiffs' Second Amended Complaint (Amended Complaint for Charlene Washington) are identical in sum and substance to the allegations in the other Second Amended Complaints. As such, where applicable this Memo cites refers to the Amended Complaints collectively as "Complaints".

(Complaints ¶ 35). New York Courts have held that "[n]ew York adheres to the doctrine of caveat emptor and imposes no duty on the seller to disclose any information concerning the premises when the parties deal at arm's length, unless there is some conduct on the part of the seller which constitutes active concealment" (*Platzman v. Morris,* 283 A.D.2d 561, 562, 724 N.Y.S.2d 502; *Commander Terms., LLC v. Commander Oil Corp.,* 71 A.D.3d 623, 897 N.Y.S.2d 151). In *Bernardi v. Spyratos*, 79 A.D.3d 684, 912 N.Y.S.2d 627, 2010 N.Y. Slip Op. 09097 (N.Y.A.D. 2 Dept., 2010), the Court held that "[r]ecovery for active concealment requires a showing that the seller thwarted the plaintiff's efforts to fulfill the responsibilities fixed by the doctrine of caveat emptor (*see Daly v. Kochanowicz,* 67 A.D.3d 78, 92, 884 N.Y.S.2d 144; *London v. Courduff,* 141 A.D.2d 803, 529 N.Y.S.2d 874)." In Davidowitz et. al. v. Patridge, the Court held that "The party alleging fraud in the inducement bears the burden of establishing each of the elements by clear and convincing evidence. *See, e.g., Gaidon v. Guardian Life Ins. Co. of Am.,* 94 N.Y.2d 330, 349-50, 725 N.E.2d 598, 607, 704 N.Y.S.2d 177, 186 (1999); *New York v. Indus. Site Servs., Inc.,* 52 A.D.3d 1153, 1157, 862 N.Y.S.2d 118, 121-22 (3d Dep't 2008). Under New York Law, Patridge must prove: (1) a material misrepresentation or omission that induced the party to sign the contract; (2) scienter; (3) reliance; and (4) injury. *See generally* 60A N.Y. Jur. Fraud and Deceit § 14 (2010); *see also Gaidon,* 94 N.Y.2d at 348, 725 N.E.2d at 606, 704 N.Y.S.2d at 185; *New York Univ. v. Cont'l Ins. Co. .,* 87 N.Y.2d 308, 318, 662 N.E.2d 763, 769, 639 N.Y.S.2d 283, 289 (1995)." However, Plaintiffs have failed to proffer any preponderance of evidence over the course of this trial even suggesting racial animus, discriminatory intent on behalf of UH Defendants, or fraud. Plaintiffs' complaints and testimony at trial contain a lack of factual evidence illustrating UH Defendants' intentional discrimination or fraud. Nor, for that

matter, have Plaintiffs exhibited any evidence of any form of discrimination or fraud against UH Defendants for which damages can be awarded.

Additionally, Plaintiffs failed to fulfill the elements, as set forth by this Court in its August 2007 Order, necessary to establish a *prima facie* case for reverse redlining discrimination. In fact, UH Defendants have proffered evidence to the contrary: For example, several Plaintiffs, including Rodney and Sylvia Gibbons, Charlene Washington, and Dewitt Mathis signed statements and documents supplied to them by the attorneys, including documents titled "For your Protection: Get a Home Inspection" (UH Defendants Trial Exhibit 4, 36, 49), "Some Types of Mortgages" (UH Defendants Trial Exhibit 3, 51), "Pre-Contract Signing Checklist" (UH Defendants Trial Exhibit 5, 50) and "Retainer Agreement for Legal Services" (UH Defendants Trial Exhibit 2, 45) discussing the importance of conducting independent home inspections, and the advantages and disadvantages of balloon loans. In C.V. Co. LLC v. Ban Realty Corp., Slip Copy, 25 Misc.3d 1226(A), 2009 WL 3823252 (Table) (N.Y.Sup.), 2009 N.Y. Slip Op. 52305(U), (N.Y.Sup.,2009), "[t]he cause of the defendants' damages is their failure to fully investigate the property. In any event, in view of the doctrine of caveat emptor and the absence of any allegations that the plaintiff thwarted their efforts to conduct their own due diligence, the defendants' fraud claim fails." *Ore International, LLC v. 822 McDonald Avenue*, LLC, supra, citing Matos v. Crimmins, 40 AD3d 1053, 1054–1055 (2nd Dept.2007); *Jablenski v. Rapalje*, 14 AD3d 484, 485 (2nd Dept.2005). Based upon the Plaintiffs' testimonies in Court and such indisputable, documentary evidence, UH Defendants arguments invalidates Plaintiffs' allegations of intentional discrimination and motive.

## ALLEGATIONS OF FRAUD CANNOT PRECLUDE A CAVEAT EMPTOR DEFENSE

The merits of the Plaintiffs' allegations of intentional discrimination and motive are to be ultimately decided by the jury however, given the lack of evidence to support a finding of intentional discrimination and motive UH Defendants argue that Plaintiffs' allegations of fraud should not preclude a caveat emptor defense. The "[d]octrine of caveat emptor requires that buyer act prudently to assess the fitness and value of his purchase, and operates to bar the purchaser who fails to exercise due care from seeking equitable remedy of rescission." *Stambovsky v. Ackley*, 169 A.D.2d 254, 572 N.Y.S.2d 672 (N.Y.A.D. 1 Dept., 1991).

UH Defendants address the duality at bar: Plaintiffs alleging fraud and Defendants claiming the doctrine of caveat emptor. In UH Defendants' proposed jury instruction, as follows, UH Defendants instruct the jury in accordance with the law. UH Defendants cite the elements required to prove a fraud claim, in addition, to an epigrammatic statement on caveat emptor should the jury find the Plaintiffs failed to meet their burden to prove fraud. UH Defendants' proposed jury instruction:

### "DOCTRINE OF CAVEAT EMPTOR

The doctrine of caveat emptor imposes no duty on the seller or the seller's agent to disclose any information concerning the premises when the parties deal at arms length, unless there is some conduct on the part of the seller or the seller's agent which constitutes active concealment; if however, some conduct, more than mere silence, on the part of the seller rises to the level of active concealment, a seller may have a duty to disclose information concerning the property. To maintain a cause of action to recover damages for active concealment, the plaintiffs must show, in effect, that the seller or the seller's agents thwarted the plaintiff's efforts to fulfill his responsibilities fixed by the doctrine of caveat emptor.

To recover damages for fraud, a plaintiff must prove: (1) a misrepresentation or an omission of material fact which was false and known to be false by the defendant; (2) the misrepresentation was made for the purpose of inducing the plaintiff to rely upon it; (3) justifiable reliance of the plaintiff on the misrepresentation or material omission; and (4) injury.

Source: *Jablonski v. Rapalje*. 14 A.D.3d 484, 788 N.Y.S.2d 158, 2005 N.Y. Slip Op. 00129 (2005)."

Dated: May 16, 2011
      Forest Hills, NY

                                      Respectfully submitted,

                                      /Peter S. Thomas/

                                      Peter S. Thomas, Esq.
                                      *Attorney for UH Defendants*
                                      Peter S. Thomas, PC
                                      108-18 Queens Blvd. 6th Fl
                                      Forest Hills, NY 11375
                                      P: 718-896-7200
                                      F: 718-275-5793