UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MARY LODGE,

                Plaintiff,

    against

UNITED HOMES, LLC, UNITED PROPERTY
GROUP, LLC, YARON HERSHCO, GALIT
NETWORK, LLC, OLYMPIA MORTGAGE
CORP., BAYVIEW LOAN SERVICING, LLC,
U.S. BANK, N.A. AS TRUSTEE FOR BAYVIEW
ASSET-BACKED SECURITIES TRUST SERIES
2007-30, BAYVIEW FINANCIAL, L.P., AND
BAYVIEW FINANCIAL MANAGEMENT CORP.,

                Defendants.

Civil Action No. CV-05-0187
          (KAM)

---

**BAYVIEW DEFENDANTS' MEMORANDUM TO THE PROPOSED JURY INSTRUCTIONS**

The defendants, BAYVIEW LOAN SERVICING, LLC, BAYVIEW ASSET MANAGEMENT, LLC, U.S. BANK, N.A. AS TRUSTEE FOR BAYVIEW ASSET-BACKED SECURITIES TRUST SERIES 2007-30, BAYVIEW FINANCIAL, L.P., AND BAYVIEW FINANCIAL MANAGEMENT CORP. (collectively, the "Bayview Defendants"), submit this Trial Memorandum of Law against Plaintiff Mary Lodge ("Plaintiff" or "Lodge"), and states as follows:

This action was commenced against the co-defendants by Plaintiff to collect damages arising from the co-defendant's alleged violations of various Civil Rights and other federal and state statutes. Additionally, Plaintiff sought judgment rescinding the mortgage of record upon her premises and residence located at 249 Halsey Street, Brooklyn, New York (the "Premises"). Bayview Loan Servicing LLC

and Wachovia Bank, N.A. were originally made Rule 19 defendants to the action because Wachovia, as trustee, was the record holder of the note and mortgage at the time the action was commenced, and Bayview Loan Servicing LLC was the servicer of the mortgage. The Lodge loan is part of a securitization of a portfolio of loans, which is currently owned and held by US Bank as trustee for the Bayview Asset-Backed Securities Trust Series 2007-30.

On or about January 16, 2003, Lodge purchased the Premises. In doing so, Lodge borrowed 90% of the purchase price from Olympia Mortgage Corp. and in return signed two notes in favor of Olympia, the first note in the amount of $335,200 (the "First Note") and the second note in the amount of $41,900. Lodge executed and delivered two mortgages to Olympia securing the payments due under the two Notes.

In or about June of 2003, Olympia offered to sell the First Note and mortgage which secured the First Note to Bayview Financial Trading Group, LP ("Bayview Financial"). In doing so, on or about June 25, 2003, Olympia and Bayview Financial entered into a Supplement to Loan Sale Agreement memorializing Olympia's sale of 53 loans, including the First Note and mortgage, to Bayview Financial.

Jack Silver of Bayview Financial testified that Bayview Financial paid valuable consideration in the amount of $336,000 plus applicable interest for the First Note and mortgage. The original First Note was endorsed in blank and transferred to Bayview's document custodian, Wachovia. Shortly after the First Note and mortgage were purchased by Bayview Financial from Olympia, they were

securitized and the mortgage was placed into the Bayview Series 2003-E Trust. Wachovia served as the trustee of the securitization trust, and accordingly, the mortgage which secured the First Note was assigned by Olympia to Wachovia *as trustee.* Accordingly, Wachovia *as trustee* became the owner and holder of the First Note and mortgage. The First Note and mortgage were part of further securitizations and currently, U.S. Bank *as trustee,* is the holder of the First Note and mortgage, as trustee for the Bayview Asset Back Securities Trust Series 2007-30. Bayview Loan Servicing LLC has continuously had the right of possession, custody and control of the original loan documents, including the First Note and mortgage, and indeed, is in possession of the original First Note.

When Bayview Financial purchased the First Note from Olympia, it had no notice of any defense or claim against it by Lodge or any other person. In fact, Lodge made payments pursuant to the First Note for almost two years, through and including the payment due December 2004.

Thus, based upon the fact that Bayview Financial purchased the First Note and mortgage in good faith and without any notice of Lodge's potential claims, and it was in possession of the original loan documents, Bayview Financial and thus Wachovia as assignee therefrom were protected as a holder in due course of the First Note and mortgage and the shelter rule, and are not subject to rescission of the First Note and mortgage.

## THE HOLDER IN DUE COURSE DEFENSE

Pursuant to the Uniform Commercial Code, a "holder" is a "person" who is in possession of . . . an instrument . . . , issued or indorsed to him or to his order or to bearer or in blank." N.Y. U.C.C. § 1-201 (20). A "holder in due course" is a (i) holder (ii) of a negotiable instrument (iii) who took it for value (iv) in good faith, and (v) without notice that it is overdue or has been dishonored or of any defense against it or claim to it on the part of another. N.Y. U.C.C. § 3-302(1).

Pursuant to the "shelter rule," the

> [t]ransfer of an instrument vests in the transferee such rights a the transferor has therein, except that a transferee who has himself been a party to any fraud or illegality affecting the instrument or who as a prior holder had notice of a defense or claim against it cannot improve his position by taking from a later holder in due course.

N.Y. U.C.C. § 3-201(1). Pursuant to the "shelter rule," a transferee obtains the rights of a prior holder in due course. Therefore, a later holder with notice of defenses acquires the rights of a holder in due course. *Manufacturer's Hanover Trust Co. v. Robinson,* 157 Misc. 2d 651, 655-656 (S. Ct. N.Y. Cnty. 1993).

Thus, when a transferee takes an instrument from a holder in due course, the transferee takes free from all claims and defenses to the same extent as did the holder in due course even if the transferee is aware of those claims an defenses. Therefore, if Bayview Financial was a holder in due course, the entities to which the First Note and mortgage were transferred, including Wachovia *as trustee* and ultimately, US Bank *as trustee,* are entitled to invoke the protections of the holder in due course defense and are not subject to Lodge's claim for rescission.

4

Bayview Financial, Wachovia *as trustee* and US Bank *as trustee* all are holders of the First Note. At the time the Lodge loan was sold by Olympia, Bayview Financial and Wachovia took possession of the First Note, which was indorsed in blank. Bayview Loan Servicing LLC has steadfastly maintained possession of the original note throughout this litigation, which Bayview Loan Servicing holds as servicer for the owner of the Lodge loan. Possession of a negotiable instrument is presumptive evidence of ownership and its possession and production at trial is sufficient prima facie proof of ownership. Thus, a holder makes out his or her case by mere production of the instrument. Official Comment 2 to McKinney's U.C.C. 3-207; N.Y. Jur 2d PROOF OF STATUS AS HOLDER OR OWNER 271.

These facts have not changed, regardless of the further re-securitization of the Lodge loan.

The evidence in this case establishes that Bayview Financial was a holder in due course of the Lodge loan, and thus Wachovia and all holders thereafter are entitled to invoke the holder in due course defense under the shelter rule. The testimony of Jack Silver of Bayview Financial establishes that it was a holder of the First Note, a negotiable instrument, which was indorsed in blank, and paid value for the First Note. Lodge executed an Estoppel Certificate, which states that there was no defense to the validity of the First Note, and Bayview Financial had no actual knowledge of any claim or defense against the First Note. Accordingly, Bayview Financial has satisfied its position as holder in due course, and Wachovia

and all holders afterwards are entitled to invoke the protections of the holder in due course defense.

Therefore, the holder in due course defense and shelter rule protect Wachovia Bank, N.A. *as trustee,* and all holders thereafter, including US Bank *as trustee.* Accordingly, Lodge's claim for rescission of the First Note and mortgage must fail.

Dated:   New York, New York
         May 16, 2011

                                        Respectfully submitted,

                                        ROSENBERG & ESTIS, P.C.
Attorneys for Defendants BAYVIEW LOAN SERVICING, LLC, BAYVIEW ASSET MANAGEMENT, LLC, U.S. BANK, N.A. AS TRUSTEE FOR BAYVIEW ASSET-BACKED SECURITIES TRUST SERIES 2007-30, BAYVIEW FINANCIAL, L.P., AND BAYVIEW FINANCIAL MANAGEMENT CORP.
By:   */s/ Timothy J. Fierst*
         Timothy J. Fierst
733 3rd Avenue
New York, New York  10017
Tel.:  (212) 867-6000
*tfierst@rosenbergestis.com*