UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
MARY LODGE,

              *Plaintiff*,              **MEMORANDUM & ORDER**

   -against-                  05-cv-187(KAM)(RLM)

UNITED HOMES, LLC, UNITED PROPERTY
GROUP, LLC, YARON HERSHCO, GALIT
NETWORK, LLC, OLYMPIA MORTGAGE
CORP., BAYVIEW LOAN SERVICING, LLC,
BAYVIEW ASSET MANAGEMENT, LLC, U.S.
BANK, N.A. AS TRUSTEE FOR BAYVIEW
ASSET-BACKED SECURITIES TRUST SERIES
2007-30, BAYVIEW FINANCIAL, L.P.,
and BAYVIEW FINANCIAL MANAGEMENT
CORP.,

              *Defendants*.
-----------------------------------X
**MATSUMOTO, United States District Judge:**

        Plaintiff Mary Lodge ("plaintiff" or "Lodge") moves to

preclude defendants Bayview Loan Servicing, LLC, Bayview Asset

Management, LLC, U.S. Bank, N.A. as Trustee For Bayview Asset-

Backed Securities Trust Series 2007-30, Bayview Financial, L.P.,

and Bayview Financial Management Corp. (collectively, the

"Bayview Defendants")[1] from presenting evidence that U.S. Bank,

N.A. as Trustee For Bayview Asset-Backed Securities Trust Series

2007-03 ("U.S. Bank") can assert the holder-in-due-course

defense in its own right and/or under the shelter rule on the

theory that Bayview Financial Trading Group, L.P. ("Bayview

---

[1]    The term "Bayview Defendants" also includes the parties previously
named as Rule 19 parties in this matter, i.e. Wachovia Bank, N.A. and
U.S. Bank and Trust Co., N.A.

Financial") is the original holder in due course. Plaintiff also moves for an order precluding the Bayview Defendants from relying on the pleadings in this case to establish that U.S. Bank is the current holder of the Lodge mortgage.

For the reasons that follow, Bayview Defendants are precluded from asserting that U.S. Bank is a holder in due course in its own right and/or under the shelter rule on the theory that Bayview Financial was the original holder in due course of the Lodge mortgage. The Bayview Defendants may, however, rely on Plaintiff's Local Civil Rule 56.1 Statement ¶ 20, and the Third Amended Complaint and the Bayview Defendants' Answer to the Third Amended Complaint to establish that U.S. Bank is the current holder of the Lodge mortgage, but not that U.S. Bank is a holder in due course. Further, the Bayview Defendants may not present testimony that Wachovia was a holder in due course in its own right because the Bayview Defendants have not identified a witness with personal knowledge regarding Wachovia's lack of notice, payment and good faith, nor produced documents during the course of discovery establishing that Wachovia actually paid value for the subject note, in good faith and without notice or actual knowledge of any defense.

## BACKGROUND

The court assumes familiarity with the underlying facts and procedural history of this case as it relates to the

Bayview Defendants, which are set out in more detail in a
Memorandum and Order dated May 5, 2011.  (*See* ECF No. 585,
Memorandum & Order dated 5/5/11 ("5/5/11 Order").)  Those facts
and procedural history are repeated here only to the extent
necessary to inform the court's analysis.

Plaintiff commenced this action in January of 2005,
alleging that certain defendants conspired to conduct a
property-flipping scheme whereby she was targeted based on her
race and deceived into purchasing an overvalued, defective home,
financed with predatory loans.  (ECF No. 1, Complaint
("Compl.").)  The Lodge action has since been consolidated with
five related actions, all brought by Brooklyn homeowners
alleging that they were victims of the property-flipping scheme.
(ECF No. 472, Memorandum & Order dated 9/13/10 (consolidating
actions).)  In her original complaint, plaintiff named the
seller of her property, the lawyer who purportedly represented
her in the transaction, and the lender that originated her two
"piggyback" mortgage loans.  (Compl. ¶¶ 9-12.)  Plaintiff also
named, as necessary parties pursuant to Federal Rule of Civil
Procedure 19, the servicer of her First Note and First Mortgage
(the "Lodge mortgage") and Wachovia Bank, N.A. ("Wachovia").
(*Id.* ¶¶ 13-14.)  Wachovia was named because public records
showed that the originating lender had sold the Lodge mortgage
and that it had been assigned to Wachovia.  (*Id.* ¶ 13.)  Bayview

Loan Servicing, LLC ("BLS") was substituted as a party in the action after it assumed servicing rights to the Lodge mortgage. (ECF No. 32, Stipulation Substituting Party.)

Based on the Bayview Defendants' repeated and protracted failures to comply with their disclosure and discovery obligations and misstatements in their memoranda of law and supporting sworn statements (as detailed in the court's May 5, 2011 Memorandum and Order), plaintiff was compelled to file and serve a Second Amended Complaint on January 10, 2011, and a Third Amended Complaint on February 28, 2011. The Second Amended Complaint, filed and served on January 10, 2011, was predicated on representations of Bayview Defendants' counsel as to the proper necessary party defendant and substituted as a Rule 19 party "U.S. Bank and Trust Co., N.A." for "Wachovia Bank, N.A." as "trustee of the trust into which [the Lodge] mortgage was sold." (ECF No. 537, Plaintiff Mary Lodge's Rule 56.1 Statement of Facts ("Pl. 56.1 Stmt.") ¶¶ 30, 32; ECF No. 488, Second Amended Complaint ("Second Am. Compl.") ¶ 17.) Plaintiff also added as defendant Bayview Asset Management, LLC, f/k/a Bayview Financial Trading Group, L.P., as the original purchaser of the Lodge mortgage from the originating lender prior to securitization. (*Id.* ¶ 18.) In or about this same time, long after discovery had closed, a discovery dispute arose between plaintiff and the Bayview Defendants regarding *inter*

*alia* the Bayview Defendants' failure to produce documents reflecting the current ownership of the Lodge mortgage. Magistrate Judge Mann held a telephone conference on January 20, 2011 and ordered that counsel for the Bayview Defendants produce proof of current ownership of the Lodge mortgage and proof of chain of title from 2006. (ECF No. 497, Minute Order dated 1/20/11.) The Bayview Defendants produced the documents on January 28, 2011. (Pl. 56.1 Stmt. ¶ 37.) Upon review of these documents, and after learning that U.S. Bank and Trust was a non-existent entity, plaintiff filed a Third Amended Complaint, dated February 28, 2011, substituting "U.S. Bank, N.A. as trustee for Bayview Asset-Backed Securities Trust Series 2007-30" for "U.S. Bank and Trust Co., N.A." as a Rule 19 necessary party as the current trustee of the trust into which the Lodge mortgage had been sold. (ECF No. 529, Third Amended Complaint ("Third Am. Compl.") ¶ 17.)

Throughout the nearly six year course of the instant litigation, the Bayview Defendants have made many conflicting and incorrect factual assertions, but consistently have asserted that they took the Lodge mortgage free of any claims pursuant to the holder-in-due-course defense as it pertained to and originated with Wachovia. Specifically, the Bayview Defendants have made the following representations relating to their holder-in-due-course defense:

- ". . . Wachovia is a holder in due course as it took the subject Note and Mortgage, negotiable instruments, for value, in good faith, and without notice or actual knowledge of any defense thereto."  (ECF No. 34, Answer of Bayview Defendants Bayview Loan Servicing, LLC and Wachovia Bank, N.A. dated July 13, 2005, ¶ 100.)

- "On June 25, 2003, for value received, Olympia assigned its interest in the Loan, including the Note and Mortgage . . . to Wachovia by virtue of an Assignment of Mortgage, which was duly recorded in the Kings County Clerk's Office." (ECF No. 135, Rule 56.1 Statement of Defendants Wachovia Bank, N.A. and Bayview Loan Services dated Feb. 28, 2006, ¶ 3.)

- "The first mortgage in the amount of $335,200.00 was assigned by Olympia to Wachovia . . . ."  (ECF No. 136, Memorandum of Law in Support of Defendant Wachovia Bank, N.A. and Bayview Loan Services Motion for Dismissal of Plaintiff's Amended Complaint, Pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6), and/or For Summary Judgment, Pursuant to Fed. R. Civ. P. 56(b) dated Feb. 28, 2006, at 2.)

- ". . . Wachovia is an assignee for value of the Wachovia Mortgage."  (*Id.* at 4.)

- "Wachovia is a holder in due course of a negotiable instrument and, as such, takes the instrument free from all claims to it . . . ." (*Id.* at 4 (internal quotation marks omitted).)

- "Clearly, Wachovia had neither constructive nor actual notice of any potential claims that the Plaintiff may have had against any party." (*Id.* at 5.)

- "It is settled that by holding the note and mortgage in issue, Wachovia qualifies as a holder in due course of the Wachovia Mortgage." (*Id.* at 5.)

- ". . . Olympia assigned its interest in the Note and Lodge Mortgage . . . to Wachovia Bank N.A. as Trustee." (ECF No. 138-4, Affidavit of Christopher Campbell dated May 19, 2006, ¶ 3.)

- "Wachovia purchased the Note and Lodge Mortgage within the secondary mortgage market in reliance upon the representations contained within documents presented to it for review from the closing." (*Id.* ¶ 4.)

- ". . . Wachovia possessed no knowledge of, nor did it participate in, any alleged fraud which Lodge alleged. Additionally, Wachovia was not aware of, nor did it have any notice of, any claim or defense to the validity of the Note and Lodge Mortgage." (*Id.* ¶ 8.)

- "Wachovia took an assignment of the Lien Instruments, for value, in good faith, and without notice of any defense against it and as such, is a holder in due course." (*Id.* ¶ 9.)

- ". . . Wachovia Bank was clearly justified in relying upon the representations made by the Answering Defendants and as such is an innocent holder in due course." (*Id.* ¶ 11.)

- "Wachovia is an assignee for value of the Wachovia Mortgage." (ECF No. 140, Defendant Wachovia Bank N.A. and Bayview Loan Services Reply Memorandum of Law in Further Support of Motion to Dismiss and/or Summary Judgment dated May 19, 2006, at 2.)

- "Wachovia is an innocent holder in due course of a negotiable instrument and, as such, takes the instrument free from all claims to it." (*Id.* at 3 (internal quotation marks omitted).)

- "[I]t is clear that neither Wachovia nor Bayview [Loan Servicing] had any notice or knowledge of any alleged fraudulent activity in connection with the origination of the Wachovia Mortgage." (*Id.* at 3.)

- "Wachovia justifiably relied on the documents executed by Lodge to its detriment in purchasing the loan at a premium." (*Id.* at 4.)

- "As shown below, Wachovia's holder in due course status is beyond reproach . . . ." (*Id.* at 6.)

- "There can be no controversy that Wachovia is the holder of the note, and Plaintiff's counsel's attempts to create such controversy must fail. Wachovia is the assignee of the note which is indorsed to the lender." (*Id.*)

- ". . . Wachovia clearly provided value for the assignment." (*Id.* at 7.)

- ". . . Wachovia did not have any knowledge whatsoever of the allegedly fraudulent nature of the underlying transaction." (*Id.*)

- "Wachovia had no such knowledge here precisely because it was not the originating lender, but rather, an assignee for value." (*Id.* at 8.)

- ". . . Wachovia had neither constructive nor actual notice of any potential claims that the Plaintiff may have had against any party." (*Id.*)

- "Wachovia did not have the requisite knowledge and, in fact, was not even provided with same by Plaintiff." (*Id.* at 9.)

- "Indeed, as Wachovia is a holder of the Wachovia Mortgage in due course, the Plaintiff cannot affect Wachovia and Bayview's interest in the Wachovia Mortgage and cannot

properly seek an order of this Court rescinding and/or voiding the Wachovia Mortgage." (*Id.* at 12.)

- "It is settled that by holding the note and mortgage in issue, Wachovia qualifies as a holder in due course of the Wachovia Mortgage." (*Id.*)

- ". . . Wachovia is a holder in due course as it took the subject Note and Mortgage, negotiable instruments, for value, in good faith, and without notice or actual knowledge of any defense thereto." (ECF No. 237, Answer of Defendants Bayview Loan Servicing, LLC and Wachovia Bank, N.A. [to Amended Complaint], dated Sept. 21, 2007, ¶ 217.)

- "The Mortgage in the amount of $335,200.00 was assigned by Olympia to Wachovia." (ECF No. 296, Defendant Wachovia Bank N.A. and Bayview Loan Services' Memorandum of Law in Opposition to Plaintiff's Motion for a TRO and Preliminary Injunction dated Jan. 4, 2008, at 3.)

- "Wachovia is a holder in due course of the Mortgage and as such is entitled to enforce its rights as a secured lender . . . ." (*Id.* at 6.)

- "Wachovia and Bayview [Loan Servicing] are not subject to Lodge's claims because Wachovia is an innocent holder in due course of a negotiable instrument . . ." (*Id. at 9.*) "Wachovia is an assignee for value of the Mortgage." (*Id.*)

- "In connection with the Mortgage and Wachovia's purchase of the mortgage for value, Wachovia relied upon the Estoppel Certificate . . . ." (*Id.*)

- "There is no dispute that Wachovia is the holder of the Note. . . . Wachovia's holder in due course status is beyond reproach. . . . Wachovia is the holder of a negotiable instrument." (*Id.* at 11.)

- "Wachovia did not have any knowledge whatsoever of the allegedly fraudulent nature of the underlying transaction." (*Id.* at 12.)

- "Wachovia had neither constructive nor actual notice of any potential claims that Lodge may have had against any party." (*Id.*)

- ". . . Wachovia is a holder of the Mortgage in due course." (*Id.* at 13.)

- "[I]t is clear that Wachovia is a holder in due course of the First Note and First Mortgage and therefore took title to these documents free and clear of Lodge's claims. Wachovia and Bayview [Loan Servicing] acted properly in all respects during the course of this transaction and appropriately relied upon the documents and representations made by Lodge and Olympia." (ECF No. 454-4, Defendant Bayview Loan Services and Wachovia Bank N.A.'s Memorandum

of Law in Support of Their Motion for Summary Judgment
Pursuant to Fed. R. Civ. P. 56(b) dated Dec. 14, 2009, at
4.)

- "There can be no dispute that Wachovia is the holder of the
  First Note and First Mortgage and paid value for them.  As
  a result, Lodge can feasibly only challenge Wachovia and/or
  Bayview [Loan Servicing]'s 'good faith' and 'knowledge.'"
  (*Id.* at 6.)

- "Here, the Silver Decl. sets forth that Wachovia took an
  assignment of the First Note and First Mortgage without
  notice of any of Lodge's claims, thus establishing
  Wachovia's status as a holder in due course.  Wachovia
  purchased the loan on the secondary market-paying a premium
  to acquire the loan."  (*Id.* at 8.)

- "The record indicates that Wachovia took the note and
  mortgage for value, in good faith and without notice of any
  defense and is therefore entitled to holder in due course
  status."  (*Id.*)

- "Bayview Financial purchased the First Note and First
  Mortgage from Olympia and a short time later [they] were
  securitized.  Wachovia as Trustee served as the trustee of
  the securitization trust."  (ECF No. 454-1, Declaration of
  Jack Silver in Support of Wachovia Bank N.A. and Bayview

Loan Servicing Inc.'s Motion for Summary Judgment Pursuant
to Fed. R. Civ. P. 56(b) dated Dec. 11, 2009, ¶ 5.)

- "When Bayview Financial purchased the First Note and First
  Mortgage from Olympia, it had no notice of any defense or
  claim against it on the part of Lodge or any other person."
  (*Id.* ¶ 7.)

- "Since Bayview [Loan Servicing] and Wachovia purchased the
  First Note and First Mortgage in good faith and without any
  notice of Lodge's potential claims, they should be granted
  summary judgment . . . ."  (*Id.* ¶ 8.)

- ". . . Wachovia Bank, N.A., on its own, never had an
  ownership interest in the First Mortgage.  Wachovia Bank,
  N.A. only had an interest in the First Mortgage in its
  capacity as Trustee."  (ECF No. 455, Defendant Bayview Loan
  Services and Wachovia Bank, N.A.'s Reply Memorandum of Law
  in Support of Their Motion for Summary Judgment Pursuant to
  Fed. R. Civ. P. 56(b) dated Feb. 17, 2010, at 3.)

- "The fact that the First Note and First Mortgage are now
  owned by US Bank and Trust is of no consequence.  US Bank
  and Trust, simply stated, succeeded to the rights of
  Wachovia as Trustee when US Bank and Trust purchased
  Wachovia's assets."  (*Id.*)

- ". . . Bayview Financial Trading Group, L.P. was never the owner and holder of the First Note and First Mortgage." (*Id.* at 4.)

- "Bayview [Loan Servicing], on behalf of Wachovia as Trustee, paid Olympia the full principal balance due on the First Note when it purchased the loan on behalf of Wachovia as Trustee." (*Id.* at 5.)

- "As shown above, Wachovia as Trustee was the holder at the time this action was commenced and any subsequent resecuritization did not change that fact since, contrary to Lodge's claim, there was no change in ownership. Wachovia as Trustee clearly took the First Note and First Mortgage *for value*." (*Id.* (emphasis in original).)

- "In addition, as Lodge aptly points out, Bayview Financial paid to Olympia the full $334,007.22 outstanding principal to acquire the First Note and First Mortgage on behalf of Wachovia." (*Id.* at 7.)

- ". . . Bayview [Loan Servicing] and Wachovia did not shut its eyes to information it had, but conducted their own further inquiry and diligence review of the property value in question." (*Id.* at 8.)

- "Bayview Financial purchased the First Note and First Mortgage from Olympia and a short time later they were

securitized.  Wachovia as Trustee served as trustee of the securitization trust. . . . Wachovia as Trustee thus became the owner and holder of the First Note and First Mortgage." (ECF No. 455-1, Reply Declaration of Robert E. Hodapp in Further Support of Wachovia Bank, N.A. and Bayview Loan Servicing, Inc.'s Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(b) dated Feb. 17, 2010, ¶ 7.)

- ". . . Wachovia Bank, N.A. never had an ownership interest in the First Note and Mortgage aside from in its capacity as trustee."  (*Id.* ¶ 9.)

- "When Bayview Financial purchased the First Note and First Mortgage from Olympia, it had no notice of any defense or claim against it on the part Lodge or any other person." (*Id.* ¶ 11.)

- "Neither Bayview [Loan Servicing] nor Wachovia were under notice of any claim or defense."  (*Id.* ¶ 12.)

- "Since Bayview [Loan Servicing] and Wachovia Trustee purchased the First Note and First Mortgage in good faith and without any notice of Lodge's potential claims, and they are in possession of the original loan documents . . . summary judgment should be granted in favor of Bayview [Loan Servicing] and Wachovia."  (*Id.* ¶ 15.)

- "The status of the party to be examined here is Wachovia when it acquired the Lodge loan in 2003 and not US Bank or Bayview [Loan Servicing]." (ECF No. 543, Memorandum of Law in Opposition to Motion to Strike Bayview Defendants' Holder In Due Course Defense dated Mar. 25, 2011 ("Opp'n to Mot. to Strike") at 16.)

- "Thus, if Wachovia was a holder in due course, so also were the entities to which it transferred the First Note and First Mortgage.  U.S. Bank doesn't claim to be a holder in due course in its own right, but rather claims to have assumed that status from Wachovia under the Shelter Rule." (*Id.* at 17.)

- "Olympia offered to sell the First Mortgage to Bayview Financial Trading Group, L.P. ("Bayview Financial"), which is a separate and distinct company from Bayview [Loan Servicing]." (ECF No. 544, Declaration of Robert E. Hodapp dated Mar. 25, 2011, ¶ 6.)

- ". . . Bayview Financial paid valuable consideration in the amount of $336,000.00 plus applicable interest for the First Note and First Mortgage." (*Id.* ¶ 7.)

- "When Bayview Financial purchased the First Note and First Mortgage from Olympia, it had no notice of any defense or

claim against it on the part of Lodge or any other person." (*Id.* ¶ 12.)

- "Neither Bayview [Loan Servicing] nor Wachovia were under notice of any claim or defense." (*Id.* ¶ 13.)

- "Since Bayview [Loan Servicing] and Wachovia as Trustee purchased the First Note and First Mortgage in good faith and without any notice of Lodge's potential claims, and they were in possession of the original loan documents, . . . Bayview [Loan Servicing] and Wachovia were holders in due course of the Note and Mortgage in 2003. Thus, any entities which took their interest in the First Note and First Mortgage from Wachovia benefits from the rights held by a holder in due course by virtue of the 'shelter rule.'" (*Id.* ¶ 16.)

- "Plaintiff's claims should be dismissed, because defendant U.S. Bank, N.A. as trustee for Bayview Asset-Backed Securities Trust Series 2007-03 is a holder in due course, either on its own right or pursuant to the "shelter rule" as it took the subject Note and Mortgage, negotiable instruments, for value, in good faith, and without notice or actual knowledge of any defense thereto." (ECF No. 570, Answer of Bayview Loan Servicing, LLC, Bayview Asset Management, LLC, U.S. Bank, N.A. as Trustee for Bayview Asset-Backed Securities Trust Series 2007-03, Bayview

Financial, L.P., and Bayview Financial Management Corp. to

Plaintiff's Third Amended Complaint dated Apr. 8, 2011

("Bayview Defendants' Answer to Third Am. Compl.") ¶ 199.)

On or about May 13, 2011, during the first week of trial, counsel for plaintiff Lodge and counsel for the Bayview Defendants requested court intervention regarding a dispute about the scope of the testimony to be presented at trial by Jack Silver ("Mr. Silver"), a witness to be called by the Bayview Defendants.  Plaintiff asserted that Mr. Silver lacked personal knowledge and thus would be unable to testify about Wachovia's holder in due course status.  Plaintiff correctly noted that "the holder in due course defense has always been asserted by Wachovia and any other assertions of the protections of holder in due course, the status, via the shelter rule are all derivative of that."  (Tr.[2] Vol. V, at 211-12.)  Plaintiff asserted that Mr. Silver is not an employee of Wachovia and thus is not competent to testify as to the status of Wachovia, the only entity asserted by the Bayview Defendants, up until the eve of trial, to be a holder in due course.  (*Id.* at 210.)  Counsel for the Bayview Defendants confirmed, on the record, that Mr. Silver is not and never was an employee of Wachovia and offered to locate a Wachovia witness with personal knowledge of

---

[2]     Citations to the trial transcripts are designated as "Tr." accompanied by the transcript volume number.

Wachovia's status as a holder in due course in its own right, in the event that the court determined that the Bayview Defendants could not now rely on the status of Bayview Financial as the original holder in due course to assert their defense. (*Id.* at 222-29.) The Bayview Defendants asserted that Mr. Silver does have personal knowledge and is competent to testify as to Bayview Financial's status as the original holder in due course, from which Wachovia, and subsequently U.S. Bank, could claim shelter. (*Id.*) Plaintiff objected to allowing the Bayview Defendants to add a new witness, arguing that adding a new witness in the midst of trial would be burdensome and prejudicial. (*Id.* at 220, 223.) The court ordered plaintiff and the Bayview Defendants to make submissions to the court setting out their arguments. (*Id.* at 228, 230.)

The Bayview Defendants filed a letter dated May 13, 2011, asserting that "[t]he documents provided by the Bayview Defendants[] beginning in 2006 in response to the plaintiff's discovery demands clearly show that plaintiff's counsel was made aware of the existence of Bayview Financial LP[3] and the role it

---

[3] The parties assert in their latest submissions to the court that Bayview Financial, L.P. was formerly known as Bayview Financial Trading Group, L.P. (Bayview Defendants' 5/13/11 Ltr. at 3; ECF No. 590, Plaintiff's Letter dated 5/15/11 ("Lodge 5/15/11 Ltr.") at 1.) However, the Third Amended Complaint and the Bayview Defendants' Answer to the Third Amended Complaint state that Bayview Asset Management, LLC is the entity formerly known as Bayview Financial Trading Group, L.P., not Bayview Financial, L.P. (*See* Third Am. Compl. ¶ 18; Bayview Defendants' Answer to Third. Am. Compl. ¶ 18.)

played as purchaser of the Lodge loan."  (ECF No. 589, Bayview Defendants' Letter dated 5/13/11 ("Bayview Defendants 5/13/11 Ltr.") at 2.)[4]  Plaintiff filed a responsive letter dated May 15, 2011, arguing that "[i]n the six years they have been defending this case, the Bayview defendants *never* asserted that any entity other than Wachovia Bank, N.A. was the holder in due course of the Lodge Note," and that the current assertion that Bayview Financial was the original holder in due course is the result of the Bayview Defendants' realization that Silver, who is not an employee of Wachovia, is not competent to testify as to Wachovia's status.  (Lodge 5/15/11 Ltr. at 1, 3-4.)  The Bayview Defendants replied by letter dated May 15, 2011, arguing again that "[t]he documents provided to Plaintiff's counsel as early as 2006 clearly show that the holder in due course defense is raised through Bayview Financial, LP."  (ECF No. 592, Bayview Defendants' Letter dated 5/15/11 ("Bayview Defendants 5/15/11 Ltr.") at 1.)

        The court held oral argument on this issue on May 17 and 18, 2011.  Plaintiff argued that the Bayview Defendants'

---

[4]     Mr. Fierst, counsel for the Bayview Defendants, further asserted in the May 13, 2011 letter that "Wachovia properly asserted the holder in due course defense through the Bayview Financial LP purchase under the shelter rule since the outset of this litigation."  (Bayview Defendants 5/13/11 Ltr. at 3.)  However, during oral argument on May 18, 2011, Mr. Fierst withdrew "[a]ny reference to the assertion that . . . the holder in due course [defense] was raised" through Bayview Financial since the outset of the litigation, after the court expressed its view that such assertion appeared to violate Rule 11 of the Federal Rules of Civil Procedure.  (Tr. Vol. VIII at 4.)

current position that U.S. Bank could assert the holder-in-due-course defense under the shelter rule through the status of Bayview Financial as the original holder in due course is, in effect, a "motion to amend their answer to have a new defense or to substitute out a defense for a new defense," and as such should be governed by Federal Rule of Civil Procedure 15. (Tr. Vol. VII, at 251.) Further, plaintiff argued that the Rule 15 factors – prejudice, undue delay, bad faith, and futility of the proposed amendment – all weighed against allowing the amendment. (*Id.* at 251-56.) Specifically, plaintiff argued that the Bayview Defendants have provided no reason for the delay in the amendment and that any amendment would be futile given the inability of Mr. Silver to establish the current ownership of the Lodge mortgage. (*Id.* at 254-55.) The prejudice, plaintiff argued, "is fairly clear on the surface of this case," mainly, that plaintiff would have engaged in different discovery and developed her case differently had it been known that the defense was asserted as originating in Bayview Financial rather than Wachovia. (*Id.* at 251-56 ("We haven't been focused on trying to prove the important elements of holder in due course as to Bayview Financial, namely, their notice of any defects in the Lodge first loan, first note, and their – their good faith or lack thereof. We have been focused from the very beginning on Wachovia's status as a holder in due course, namely, did they

take for value, did they have notice of the defects and did they take with good faith."); Tr. Vol. VIII, at 14 ("We would have in fact probed different things. We would have called different deponents. We would have had a 30(b)(6) person based on having different parties in the case. The prejudice is very clear.").)

The Bayview Defendants in turn argued that "[w]hen the plaintiffs noticed their 30(b)(6) deposition they issued one 30(b)(6) notice" for "both Bayview and Wachovia." (Tr. Vol. VII, at 260.) Further, the Bayview Defendants argued that "the witness that was provided in response to the 30(b)(6) notice, Jack Silver, . . . did provide testimony and the connection testimony between Bayview Financial and Wachovia" and therefore "plaintiffs have been on notice as to the connection," and that ultimately "the proof is the same . . . whether it be Bayview Financial or Wachovia in their own right." (Tr. Vol. VIII, at 5, 7, 11.)

On May 23, 2011, plaintiff filed an additional letter requesting further court intervention to resolve yet another dispute with the Bayview Defendants. (ECF No. 601, Plaintiff's Letter dated 5/23/11 ("Lodge 5/23/11 Ltr.").) Specifically, plaintiff asserted that counsel for the Bayview Defendants represented that he "expects to introduce the Third Amended Complaint of Mary Lodge, which alleges that U.S. Bank is the current holder of the Lodge Note and Mortgage, and the Answer of

the Bayview defendants to the Third Amended Complaint, in which the Bayview defendants admit that U.S. Bank is the holder" in order to establish the current ownership of the Lodge mortgage. (*Id.* at 1.)  Plaintiff argues that because the allegation regarding the ownership of the Lodge mortgage was the result of securitization documents produced on or after January 13, 2011, which documents were precluded by the court as a result of the Bayview Defendants' disclosure and discovery violations, "any use of the Amended Complaint and Answer to establish the holder in due course defense violates the spirit, if not the letter, of the Court's Memorandum and Order" precluding the use of such documents.  (*Id.* at 1-2.)  At oral argument during a break in the trial on May 24, 2011, counsel for the Bayview Defendants responded to plaintiff's May 23, 2011 letter, arguing that reliance on the pleadings is proper and that the fact that U.S. Bank is the current holder of the Lodge mortgage is an undisputed fact, as admitted by plaintiff in her Local Civil Rule 56.1 Statement in support of her recent motion for summary judgment to strike the holder-in-due-course defense.  (Tr. Vol. XII, at 3-4, 9.)

## DISCUSSION

A. <u>Precluding New Defense Theory</u>

Plaintiff argues that the Bayview Defendants' recent assertion of a new defense, that U.S. Bank is a holder-in-due-course, in its own right and under the shelter rule, through the status of Bayview Financial, and not Wachovia, as the original holder in due course, should be construed as a proposal to amend the Bayview Defendants' answer, and thus governed by Federal Rule of Civil Procedure 15. The court disagrees.

In its Answer to the Third Amended Complaint, the Bayview Defendants allege as their Fifteenth Affirmative Defense that "[p]laintiff's claims should be dismissed, because defendant U.S. Bank, N.A. as trustee for Bayview Asset-Backed Securities Trust Series 2007-03 is a holder in due course, either on its own right or pursuant to the 'shelter rule' as it took the subject Note and Mortgage, negotiable instruments, for value, in good faith, and without notice or actual knowledge of any defense thereto." (Bayview Defendants' Answer to Third Am. Compl. ¶ 199.)

As an initial matter, the court notes that the Bayview Defendants cannot be permitted to assert a new defense in answer to a Third Amended Complaint that was necessitated by the Bayview Defendants' own mistakes and tardy disclosures of documents that were precluded by the court's May 5, 2011 Order.

Moreover, based on the record and on the Bayview Defendants'
submissions to the court, U.S. Bank cannot establish that it is
a holder in due course in its own right.  Plaintiff Lodge
initiated this action on January 13, 2005.  (*See* Compl. (dated
1/13/05).)  Thus, at the time U.S. Bank took the Lodge mortgage
in December of 2005 as a successor to Wachovia, and again in
2007 as trustee to the current securitization trust (*see* 5/5/11
Order at 11-13), the instant litigation was already pending and
U.S. Bank had notice of the claims asserted by Lodge against the
validity of the mortgage.  The Bayview Defendants conceded this
fact in their submissions to the court in opposition to
plaintiff's motion to strike the holder-in-due-course defense.
(*See* Opp'n to Mot. to Strike at 17 ("U.S. Bank doesn't claim to
be a holder in due course in its own right, but rather claims to
have assumed that status from Wachovia under the Shelter
Rule.").)  In addition, the court imposed a sanction, precluding
the Bayview Defendants from introducing into evidence any
documents and testimony relating to the documents that were
produced to plaintiff on or after January 13, 2011, including
securitization documents showing the chain of title of the Lodge
mortgage and the transaction through which U.S. Bank became the
current holder.  (5/5/11 Order.)  Because the lack of notice and
the taking for value are elements required to establish holder

in due course status,[5] U.S. Bank cannot assert the holder-in-due-course defense in its own right.  Rather, it must rely on the shelter rule.

In its Answer to the Third Amended Complaint, the Bayview Defendants allege that U.S. Bank is a holder in due course in its own right and pursuant to the shelter rule.  The affirmative defense, however, no longer specifies that Wachovia is a holder in due course; indeed, it does not identify the original holder in due course through which U.S. Bank claims shelter.  Thus, the Bayview Defendants' position, articulated for the first time at trial, that the original holder in due course through which U.S. Bank claims shelter is Bayview Financial, rather than Wachovia, is not, as a technical matter, an amendment to their answer to the Third Amended Complaint.

Instead, the Bayview Defendants are attempting to change the entire theory of their defense through which they seek to establish the holder-in-due-course defense.  As outlined above, it is evident that throughout the course of the litigation the Bayview Defendants have consistently asserted that Wachovia is a holder in due course of the Lodge mortgage in

---

[5]     A "holder in due course" is defined as "a (1) holder (2) of a negotiable instrument (3) who took it for value, (4) in good faith, and (5) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of another."  *Provident Bank v. Cmty. Home Mortg. Corp.*, 498 F. Supp. 2d 558, 572 (E.D.N.Y. 2007) (internal quotation marks and citation omitted); *see* N.Y. U.C.C. § 3-302(1).

its own right.  The submissions by the Bayview Defendants,
including sworn declarations, argue that Wachovia took the Lodge
mortgage for value, in good faith, and without notice of any
claims or defenses asserted against it, which are all elements
necessary to establish the holder-in-due-course defense in
Wachovia's own right, not as a subsequent transferee pursuant to
the shelter rule.  The court acknowledges, and plaintiff does
not dispute that Bayview Financial and its role in the original
transfer of the Lodge mortgage are referenced in some of the
Bayview Defendants' submissions, and that these facts were
disclosed to the plaintiff as early as 2006.  Even in those few
submissions in which Bayview Financial is referenced, however,
the holder-in-due-course status is asserted only as to Wachovia,
and once as to Bayview Loan Servicing, but not as to Bayview
Financial.  In fact, as recently as March 25, 2011, less than
two months before the commencement of this trial, the Bayview
Defendants asserted that "[t]he status of the party to be
examined here is *Wachovia* when it acquired the Lodge loan in
2003" and that "if *Wachovia* was a holder in due course, so also
were the entities to which it transferred the First Note and
First Mortgage.  U.S. Bank doesn't claim to be a holder in due
course in its own right, but rather *claims to have assumed that
status from Wachovia under the Shelter Rule*."  (Opp'n to Mot. to
Strike at 16-17 (emphasis added).)  Because the affirmative

defense alleged in their Answer to the Third Amended Complaint does not specify the original holder in due course from which U.S. Bank claims shelter, it was reasonable for the plaintiff and, indeed, the court, to have understood that the Bayview Defendants continued to assert, as they had throughout the litigation, that Wachovia was the original holder in due course, through which any subsequent holders claimed shelter.

Moreover, in the Joint Pretrial Order, dated April 4, 2011, the Bayview Defendants assert that "Wachovia is a holder in due course of the Wachovia Mortgage and Bayview is the loan servicer. As a holder in due course, Wachovia took the Wachovia Mortgage and Note free from 'all claims to it on the part of any person and all defenses of any party to the [loan documents] with whom the holder has not dealt.'" (ECF No. 559, Amended Joint Pretrial Order dated 4/4/11 at 16 (quoting N.Y. U.C.C. § 3-305).) No reference is made to Bayview Financial or its status as the original holder in due course, nor is there any assertion that Bayview Financial is the entity through which Wachovia, and all subsequent transferees including U.S. Bank, claim shelter.

Furthermore, counsel for the Bayview Defendants moved to amend the Joint Pretrial Order on April 11, 2011, after the Bayview Defendants filed their Answer to the Third Amended Complaint, to include the Bayview Defendants' deposition

transcript designations. (*See* Minute Entry dated 4/11/11.) The Bayview Defendants did not move at that time to amend the Joint Pretrial Order to include the theory that Bayview Financial was the original holder in due course and that all subsequent transferees, including Wachovia and U.S. Bank, claim shelter pursuant to that status. "It is an established procedural principle that a party's failure to include a legal theory or defense in the pre-trial order results in its subsequent abandonment or waiver." *Colli v. Wirth*, No. 94 Civ. 3234, 1996 WL 442835, at *1-2 (S.D.N.Y. Aug. 6, 1996); *see also Lutnick v. New York City Health & Hosps. Corp.*, No. 89 Civ. 4217, 1994 WL 704804, at *2-3 (S.D.N.Y. Dec. 16, 1994); *MEI Int'l, Inc. v. Schenkers Int'l Forwarders, Inc.*, 807 F. Supp. 979, 989 (S.D.N.Y. 1992) (failure to include facts relating to statute of limitations defense in proposed findings of fact section or elsewhere in joint pretrial order waived the defense). Thus, prior the May 13, 2011 mid-trial conference, even if the Bayview Defendants had, in fact, intended to assert that Bayview Financial was the original holder in due course through which subsequent transferees claim shelter, this theory of defense was waived due to their failure to include it in the Joint Pretrial Order or move to amend the Joint Pretrial Order after the Answer to the Third Amended Complaint was filed.

In light of the continuous and unequivocal assertions by the Bayview Defendants that Wachovia, not Bayview Financial, was, in its own right, a holder in due course of the Lodge mortgage through which subsequent holders claimed shelter, and the failure of the Bayview Defendants to include the theory of defense predicated on the status of Bayview Financial as the original holder in due course in the Joint Pretrial Order, the court grants the application by plaintiff and precludes the Bayview Defendants from asserting that U.S. Bank is a holder in due course in its own right and/or under the shelter rule on the theory that Bayview Financial was the original holder in due course of the Lodge mortgage. The Bayview Defendants are unable to establish that Wachovia was the original holder in due course through which U.S. Bank claims shelter because of the Bayview Defendants' own failure to timely identify a witness with personal knowledge and produce supporting documentation of Wachovia's status as the original holder in due course.

Furthermore, the Bayview Defendants will not be permitted to present a new witness during trial to testify as to the status of Wachovia as a holder in due course. Counsel for the Bayview Defendants has conceded, on the record, that Mr. Silver has no personal knowledge regarding the status of Wachovia as a holder in due course. Thus the Bayview Defendants have not timely identified a witness who can present evidence in

support of its holder in due course defense, as long asserted with respect to Wachovia. To allow the Bayview Defendants to offer a new witness, after trial has already commenced, would be overwhelmingly prejudicial to plaintiff. The court will not impose on plaintiff the burden of having to engage in discovery and prepare to examine a new witness while in the midst of trial.

B. Precluding Use of Pleadings

Plaintiff further moves to preclude the Bayview Defendants from relying on the pleadings to establish that U.S. Bank is the current holder of the Lodge mortgage. The application is denied. Plaintiff alleged in her Third Amended Complaint that U.S. Bank is the current holder of the Lodge mortgage as trustee of the trust into which the Lodge mortgage was sold. (Third Am. Compl. ¶ 17.) The Bayview Defendants admitted this allegation in their Answer to the Third Amended Complaint. (Bayview Defendants' Answer to Third Am. Compl. ¶ 17.) Thus, the fact that U.S. Bank is the current holder of the Lodge mortgage is undisputed. Plaintiff herself argued this as an undisputed fact in her Local Civil Rule 56.1 Statement in support of her motion to strike the Bayview Defendants' holder-in-due-course defense. (*See* Pl. 56.1 Stmt. ¶ 20.)

The court notes, however, that the pleadings merely establish that U.S. Bank is the current holder of the Lodge

mortgage.  It does not establish that U.S. Bank took the Lodge

mortgage for value and without notice, and it does not establish

that U.S. Bank is a holder in due course in its own right.

C. Permissible Testimony by the Bayview Defendants' Witness

             In response to comments by the Bayview Defendants'

counsel at trial on May 25, 2011 regarding the evidence they

intend to elicit, the court reiterates and further clarifies the

scope of permissible testimony by any Bayview Defendants

witness.  As provided in the court's May 5, 2011 Order, no

Bayview Defendants witness may testify about the subject matter

reflected in any document disclosed to the plaintiff on or after

January 13, 2011, including any securitization transaction.  For

example, Mr. Silver will not be permitted to testify that U.S.

Bank purchased business from Wachovia and succeeded to Wachovia

as trustee of the trust into which the Lodge mortgage had been

sold, to the extent that those transactions are reflected in the

documents precluded by the May 5, 2011 Order.  Not only has the

evidence been precluded by the court, but presenting such

testimony would mislead the jury into believing that U.S. Bank

has consistently been the holder of the Lodge mortgage since it

purchased the business from Wachovia, which, as reflected by the

precluded securitization documents, is not accurate.  In

addition, Mr. Silver will not be permitted to testify about any

transaction between Bayview Financial and Wachovia for which no

discovery has been previously provided.  Nor may Mr. Silver testify about matters about which he has no personal knowledge.

**CONCLUSION**

For the foregoing reasons, the Bayview Defendants are precluded from asserting that U.S. Bank is a holder in due course in its own right and/or under the shelter rule on the theory that Bayview Financial was the original holder in due course of the Lodge mortgage.  However, the Bayview Defendants may rely on Plaintiff's Local Civil Rule 56.1 Statement ¶ 20 and on the pleadings to establish that U.S. Bank is the current holder of the Lodge mortgage, but not to establish that U.S. Bank is a holder in due course.  Further, the Bayview Defendants may not present testimony that Wachovia was a holder in due course in its own right because the Bayview Defendants have not identified a witness with personal knowledge regarding Wachovia's lack of notice, payment and good faith, nor produced documents during the course of discovery establishing that Wachovia actually paid value for the subject note, in good faith and without notice or actual knowledge of any defense.

**SO ORDERED.**

Date:     May 26, 2011
          Brooklyn, New York

                              _____/s/_____
                              **KIYO A. MATSUMOTO**
                              United States District Judge
                              Eastern District of New York