**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARY LODGE,<br><br>               Plaintiff,<br><br>      v.<br><br>UNITED HOMES, LLC, UNITED PROPERTY GROUP, LLC, YARON HERSHCO, GALIT NETWORK, LLC, OLYMPIA MORTGAGE CORP., BAYVIEW LOAN SERVICING, LLC, BAYVIEW ASSET MANAGEMENT, LLC, U.S. BANK, N.A., AS TRUSTEE FOR BAYVIEW ASSET-BACKED SECURITIES TRUST SERIES 2007-30, and BAYVIEW FINANCIAL MANAGEMENT CORP.,<br><br>            Defendants. | Civil Action No.: CV-05-0187 (KAM)(RLM) |

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

SOUTH BROOKLYN LEGAL SERVICES
105 Court Street, 3rd Floor
Brooklyn, New York 11201

AARP FOUNDATION LITIGATION
601 E Street, NW
Washington, D.C. 20049

COWAN LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, New York 10036-6799

*Attorneys for Plaintiff*

Plaintiff Mary Lodge submits this reply memorandum in further support of her motion for an order requiring the injunctive relief of voiding the mortgage on the property located at 249 Halsey Street, Brooklyn, New York.  For the reasons set forth below, the Court should grant her motion in its entirety.

## ARGUMENT

Plaintiff Mary Lodge respectfully requests that the Court invokes its equitable power to void her mortgage based on the jury's verdict finding that Yaron Hershco, the United Homes companies (with Hershco, collectively the "United Homes Defendants"), and Olympia Mortgage Corporation ("Olympia") fraudulently induced the plaintiffs in this action to purchase and finance their properties, and conspired with each other to do so.  (*Barkley v. United Homes et al.*, 04-cv-875, Document No. 526). In support of her position, Ms. Lodge contends that she is entitled to rescission of her mortgage because of the jury's verdict finding that the transaction which led her to purchase her home was fraudulent; that, because the Bayview Defendants could not establish holder-in-due-course status, they are not immunized from liability for the fraud that the jury found against Olympia in this matter; that, because the damages Ms. Lodge sought and received against the other defendants did not fully compensate her for the loss she incurred as a result of the defendants' fraudulent behavior, she is not bound by the law of election of remedies; that, because a finding of fraud was necessary in order for Ms. Lodge to invoke this Court's equitable power to void her mortgage, her motion was not unreasonably delayed but, on the contrary, is entirely timely; and that, because fraud was found to underlie the subject mortgage, Ms. Lodge is not estopped from asking the Court to void her mortgage.

1

A.    **Restitution and restoration to the status quo is irrelevant where, as here, there has been a finding of fraud.**

The cases which defendants[1] cite in support of their proposition that this Court should not invoke its equitable power to void Ms. Lodge's mortgage do not refer to circumstances in which rescission is sought because of fraud in the inducement. So, for example, the court in *C3 Media & Marketing Group v. Firstgate*, 419 F. Supp. 2d 419 (S.D.N.Y. 2005),, ruling on a summary judgment motion, found only that rescission was not warranted based on the defendants' breach of a separation agreement. The plaintiff in *Singh v. Carrington*, 18 A.D.3d 855 (2d Dep't 2005), did not plead a fraud claim at all, but rather, sought rescission by virtue of delay in the performance of the contract. In *Rudman v. Coweles Comm.*, 30 N.Y.2d 1 (1972), by the time the Court of Appeals reviewed the plaintiff's claim for rescission of the contract, the trial court had already dismissed the fraud claims, and the Court ruled only that rescission was not available in a wrongful discharge case. *Holdeen v. Rinaldo*, 28 A.D.2d 947 (3d Dep't 1967), involved a buyer who breached a contract to make certain loans to the seller within a certain time period and then sought rescission of the contract by the court. In *Big Apple Car Inc. v. New York City*, 204 A.D.2d 109 (1st Dep't 1994),, the plaintiff sued the city defendants for breach of contract, and the defendants asserted a fraud defense. The plaintiff unsuccessfully sought summary judgment based on the City's continued performance on the contract after discovering the plaintiff's fraud. The appellate court's finding was limited to the question of whether circumstances sufficient to withstand the plaintiff's summary judgment motion were present to justify the city's continued performance on the contract after discovering the plaintiff's fraud. 204 A.D.2d at 109–10.

---

[1] Olympia having largely joined the arguments of the Bayview Defendants in their opposition papers, the term "defendants" as used throughout this memorandum refers to both Olympia and the Bayview defendants unless otherwise specified.

The absence of a finding of fraud in the cases which defendants cite is significant because a fraud finding goes to the heart of this Court's equitable authority to void Ms. Lodge's mortgage. It is conceivable that, had the jury in this case not found that the plaintiffs were fraudulently induced into their home purchases, the Court would be without the authority to order the equitable relief Ms. Lodge now seeks without imposing some sort of restitution requirement on her to compensate the defendants. However, that is most affirmatively not the case here. The jury not only found that the home purchase transactions were tainted by fraud and conspiracy to commit fraud; it also found that the conduct involved was repugnant and involved a high degree of moral culpability. As the defendants have pointed out themselves, a voidable contract is one that can be avoided by one party because a right of rescission exists as a result of some defect or illegality. The illegality inherent in this contract has been established by the jury's unanimous verdict and therefore, unlike in the cases which defendants cite to, the Court here absolutely has the equitable authority to find that Ms. Lodge's mortgage, fraudulently induced, should be voided. In deciding whether to invoke that authority, the Court should be guided by the cases cited to in Ms. Lodge's motion for injunctive relief, all of which deal with situations where the courts have voided mortgages and contracts because of fraud in the inducement.

B.      **The Bayview Defendants' unjust enrichment argument is unavailing in light of their already-failed holder-in-due-course defense and should not be countenanced by the Court, particularly where there is ample evidence that Ms. Lodge has not been and will not be unjustly enriched.**

In its opposition, the Bayview Defendants argue that, if this Court were to void the mortgage, it would, as "the only defendants not involved in the original transaction" suffer a great inequity, and that Ms. Lodge would gain a windfall. This Court has already ruled that the Bayview Defendants may not take shelter behind the holder-in-due-course defense, and granted plaintiff's motion for judgment as a matter of law against the defense.  *See* May 5, 2011, Mem.

and Order, Document No. 585; May 26, 2011, Mem. and Order, Document No. 604; May 27,

2011 Trial Transcript 132:3-133:3.  That the Bayview Defendants continue to characterize

themselves as innocent parties uninvolved in the original transaction is a powerful indicator that

it continues to fail to comprehend how intimately it is tied to and tainted by what the jury called

the repugnant and morally culpable conduct which gave rise to these transactions. Moreover, any

inquiry into Ms. Lodge's circumstances after the jury's verdict betrays the fallacy inherent in

defendants' unjust enrichment argument. As the defendants have pointed out themselves, Ms.

Lodge received far less in compensatory damages than she sought at trial. The jury's verdict

simultaneously establishes a critical fact:  that the defendants fraudulently induced Ms. Lodge

and the other plaintiffs in this matter into these purchases by misrepresenting the value and the

condition of the properties and the affordability of the mortgages. Ms. Lodge, like the other

plaintiffs in this action, is now stuck with a seriously defective property which collateralizes an

unaffordable mortgage. The plaintiffs' construction expert, Sirivishnu Khalsa, testified about the

extent of the problems in Ms. Lodge's home and the remedial measures that will be required to

render the house safe and up to code. (May 16, 2011 Trial Transcript 66:17-84:6, 85:15-86:16.)

Mr. Khalsa also testified in his expert opinion about the amount of money it will take to

complete necessary repairs in the property. (May 16, 2011 Trial Transcript 124:13-129:19.)

Defendants did not refute his estimates. Particularly in light of the amount of money that Ms.

Lodge will have to expend on an ongoing basis to correct the defective conditions in her home,

defendants' attempt to portray the Court's equitable voiding of this fraudulently obtained

mortgage as a windfall to Ms. Lodge is audacious.

Equally audacious is the solution that the Bayview Defendants are proposing to this

Court, namely, that they should be permitted to immunize themselves from the consequences of

their own established wrongdoing by being permitted to collect on the fraudulently obtained

mortgage. Nor do the defendants stop there; they actually want the Court to award them

restitution against Ms. Lodge—in essence, to force an innocent party to pay restitution to the

parties who participated in a scheme to defraud her. To the degree that anyone will be unjustly

enriched if defendants' arguments prevail, it will be the very parties whom the jury found liable

for fraud.

C.     **Ms. Lodge is not seeking duplicative awards under CPLR 3002(e) and is not bound by the law of election of remedies.**

The law of election of remedies is meant at base to prevent unjust enrichment, by forcing

a plaintiff to avail herself of the remedy that will most fully compensate her for her loss, and no

more.  *See In re Wyatt*, 6 B.R. 947, 951 (E.D.N.Y. Bankr. 1980) ("The purpose of said doctrine

is not to prevent recourse to any remedy, but to prevent double redress for a single wrong.")

(citing *Tate v. Estate of Dickens*, 276 A.D. 94, 93 N.Y.S.2d 504 (3rd Dept. 1949)).  The remedies

Ms. Lodge seeks are not duplicative of each other as contemplated under CPLR § 3002, either by

type or by monetary amount. She sought and received from the jury an award of compensatory

and punitive damages against the United Homes Defendants and Olympia. Punitive damages are

intended to deter the conduct that jury found objectionable, rather than to compensate Ms. Lodge

for her actual loss, and so cannot be counted as part of her compensation for her loss. From this

Court she now seeks the equitable remedy of the voiding of the mortgage she was fraudulently

induced to enter into, to pay for the property that the jury found she was fraudulently induced to

purchase. As such, the law governing election of remedies does not apply.

Ms. Lodge was not fully compensated for her loss by the jury, and the Court retains the

equitable power to make her whole without unjustly enriching her. Because the jury was silent as

to the apportionment of the compensatory damages it awarded to Ms. Lodge between the United

Homes Defendants and Olympia, it is not even clear, should the Court be inclined to fashion an

equitable remedy short of complete rescission of the mortgage, how it would do so. Besides,

and—as noted above—because of the actions of the defendants in this case, Ms. Lodge is now

saddled with a completely unaffordable mortgage based upon an over-appraised and seriously

defective property.  Any analysis by the Court of the line between adequate compensation and

unjust enrichment must necessarily be tempered by the reality that Ms. Lodge is going to be

stuck for years with the costs of maintaining and repairing this defective property without

possessing the resources to do so.

> **D.      Neither ratification nor estoppel applies when the party seeking to invoke the
> defense benefited from fraud.**

As with their argument demanding restitution in return for the Court invoking its

equitable power to void the mortgage, defendants' argument that Ms. Lodge's execution of an

estoppel certificate bars her request for equitable relief completely ignores the inconvenient truth

that the jury in this matter found that the mortgage was obtained through fraud. The case that

defendants cite in support of their position, *Hammelburger v. The Foursome Inn Corp.*, 76

A.D.2d 646, 437 N.Y.S.2d 356 (2d Dep't 1980), *aff'd in part, modified in part* 54 N.Y.2d 580,

431 N.E.2d 278 (1981) does not say what the defendants claim it does. At the Appellate Division

level, *Hammelburger* involved two defenses:  one of usury, and the other that the mortgagor was

under duress to execute the mortgage. Finding that the usurious interest rate on the note rendered

it illegal, the Court contented itself with deeming the mortgage void, and thus did not reach the

issue of duress. Reviewing the case on appeal, the Court of Appeals took issue with the appellate

court's failure to take note of relevant factual issues, and remanded for further proceedings.

Before it did so, however, it noted, "Duress in obtaining the estoppel certificate will, therefore,

invalidate it. We are not unaware of the effect of that holding upon the marketability of mortgage

assignments, but conclude that estoppel being essentially a doctrine arising from inequitable action or conduct, the rule should not, absent legislative change, be applied when the mortgagor's action or conduct has been coerced." *Id.* at 593.

Far more instructive on the issue here is *Wilcox v. Howell*, 44 N.Y. 398 (1871), which is cited in the *Hammelburger* case and which dealt with assignment of a mortgage to a third party who then sought to enforce the mortgage as to the original mortgagor. The defendant asserted and the Court agreed that the mortgage and the associated estoppel certificate were obtained by the mortgagee through fraudulent means before he conveyed it to the plaintiff in the action. Based on the trial court's finding of fraud, the appellate court found that the entire transaction having been tainted, the plaintiff could not seek to avail himself of the estoppel certificate to enforce the mortgage.

As to defendants' ratification argument, it is well established in New York that ratification is not available as a defense where the ratification has been procured by fraud or in the absence of full knowledge of all the material facts.. *Norte & Co. v. Huffines*, 304 F.Supp. 1096, 1110 (S.D.N.Y. 1968); *Smith v. Kidd*, 23 Sickels 130, 68 N.Y. 130 (1877). Ms. Lodge has always asserted that the success of this scheme depended entirely on the defendants' ability to keep her and the other plaintiffs in the dark, depriving them of access to information about the true value of the properties, and steering them away from independent advisors who could have given them the requisite knowledge that would support defendants' ratification defense. In fact, Ms. Lodge actually stopped paying her mortgage and commenced this action shortly after she was able to consult with independent legal counsel. The defendants have not cited to any evidence proving that Ms. Lodge had knowledge, full or otherwise, of any of the material facts. It is reasonable for this Court to assume based on the verdict that the jury agreed with Ms.

Lodge's allegations that she was kept in the dark about the fraud underlying her home purchase

transaction, and to deny the defendants' ratification defense.

**E.      Since a finding of fraud is a necessary precursor to the invocation of this Court's equitable power to void the mortgage, plaintiff's post-verdict motion for the equitable relief she seeks is timely.**

In order to be able to move this Court for rescission of the mortgage based on fraud, it is

axiomatic that Ms. Lodge would first have to prove the underlying fraud. This she did by

successfully prosecuting her claims against the defendants. She received the requisite finding of

fraud on June 1, 2011, and moved the Court for rescission on June 15, 2011, as ordered by the

Court. It is difficult to comprehend the basis for defendants' argument that her motion was

untimely. Moreover, defendants have been on notice since the commencement of this and the

related actions that Ms. Lodge sought to prove they had obtained her mortgage through fraud.

There is no prejudice to the defendants inherent in her now moving for rescission of the

fraudulently obtained mortgage.

## CONCLUSION

For the foregoing reasons, the Court should declare the first mortgage on Ms. Lodge's home at 249 Halsey Street void and unenforceable. In the event the Court is inclined to fashion an equitable remedy besides complete rescission of the mortgage, plaintiff Mary Lodge respectfully requests an opportunity for the parties to be heard on the matter prior to the Court issuing a final decision on her claim for equitable relief.

Dated:  July 1, 2011
       Brooklyn, New York

Respectfully submitted,

/s/_____
MEGHAN FAUX
RACHEL GEBALLE
PAVITA KRISHNASWAMY
JENNIFER LIGHT
SARA MANAUGH
South Brooklyn Legal Services
Foreclosure Prevention Project
105 Court Street, 3rd Floor
Brooklyn, New York 11201
(718) 237-5500
mfaux@sbls.org

JEAN CONSTANTINE-DAVIS
AARP Foundation Litigation
601 E Street NW
Washington, D.C. 20049
(202) 434-2058
JCDavis@aarp.org

J. CHRISTOPHER JENSEN
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY 10036-6799
(212) 790-9204
jcj@cll.com

*Attorneys for Plaintiffs*

9