UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

MARY LODGE,

                  Plaintiff,

  -against-

UNITED HOMES, LLC, UNITED PROPERTY
GROUP, LLC, YARON HERSHCO,
GALIT NETWORK, LLC, OLYMPIA MORTGAGE
CORP., BAYVIEW LOAN SERVICING, LLC,
BAYVIEW ASSET MANAGEMENT, LLC,
U.S. BANK, N.A. AS TRUSTEE FOR BAYVIEW
ASSET-BACKED SECURITIES TRUST SERIES
2007-30, BAYVIEW FINANCIAL, L.P., AND
BAYVIEW FINANCIAL MANAGEMENT CORP.

                  Defendants.

------------------------------------------------------------X

Civil Action No. CV-05-0187

**MEMORANDUM**

## MEMORANDUM OF LAW IN SUPPORT OF MOTION
## FOR ATTORNEYS' FEES AND COSTS

 

SOUTH BROOKLYN LEGAL SERVICES
105 Court Street, 3rd Floor
Brooklyn, New York 11201

AARP FOUNDATION LITIGATION
601 E Street, NW
Washington, D.C. 20049

COWAN LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, New York 10036-6799

*Attorneys for Plaintiff*

South Brooklyn Legal Services ("SBLS"), AARP Litigation Foundation ("AARP"), and Cowen, Liebowitz & Latman LLP represent plaintiff Mary Lodge in the above-referenced action. Plaintiff Mary Lodge submits this motion pursuant to the Court's order of June 2, 2011 in support of an application for attorney's fees.

### Background

In the complaint by which she commenced the instant action, plaintiff Mary Lodge has alleged that she was the victim of a property-flipping scheme, in which she was issued two mortgage loans that were unaffordable, abusive, and based on a grossly inflated appraisal. Among other relief, Ms. Lodge sought an injunction barring enforcement of the two notes and mortgages and a declaration that the notes and mortgages are unenforceable. Because the originating lender sold Ms. Lodge's first mortgage loan into the secondary market soon after origination, Ms. Lodge sought to name relevant entities in the secondary market as necessary parties under Rule 19 of the Federal Rules of Civil Procedure. Those Rule 19 parties—the servicer of Ms. Lodge's loan and the bank that served as trustee of a trust into which the loan was securitized—have throughout the litigation asserted that the trustee bank has a complete defense to the complaint as a holder in due course of the mortgage loan.

Several months before the trial was set to begin, Ms. Lodge obtained information revealing that these parties and various affiliates and purported successors (together, the "Bayview Defendants") are not entitled to the holder-in-due-course defense because of several transfers of the security interest after the commencement of the litigation. Not only did the Bayview Defendants improperly withhold this relevant information from plaintiff until the Court ordered its production; they continued to make misleading assertions about the ownership of the mortgage loan that appeared calculated to obscure the fact that the multiple transfers fatally

undermined their holder-in-due-course defense. Indeed, these multiple transfers—and the omissions and misrepresentations Bayview Defendants have made about them—even stymied plaintiff's efforts to ensure, on the eve of trial, that the complaint was amended to name the proper parties.

On March 3, 2011, plaintiff served a Motion to Strike the Holder-in-Due-Course Defense on the Bayview Defendants, which the Bayview Defendants opposed. (*See* ECF No. 535, Notice of Motion to Strike Holder-in-Due-Course Defense). On May 5, 2011, the Court entered a Memorandum & Order declining to strike the holder-in-due-course defense but ordering sanctions against the Bayview Defendants. These sanctions included compensating plaintiff "for the costs and fees incurred in pursuing the discovery relating to the ownership of the Lodge mortgage, responding to the Bayview Defendants' two motions . . . on their holder-in-due-course defense, and in making the . . . motion to strike." (*See* ECF No. 585, Mem. & Order at 41).

After a post-trial conference call with the parties on June 2, 2011, the Court entered a minute entry instructing plaintiff and the Bayview Defendants to attempt to agree to the amount of fees and costs due her pursuant both to the May 5, 2011 Memorandum and Order and to Judge Mann's sanction order of February 9, 2011. (*See* ECF No. 509). If agreement as to the fees and cost amounts could not be reached, plaintiff was instructed to move for attorney's fees and costs based on the sanctions orders. Since no agreement has been reached, plaintiff files this motion pursuant to that directive of the Court. The Court's May 5, 2011 Memorandum and Order and Judge Mann's February 9, 2011 sanctions order establish plaintiff's entitlement to sanctions. As such, this Memorandum addresses the time and the hourly rate to which plaintiff is entitled pursuant to these sanctions orders.

3

**Time Expended Is Reasonable**

Plaintiff's attorneys Jean Constantine-Davis, Edward Josephson, Sara Manaugh, and Rachel Geballe have each attached to this Motion affidavits containing their contemporaneous time records covering the activities for which the Court found their time was compensable. The time spent working on these issues is not excessive and, indeed, does not capture significant time expended on the motion for preliminary injunction to stop the Bayview Defendants' attempt to foreclose on the Lodge property or, more recently, time spent on these issues during the trial or in the preparation of this Motion.

**Hourly Rates Are Appropriate Based On Experience**

Plaintiff's counsel seek rates for four attorneys as follows:

| Jean Constantine-Davis: | $500 per hour |
| Edward Josephson: | $500 per hour |
| Sara Manaugh: | $375 per hour |
| Rachelle Geballe: | $300 per hour |

The claimed hourly rates are reasonable under the rule articulated in *Arbor Hill Concerned Citizens Neighborhood Assn. v. County of Albany,* 522 F.3d 182 (2d Cir. 2007). "The reasonable hourly rate is the rate a paying client would be willing to pay. In determining what rate a paying client would be willing to pay, the district court should consider, among others, the *Johnson* [*v. Ga. Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974)] factors." *Id.* at 190. These factors include the time and labor required, novelty and difficulty of issues, level of skill required, preclusion of other work by the attorney; the attorney's customary rate; whether the fee is fixed or contingent; the amount involved and results obtained; the experience, reputation and ability of the attorneys; and awards in similar cases. *Johnson,* 488 F.2d at 717-719.

The time and labor devoted by plaintiffs' counsel to these cases over the past six years can hardly be overstated. SBLS and AARP Foundation have expended an enormous amount of time and resources in prosecuting the cases. We have devoted six years of litigation to investigating various aspects of the Bayview Defendants' claim to holder-in-due-course status, encompassing discovery issues and disputes, motions to dismiss and for summary judgment, filings for injunctive relief, and the recent revelations about the subsequent securitizations. All of these matters have been time-consuming and complex. The United Homes litigation generally has involved questions of first impression in the Eastern District of New York and the Second Circuit, as well as other complex issues, including the Bayview Defendants' holder-in-due-course defense. Plaintiffs prevailed on every one of the many substantive motions against the Bayview Defendants and substantially succeeded in all of their procedural motions as well. In recent months, plaintiff's counsel have repeatedly had to interrupt their trial preparation to address the Bayview Defendants' continuing violations of the Federal Rules of Civil Procedure and their attempts to modify the substance of their defenses after the commencement of trial.

Plaintiff's attorneys seek to be compensated based on their experience, reputations and abilities. Jean Constantine-Davis has been practicing law for all but five of the years since she was admitted in 1978. The bulk of her practice since approximately 1991 has involved defending homeowners from foreclosure on mortgages that were illegal and/or unconscionable under state and federal laws. Ms. Constantine-Davis has been actively involved in this litigation since 2004. Much of her work on the United Homes cases in the early years was devoted to the role of the secondary market defendants, including the complex securitization processes engaged in by the Bayview Defendants.

The most recent attorneys' fees awarded for Ms. Constantine-Davis' work were in 2003, at which point she was awarded $370 per hour.[1] Colleagues with similar experience in her law practice in Washington, D.C. are regularly fees ranging from $600-740 per hour[2] for legal work in federal courts around the country.

Edward Josephson, a graduate of the New York University School of Law, is the Director of Litigation at South Brooklyn Legal Services. He began at SBLS as a housing attorney in 1990. In addition to being a leading litigator in the area of housing law, Mr. Josephson supports other SBLS attorneys doing complex litigation in all areas of legal services practice.

Sara Manaugh has been practicing law for eight years. She clerked for a federal district court judge in the Southern District from 2003 to 2004 and for a Second Circuit judge from 2004 to 2005. She has been actively involved in complex federal court litigation since she went to work for Sullivan & Cromwell LLP in 2005. Ms. Manaugh went to work for SBLS in 2008 and has been deeply involved in this (and other) litigation, including the recent briefings on the holder-in-due-course issue since that time.

Rachelle Geballe was admitted to the New York bar in 2007 after graduating from Columbia Law School. Ms. Geballe immediately went to work for SBLS with a fellowship from Kirkland Ellis LLP. In addition to working on this case, she has been involved in both affirmative and foreclosure defense litigation in Kings County Supreme Court and the Eastern District of New York.

Counsel recognize that the rates claimed are not typical for the Eastern District. However, it has repeatedly been held that judges in the Eastern District have broad discretion "to

---

[1] *Cooper v. First Gov't. Mort. And Investors Corp.*, CA 00-0535 (D.C.D.C. 2003).

[2] E.g., $700 per hour rate awarded by the Eastern District of Pennsylvania in an ERISA case; $660-740 per hour rate awarded by Northern District of California; attorney with sixteen years experience awarded fees at rate of $360 per hour by Middle District of Tennessee.

6

consider the unique circumstances of lawyers in New York City who practice in two different federal jurisdictions." *New Leadership Comm. v. Davidson,* 23 F. Supp.2d 301, 305 (E.D.N.Y. 1998). It is therefore appropriate for judges to establish reasonable attorneys' fees by considering the prevailing rates both the Southern District of and Eastern Districts. *Id.; Gutman v. Klein,* 2009 U.S. Dist. Lexis 95169, *11-12 (E.D.N.Y. July 17, 2009). "Considering Southern district rates 'is especially appropriate in the context of fees awarded under Rule 37,' because 'the party who has suffered the adverse impact of recalcitrance in the discovery process should not be further punished by being awarded arbitrarily imposed, lower attorney's fees . . .'" *Id.* quoting *Tokyo Eletron Ariz., Inc. v. Discreet Indus. Corp.,* 215 F.R.D. 60, 63-64 (E.D.N.Y. 2003).

Plaintiff respectfully submits that these rates are reasonable given the complexity of the issues in this case and counsel's considerable experience. *See Truong v. New York Hotel and Motel Trades Council,* 2011 WL 147689, at *3 (S.D.N.Y. Jan 12, 2011) (citing with approval a case finding $735 a reasonable hourly rate, and finding $500 for a law firm partner reasonable and "far less than that often billed by law firm partners litigating complex cases in this district"); *LV v. New York City Dep't of Educ.,* 700 F. Supp. 2d 510, 519 (S.D.N.Y. 2010) ("Given these two senior lawyers' considerable experience, the value of their firm's resources, and the complexity of this lawsuit, the Court finds that $600 is a reasonable rate for both."). The requested hourly rates are also supported by fee awards in the Bankruptcy Court for the Eastern District. *In re Spector,* 05-34701-353 (Bankr. E.D.N.Y. 2009) (hourly rate of $545 approved for Chapter 7 counsel for, *inter alia,* drafting answer and reviewing medical records in personal injury case; correspondence; attending hearings in state court, mediation, deposition, document review); *In re Gale Woodworking, Inc.,* 03-26498 (Bankr. E.D.N.Y 2009) (fee award to attorneys

7

for unsecured creditors was $410 per hour for recent work by an associate; 2004 rates ranged from $150-$395 per hour for associates and $385-$570 for partners); *In re Acme Cake Co.*, 08-41965-CEC (Bankr. E.D.N.Y. 2010) (counsel for creditors' committee awarded $385-$495 per hour).

## Conclusion

In light of the foregoing, plaintiff respectfully requests that this Motion be granted and that the Court order the Bayview Defendants to pay the following costs and fees:

| | |
|---|---|
| Fees for AARP Foundation Litigation: | $119,250.00 |
| Fees for SBLS: | $ 45,610.00 |
| Travel expenses for Bayview R. 30(b)(6) deposition: | $    871.40 |
| Consultant services regarding securitization: | $    800.00 |
| **Total** | **$166,531.40** |

Dated: June 15, 2011
Brooklyn, New York

By /s/ Jean Constantine-Davis
JEAN CONSTANTINE-DAVIS
AARP Foundation Litigation
601 E Street NW
Washington, DC 20049
(202)434-2058
jcdavis@aarp.org

MEGHAN FAUX
RACHEL GEBALLE
PAVITA KRISHNASWAMY
JENNIFER LIGHT
SARA MANAUGH
South Brooklyn Legal Services
Foreclosure Prevention Project
105 Court Street, 3rd Floor
Brooklyn, New York 11201
(718) 237-5500
mfaux@sbls.org

8

J. CHRISTOPHER JENSEN
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY 10036-6799
(212) 790-9204
jcj@cll.com

*Attorneys for Plaintiffs*