UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| MARY LODGE, | Civil Action No. CV-05-0187 (KAM) |
| Plaintiff, | |
| against | |
| UNITED HOMES, LLC, UNITED PROPERTY GROUP, LLC, YARON HERSHCO, GALIT NETWORK, LLC, OLYMPIA MORTGAGE CORP., BAYVIEW LOAN SERVICING, LLC, BAYVIEW ASSET MANAGEMENT, LLC, U.S. BANK, N.A. AS TRUSTEE FOR BAYVIEW ASSET-BACKED SECURITIES TRUST SERIES 2007-30, and BAYVIEW FINANCIAL MANAGEMENT CORP., | |
| Defendants. | |

---

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES

ROSENBERG & ESTIS, P.C.
Attorneys for Defendants BAYVIEW LOAN
SERVICING, LLC, BAYVIEW ASSET
MANAGEMENT, LLC, U.S. BANK, N.A. AS
TRUSTEE FOR BAYVIEW ASSET-BACKED
SECURITIES TRUST SERIES 2007-30 ("U.S.
Bank"), and BAYVIEW FINANCIAL
MANAGEMENT CORP
733 3rd Avenue
New York, New York  10017
Tel.: (212) 867-6000

## TABLE OF CONTENTS

| | Page |
|---|---|
| The Scope and Timeframe of the Order | 1 |
| The Standard for an Award of Attorneys' Fees | 2 |
|     A. Eastern District Rates Should be Applied in this Action | 5 |
|         1. Lodge's fee request is overbroad, vague and goes beyond the time covered by the Order | 6 |
|             i. There are no time entries relative to the Bayview Defendants' motion to dismiss | 7 |
|             ii. The time entries relative to the Bayview Defendants' motion for summary judgment are vague and ambiguous | 8 |
|             iii. The time claimed for the securitization issue is overbroad and beyond the scope of the Order | 9 |
|         2. Time entries are inconsistent and as such should be Excluded from consideration or reduced accordingly | 10 |
|             i. The SBLS Time Entries are vague and ambiguous and do not appear to be contemporaneously maintained and as such should be excluded from consideration to the fee application | 13 |
|     B. Various Time entries are Inapplicable to the Issues which Are the Subject of the Order and Vague and Should be Excluded from Consideration | 14 |
| Conclusion | 17 |

The Defendants, Bayview Loan Servicing, LLC, Bayview Asset Management, LLC, U.S. Bank, N.A. as Trustee for Bayview Asset-Backed Securities Trust Series 2007-30, Bayview Financial, L.P. and Bayview Financial Management Corp. (collectively, the "Bayview Defendants"), through their attorneys, Rosenberg & Estis, P.C., respectfully submits this Memorandum of Law in opposition to the plaintiff, Mary Lodge's ("Lodge") motion for an award of attorneys' fees.

## THE SCOPE AND TIMEFRAME OF THE ORDER

Pursuant to a Memorandum and Order of this Court dated May 5, 2011 (the "Order") (*Dkt. 585*), the Court denied Lodge's motion to strike the Bayview Defendants' holder in due course defense. The Court also opined that Lodge was entitled to an award of attorneys' fees and costs pursuant to Fed. R. Civ. P. 37(c)(1)(A) in connection with fees and costs incurred in the discovery relating to the Bayview Defendants' securitization documents. (*Dkt. 585 at page 38*). The Court further ordered that Lodge was entitled to an award of attorneys' fees and costs in connection with her defense of both the Bayview Defendants' motion to dismiss and/or for summary judgment for summary judgment as well as Lodge's motion to strike the holder in due course defense. (*Dkt. 585 at page 40*).

Lodge requests an award of attorneys' fees from July 28, 2005. It is submitted that Lodge's request is overbroad and goes beyond the scope of the Order.

Issues with respect to the securitization documents arose on or about January 29, 2011. Lodge's request for an award of attorneys' fees prior to this date is overbroad and does not comply with the Order.

With respect to the motion to dismiss and/or summary judgment, the Bayview Defendants served their motion to dismiss on or about February 28, 2006, and opposition papers,

if any, were due to be served on or about April 19, 2006. (*Dkt. 134*). Moreover, at the same time, the other defendants to this action likewise served a motion to dismiss this action on or about the same date. (*Dkt. 126, 127, 128 and 131*).

## THE STANDARD FOR AN AWARD OF ATTORNEYS' FEES

Within the Eastern District of New York, a district court must presumptively award the prevailing rate within the district in which the action is pending unless the party seeking the fees "persuasively establish[es] that a reasonable client would have selected out-of-district counsel because doing so would likely (not probably) produce a substantially better net result." *Gutman v. Klein*, 2009 WL 3296072, *2 (E.D.N.Y. 2009), *citing Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170 (2d Cir. 2009). The range of attorneys' fees within the Eastern District are $300-400 for partners, $200-300 for senior associates and $100-200 for junior associates. *Gutman, Id*. These fee parameters have been applied in discovery dispute cases. *See, Jim v. Pacific Buffet House, Inc.*, 2010 WL 2653334 (E.D.N.Y. 2010); *Shim v. Millennium Group*, 2010 WL 2772493 (E.D.N.Y.2010); *Williams v. New York City Housing Auth.*, 2010 WL 596347 (E.D.N.Y. 2010); *Luca v. The County of Nassau*, 698 F.Supp.2d 296 (E.D.N.Y.2010); *Whitney v. Jetblue Airways Corp.*, 2009 WL 4929274 (E.D.N.Y. 2009); *Estrella v. P.R. Painting Corp.*, 596 F.Supp. 2d 723 (E.D.N.Y. 2009).

In light of the Court of Appeals' holding in *Simmons*, as recognized in *Gutman*, it is respectfully submitted that Lodge's counsel's reliance upon the "lodestar" approach as enunciated in *Arbor Hill Concerned Citizens Neighborhood Ass'n. v. County of Albany*, 522 F.3d 182 (2d Cir. 2008) is misplaced.

The "lodestar" approach was abandoned by the Second Circuit in *Simmons*, which held that when assessing whether claimed legal costs are reasonable, the court determines the

"presumptively reasonable fee" for an attorney's services by looking to what a reasonable client would be willing to pay, bearing in mind all of the case-specific variables. *Whitney v. Jetblue Airways Corp.*, 2009 WL 4929274, *2 (E.D.N.Y. 2009).

The Second Circuit has adopted the following factors to consider when deciding what constitutes a reasonable hourly rate: (i) the time and labor required, (ii) the novelty and difficulty of the questions, (iii) the level of skill required to perform the legal service properly, (iv) the preclusion of employment by the attorney due to acceptance of the case, (v) the attorney's customary hourly rate, (vi) whether the fee is fixed or contingent, (vii) the time limitations imposed by the client or the circumstances, (viii) the amount involved in the case and the results obtained, (ix) the experience, reputation and ability of the attorneys, (x) the undesirability of the case, (xi) the nature and length of the professional relationship with the client and (xii) awards in similar cases. *Id.*, at *3.

In addition, the attorney/claimant has a burden to maintain contemporaneous time records. A fee request must be adequately documented. *Id.*, at *4. The burden is on the fee applicant to produce satisfactory evidence in addition to the attorney's own affidavits that the requested rates are in line with those prevailing in the community for similar services by lawyers or reasonably comparable skill, experience and reputation. *Id.*, at *5. A reasonable paying client would in most cases hire counsel from within his district, or at least counsel whose rates are consistent with those charged locally. *Id.* For the district court to abandon the "forum rule" in awarding fees, the moving party must demonstrate that use of in-district counsel would produce a substantially inferior result. *Id.*, at *6.

In a case arising in the context of a discovery dispute and pursuant to Fed. R. Civ. P. 37, it is almost impossible for a fee applicant to satisfy this stringent standard set by the Second

Circuit in order to overcome the forum rule in setting a fee request. *Id.* The pursuit of sanctions against a party that has spoliated evidence is not a novel litigation tactic warranting a higher award of fees. *Gutman v. Klein,* 2009 WL 3296072, * 6 (E.D.N.Y. 2009).

In applying *Simmons,* requested hourly rates of $450-505 for a partner with 20 years of experience and $375-480 for a senior associate has been found unreasonably high. *Whitney v. Jetblue Airways Corp.,* 2009 WL 4929274, *7 (E.D.N.Y. 2009).

Moreover, an attorney's time entries must be sufficiently detailed as to show the nature of the work performed. Time entries which merely note "letter to court," "staff conference," or "work on motion" are too vague to sufficiently document the hours claimed and warrant a fee award. *Kirsch v. Fleet Street, Ltd.,* 148 F.3d 149, 172 (2d Cir. 1998). Fee applications are subject to denial where the fees have not been adequately documented or if block billing leaves the court unable to determine if the time expended by counsel is reasonable. *See, Whitney, at *4; see also Gutman, at *8.*

Vague, redundant or ambiguous time entries or entries which indicate work with other attorneys when that work does not appear on the other attorneys' time submissions are inconsistent and do not warrant a fee award. *Kirsch v. Fleet Street, Ltd.,* 148 F.3d 149, 172 (2d Cir. 1998).

Further, a fee claimant's request for compensation for other claimed discovery issues outside of the distinct issue now pending before the Court when those alleged "other issues" were not sanctioned by the court, although the court ordered compliance, should be denied. *Whitney v. Jetblue Airways Corp.,* 2009 WL 4929274, *4 (E.D.N.Y. 2009).

### A. Eastern District Rates Should be Applied in this Action.

This action, as well as the five (5) other actions which were consolidated for trial, involve Brooklyn home-owners and Brooklyn properties. South Brooklyn Legal Services, with their offices located on Court Street in downtown Brooklyn, have had no less than six (6) or seven (7) attorneys at any given time prosecuting this action.

There is no reason to believe or even expect that Lodge would have sought out, consulted or retained an attorney outside of Brooklyn for the prosecution of this action. Indeed, there is no affidavit or proof submitted by Lodge or her counsel that indicates she sought out any other counsel or believed that she would pay rates other than which are routinely charged in Brooklyn.

Additionally, there is no proof from Lodge or her counsel as to why she sought out, consulted or even retained the AARPS Foundation ("AARPS"), located in the District of Columbia, and not in New York. AARPS has principally appeared in this action through Jean Constantine-Davis. Certainly, there is no evidence that Lodge would have expected to pay any higher rates claimed by AARPS in the District of Columbia. Considering the fact that this and the other five (5) actions were initially filed in the Eastern District of New York, there is no basis to infer, nor is there any proof, that the attorneys or Lodge expected to be paid or pay fees in excess of those routinely charged in Brooklyn.

Furthermore, and more compelling, both South Brooklyn Legal Services and AARPS have not provided any evidence that Lodge has agreed to pay the rates which they assert. Indeed, South Brooklyn Legal Services provides free legal services and does not charge their clients. This fact appears on their website. Therefore, there is no proof that Lodge had any expectation that she would pay the fees which South Brooklyn Legal Services or AARPS claim. *Whitney v. Jetblue Airways Corp.*, 2009 WL 4929274, *5 (E.D.N.Y. 2009).

The issues which resulted in the Order stem from a discovery dispute. Discovery disputes, indeed even evidence spoliation cases, do not involve novel litigation tactics that warrant an award of higher fees. South Brooklyn Legal Services and AARPS were "hired" for the entire action, not just the discovery dispute. As such, under Fed. R. Civ. P. 37, to the extent an fees are awarded, the reasonable rate should be that which is in effect in the Eastern District of New York and not in any other jurisdiction. *Whitney v. Jetblue Airways Corp.*, 2009 WL 4929274, *3 (E.D.N.Y. 2009); *Gutman v. Klein*, 2009 WL 3296072, *6 (E.D.N.Y. 2009).

Therefore, given the experience of Lodge's attorneys, Ms. Constantine-Davis' reasonable rate should be $300-400, Sara Manaugh's should be $200-300 and Rachel Geballe's should be $100-200.

Lodge's counsel's statement that "[c]onsidering Southern district rates 'is especially appropriate in the context of fees awarded under Rule 37,' because 'the party who has suffered the adverse impact of recalcitrance in the discovery process should not be further punished by being awarded arbitrarily imposed, lower attorney's fees. . .", citing *Gutman v. Klein*, 2009 U.S. Dist. Lexis 95169, *11-12 (E.D.N.Y. 2009) is without merit and is wrong. That statement was made within the Report and Recommendation of Magistrate Judge Levy. However, Judge Cogan specifically stated within the *Gutman* decision that Magistrate Judge Levy's approach in calculating hourly rates could no longer be adopted in light of the *Simmons* holding by the Court of Appeals. *Gutman v. Klein*, 2009 WL 3296072, * 6 (E.D.N.Y. 2009).

1. **Lodge's fee request is overbroad, vague and goes beyond the time covered by the Order.**

The Order provides that an award of fees would be made pursuant to Fed. R. Civ. P. 37 with respect to (i) responding to the Bayview Defendants' motion to dismiss and/or summary judgment, (ii) responding to the Bayview Defendants' motion for summary judgment, (iii) in

connection with the costs and fees incurred with respect to the securitization documents and (iv) in connection with Lodge's motion to strike the holder in due course defense. However, Lodge's submission in support of her fee request pursuant to the Order goes beyond the scope of the Order and the time entries are so vague that it cannot be determined what work was performed. Additionally, block billing should prevent the Court from determining if the time expended is reasonable as it cannot be deciphered what time was spent for which task without making unsupported assumptions. As such, Lodge's fee request should be denied, or in the alternative, reduced accordingly.

> i. **There are no time entries relative to the Bayview Defendants' motion to dismiss.**

The Bayview Defendants' motion to dismiss and/or for summary judgment was served upon Lodge's counsel on or about February 28, 2006. Lodge's opposition must have been served on or about April 19, 2006. However, the other defendants to this action served motions to dismiss on or about the same date. (*Dkt. 126, 127, 128 and 131*).

The only time entries with respect to the motion to dismiss are that of Ms. Davis. On March 14, 2006, Ms. Davis has an entry which states "initial drafting." On March 24, 2006, her entry reads "further Opposition edits." On March 29, 2006, the time entries read "edits to Part IV of Opposition." Ms. Davis' time entries on that date are block time entries.

Although there generally is no issue with block time entries, it is impossible to tell from these time entries what Ms. Davis was drafting on March 14, what opposition edits were being made on March 24 and what opposition edits to Part IV were being made on March 29. Simply put, there is no way to tell whether the time entries reflect work on the Bayview Defendants' motion to dismiss or any of the other defendants' motions to dismiss. Thus, these time entries are vague and ambiguous, and as such, should be excluded from consideration.

### ii. The time entries relative to the Bayview Defendants' motion for summary judgment are vague and ambiguous

The time entries relative to the Bayview Defendants' motion for summary judgment are only reflected within Ms. Davis' submissions. Beginning on December 29, 2009, the narrative for the time entries are relatively constant without any explanation or detail. Those time entries state as follows:

| Date | Entry |
|---|---|
| 12/29/09 | Began opposition to Wachovia MSJ |
| 12/30/09 | Further work on opposition to Wachovia MSJ |
| 1/4/10 | Further work on opposition to Wachovia MSJ |
| 1/6/09* | Further work on opposition on Wachovia MSJ |
| 1/7/10 | Work on opposition to Wachovia MSJ |
| 1/8/09* | Work on opp. to Wachovia MSJ |
| 1/19/10 | Work on opposition to Wachovia MSJ |
| 1/20/10 | Work on opposition to Wachovia MSJ |
| 1/21/10 | Work on opposition to Wachovia MSJ |
| 1/22/10 | Work on opposition to Wachovia MSJ |

It should be noted that the time entries denoted above by an "*" contain a 2009 date which makes it questionable as to whether these time records as submitted are contemporaneous time records or have been prepared for litigation as they are out of order from the other time entries.

The time entries with respect to "work on opposition to Wachovia MSJ", it is submitted, are so vague as to sufficiently document the hours claimed. There is no way to determine what work was done. Was a memorandum of law or a declaration in opposition being prepared or was legal research being performed? Answers to these question cannot be left to assumption. It is

- 8 -

submitted that such time entries are so vague, similar to saying "work on motion" with such large amounts of time, that, without more detail, they should be excluded from consideration for a fee award as they are inadequately documented. *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 172 (2d Cir. 1998).

### iii. The time claimed for the securitization issue is overbroad and beyond the scope of the Order.

Issues with respect to the securitization documents arose on or about January 29, 2011. Indeed, with respect to this issue, Lodge previously requested an award of attorneys' fees from January 5, 2011. (*Dkt. 523-1*). Lodge's request for an award of attorneys' fees prior to this date is overbroad and does not comply with the Order.

Notwithstanding Lodge's previous request for attorneys' fees on the resecuritization issue from January 5, 2011, payment of fees on this issue, if any, should be measured from January 29, 2011, the date which the dispute accrued.

On January 13, 2011, Lodge submitted a letter motion, the purpose of which was to bring to the Court's attention any outstanding "discovery issues." Lodge's counsel identified only two (2) issues, *i.e.*, valuation or other notes generated by Odyxa Bermudez a former employee of Bayview, and documentation regarding the current ownership of the Lodge mortgage.

On January 20, 2011, during a conference with Magistrate Judge Mann relating to the January 13, 2011 letter motion, Judge Mann ordered that by January 28, 2011 the Bayview Defendants "produce proof of current ownership of Lodge's first note and mortgage, as well as proof of chain of title back to 2006; and notes, valuations and other documents created by Odyxa Bermudez in connection with Bayview's purchase of mortgages from Olympia." (*Dkt. 497*). By various electronic mails dated January 28, 2011, the Bayview Defendants forwarded the documents to Lodge's counsel. Indeed, Ms. Constantine-Davis' time entries for January 20,

RE\08857\0001\449869v1

2011 reflect that she reviewed and took notes on the new documents produced by the Bayview Defendants. (*Dkt. 523-1*).

Thereafter, on February 2, 2011, Ms. Davis requested additional documents regarding a "gap" in the securitization of the loan.[1] Therefore, it is respectfully submitted that the date from which the fee order should be measured with respect to the resecuritization issue is at the earliest January 29, 2011 as any issues which existed before then were satisfied.

### 2. Time entries are inconsistent and as such should be excluded from consideration or reduced accordingly.

Time entries which are inconsistent, for example, which reference conferences or other work performed with other attorneys that do not have corresponding time entries by the other attorneys should be excluded from consideration for a fee application. Lodge's counsels' time entries are replete with such inconsistencies and as such, should not be considered.

The following represent inconsistencies within Ms. Davis' time entries and as such, should be removed from consideration:

7/28/05 Conference call with co-counsel. There is no corresponding time entry on the time entries for Sara Manaugh, Rachel Geballe or Mr. Josephson (collectively, "SBLS Time Entries").

3/14/06 email discussion with co-counsel re: HDC issues. There is no corresponding time entry on the SBLS Time Entries.

3/17/06 email and other discussions with co-counsel. There is no corresponding time entry on the SBLS Time Entries.

---

[1] This request ultimately resulted in Magistrate Judge Mann's order dated 2/11/11 under Docket No. 509 for the payment of fees relative to the securitization document issue, which order is encompassed within this Court's Order.

RE\08857\0001\449869v1

9/4/07 conference call with co-counsel. There is no corresponding time entry on the SBLS Time Entries.

9/11/07 conference call with co-counsel. There is no corresponding time entry on the SBLS Time Entries.

12/15/09 emails with co-counsel re: analysis & steps forward. There is no corresponding time entry on the SBLS Time Entries.

12/21/09 conference call with co-counsel re: Wachovia MSJ. There is no corresponding time entry on the SBLS Time Entries.

12/18/10 emails and t/c with Meghan & Rachel. There is no corresponding time entry on the SBLS Time Entries.

1/7/11 many calls and emails with co-counsel and T. Fierst re JPTO. There is no corresponding time entry on the SBLS Time Entries.

1/14/11 emails with co-counsel. There is no corresponding time entry on the SBLS Time Entries.

1/18/11 t/c to Rachel re: suggested changes. There is no corresponding time entry on the SBLS Time Entries.

1/20/11 Trial prep meeting with co-counsel at SBLS. There is no corresponding time entry on the SBLS Time Entries.

1/29/11 circulated new documents to co-counsel. There is no corresponding time entry on the SBLS Time Entries.

2/3/11 conference call with Rachel & Sara. There is no corresponding time entry on the SBLS Time Entries.

RE\08857\0001\449869v1

2/4/11 conference call with S. Manaugh & Chris Jensen. There is no corresponding time entry on the SBLS Time Entries.

2/11/11 emails to Sara with suggestions on argument. There is no corresponding time entry on the SBLS Time Entries.

2/14/11 emails with T. Fierst, Sara & tc's with Rachel re; depo tomorrow. There is no corresponding time entry on the SBLS Time Entries.

3/8/11 discussions with co-counsel re; Motion. There is no corresponding time entry on the SBLS Time Entries.

Additionally, there are inconsistent time entries contained within the SBLS Time Entries that do not appear on the Jean Constantine-Davis time entries (the "Davis Time Entries") and as such should be excluded from consideration:

1/13/11 email with team. There is no corresponding time entry on the Davis Time Entries.

1/26/11 discussed issues re resecuritization of loan with team. There is no corresponding time entry on the Davis Time Entries.

2/17/11 email with Jean Davis. There is no corresponding time entry on the Davis Time Entries.

Considering the fact that all of the time entries referenced above are block time entries, there is no way of telling how much time was spent on these inconsistent time entries, and it should not be assumed. Thus, it is appropriate to exclude these inconsistent time entries from consideration to the fee application. *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 172 (2d Cir. 1998).

RE\08857\0001\449869v1

     i.    **The SBLS Time Entries are vague and ambiguous and do not appear to be contemporaneously maintained and as such should be excluded from consideration to the fee application.**

Various time entries contained within the SBLS Time Entries are vague and ambiguous and as such should be excluded from consideration to this fee application as there is no way to sufficiently document the hours claimed and what work was done. *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 172 (2d Cir. 1998).

1/13/11 TC with CSFB counsel; email with team. Who is CSFB counsel and what relevance does that have to this dispute. What does the "email with team" involve?

2/13/11 worked on motion to strike HDC defense. There is no indication what work was done. Was a memorandum of law or a declaration in opposition prepared? Was legal research performed.

2/16/11 worked on motion to strike HDC defense. What work was performed?

2/17/11 OC re attorneys' fees. There is no explanation as to what this time entry refers.

2/22/11 worked on motion to strike.

2/23/11 worked on MOL

2/24/11 worked on brief

2/25/11 worked on brief.

2/28/11 worked on brief accompanying motion papers

3/1/11 worked on draft

3/2/11 worked on motion papers

2/21/11* worked on motion to strike HDC

3/28/11 worked on reply brief for HDC strike motion

3/27/11* worked on reply brief for HDC strike motion

3/30/11 worked on reply for motion to strike HDC

With respect to the time entries "worked on brief," "worked on draft," "worked on motion papers," "worked on motion to strike," these time entries are insufficient to document the hours claimed and should be excluded from the fee application. *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 172 (2d Cir. 1998).

Additionally, the time entries marked by an "*" are out of order. This fact, in addition to the fact that the time entry dated February 16, 2011 which states "documented hours for discovery dispute" indicates that these time records may not have been contemporaneously maintained. Furthermore, there is no explanation of the fact that the SBLS Time Entries contain two columns, one for "Time" and one for "Dispute Time." By the time entries, thus, it cannot be determined what entries are accurate. Accordingly, these time entries should be excluded from the pending fee application.

### B. Various Time Entries are Inapplicable to the Issues Which are the Subject of the Order and Vague and Should be Excluded from Consideration.

The Order is clear as to what time-frames and corresponding fees would be reviewed by the Court. However, Lodge appears to have included all time and fee calculations relating to every aspect of this action as it related to the Bayview Defendants rather than limiting the scope to the issues identified by the Court.

Notwithstanding Lodge's counsel's assertion that they have devoted six (6) years to litigating novel issues against the United Homes defendants, the Bayview Defendants were merely one (1) Rule 19 defendant in six (6) actions and the issue presented is one based upon a discovery dispute, with no novel questions of law presented. *Whitney v. Jetblue Airways Corp.*, 2009 WL 4929274, *3 (E.D.N.Y. 2009); *Gutman v. Klein*, 2009 WL 3296072, *6 (E.D.N.Y. 2009).

- 14 -

That being the case, there are many time entries contained within the Davis Time Entries that are irrelevant to the Order and should be excluded from the fee application. Additionally, the Order is not derived from much of the work performed in the general course of the litigation, for which Lodge includes as part of her fee application.

The relevant Davis Time Entries which are irrelevant, with the reasoning for their inapplicability contained in *italics,* are as follows:

7/28/05 – reviewed and abstracted documents produced by Wachovia/Bayview. *This review is based upon initial disclosures and document productions and not relevant to any dispute covered by the Order.*

3/13/06 – assigned preliminary research on Wachovia's HDC argument to law clerk. *It is submitted that 1.5 hours to assign research without further explanation is overbroad.*

3/28/06 – draft of letter to T. Fierst re: Wachovia/Bayview discovery deficiencies. *Whatever deficiencies are referred to are not part of the Order and thus not a part of the fee application. Whitney v. Jetblue Airways Corp., 2009 WL 4929274, *3 (E.D.N.Y. 2009). Also, it is submitted that 3 hours for the drafting of a letter is excessive.*

4/11/06 – further review of Wachovia discovery. *This is not part of the Order and not a part of the fee application. Whitney v. Jetblue Airways Corp., 2009 WL 4929274, *3 (E.D.N.Y. 2009).*

4/12/06 – same; circulated letter. *In short, what does "same" refer to? This is vague and should not be part of the fee application.*

4/24, 5/10, 5/24, 5/31 and 6/5/06 – all referencing interrogatories and document requests and responses thereto. *Responses were provided and these were not made part of a sanction*

order. Thus, the entries should not be made part of the fee application. *Whitney v. Jetblue Airways Corp.*, 2009 WL 4929274, *3 (E.D.N.Y. 2009).

6/6 and 6/7/06 – 6 ½ hours for the drafting of a letter. *It is submitted that these issues are not part of the Order, and the time claimed is excessive. Previous discovery is not part of the Order and should not be considered in the fee application.*

6/19, 6/20, 7/11, 7/19, 7/26/06 - all referencing interrogatories and document requests and responses thereto. *Responses were provided and these were not made part of a sanction order. Thus, the entries should not be made part of the fee application. Whitney v. Jetblue Airways Corp.*, 2009 WL 4929274, *3 (E.D.N.Y. 2009).

8/31/06, 9/4/07 and 9/6/06 – these are entries regarding a request for an extension and a letter to the Court and preparation of a "chart." *There is no reference to any issue which is covered by the Order. Additionally, entries are for 8/31/06, 9/4/07 and then back to 9/6/06 – time entries are required to be contemporaneous and based upon this discrepancy in dates, they are not.*

9/11/06, 9/12/06 – reviewing filings of Wachovia and drafting of reply. *These entries are vague and ambiguous. There is no reference to what the reply is for, or what filings counsel is speaking of. The Order is not based upon this work.*

4/7/08, 10/16/08, 10/17, 10/20, 10/21, 10/27, 11/17, 11/18, 11/19 and 11/20/08 – these entries are all for discovery and depositions in the regular course of the litigation, including preparing a 30(b)6 notice and preparing for and attending a deposition. Additionally, the entry involves a subpoena to Fillmore Real Estate. *These entries are for proceedings in the regular course of litigation and the Order is not based upon this work.*

6/14/10 and 6/15/10 – time entries for trial preparation. *This work took place in the normal course of litigation. The Order is not based upon this work.*

## CONCLUSION

As shown herein, many of the Davis Time Entries and the SBLS Time Entries should be excluded from the fee calculation as a result of their being overbroad, vague and ambiguous or outside of the time covered by the Order. Additionally, it is clear that many of the time entries are inconsistent and should be excluded from consideration as there is no corresponding time entries by other attorneys referenced therein. Moreover, there appears to be a question as to whether the time entries submitted were maintained contemporaneously.

To that end, it is respectfully requested that the Court deny an award of any attorneys' fees. To the extent that any of the time entries are considered by the Court, the relevant reasonable fee should be governed by the standard existing in the Eastern District of New York, the forum of the litigation and in which Lodge's counsel maintains its office.

Dated: New York, New York
      June 23, 2011

Respectfully submitted,

ROSENBERG & ESTIS, P.C.
Attorneys for Defendants BAYVIEW LOAN SERVICING, LLC, BAYVIEW ASSET MANAGEMENT, LLC, U.S. BANK, N.A. AS TRUSTEE FOR BAYVIEW ASSET-BACKED SECURITIES TRUST SERIES 2007-30, BAYVIEW FINANCIAL, L.P., AND BAYVIEW FINANCIAL MANAGEMENT CORP.
By: __/s/ Timothy J. Fierst__
      Timothy J. Fierst
733 3rd Avenue
New York, New York 10017
Tel.: (212) 867-6000
*tfierst@rosenbergestis.com*